Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff,*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION FILE NO. 6:25-cv-00855-MTK |
| Plaintiff, | : : | |
| v. | : : | |
| MAH GROUP, INC. D/B/A WOLFPAK | : : | |
| Defendant. | : : / | |

## PLAINTIFF'S MOTION TO COMPEL RESPONSES
## TO DISCOVERY INCLUDING THE PRODUCTION
## OF CALLING DATA NECESSARY FOR CLASS CERTIFICATION AND TRIAL

### INTRODUCTION

Plaintiff moves under Rules 26 and 37 to compel complete responses on three disputes central to Rule 23 and the merits: (1) establishing a date when the Defendant will provide interrogatory responses and complete its production (which it has not yet begun) so the parties may understand the universe of any remaining discovery disputes (2) records of any telemarketing calls made; and (3) corresponding records of any purported consent for contacting the individuals who received telemarketing calls.

1

These materials are routinely compelled in TCPA class cases because they bear on numerosity, commonality, typicality, predominance and affirmative defenses at issue and should be produced.

## BACKGROUND AND MEET AND CONFER EFFORTS

Plaintiff brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendant, directly or through third parties, initiated telemarketing calls and text messages. Plaintiff alleges he had no relationship with Defendant and did not consent to receive telemarketing calls. *See* ECF No. 1, Complaint.

Consistent with Rule 26(f), the parties conferred and commenced discovery on both merits and class issues as the Plaintiff is seeking to represent the following class of individuals:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or any third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

*See* ECF No. 1. Unfortunately, responses to those requests have not come in. This Court is familiar with the procedural history of the instant dispute, but the Plaintiff summarizes it below:

- July 3, 2025: Plaintiff served first sets of discovery.

- Aug. 1, 2025: Defense requested extension to Aug. 15; Plaintiff agreed.

- Aug. 15, 2025: Defense requested extension to Aug. 22; Plaintiff agreed (noting that the Plaintiff continued to receive text marketing calls from the Defendnat)

- Aug. 22, 2025: Defense requested extension to Aug. 29; Plaintiff agreed.

- Aug. 29, 2025: Defense said it would "do my best to get those"; Plaintiff confirmed willingness to extend if the response included the class texting and calling logs.

- Sept. 5, 2025: Defense requested extension to Sept. 10 to finalize responses and obtain client verifications and third-party documents; Plaintiff agreed again, expressly reiterating that the extension was premised on receiving the class texting and calling logs.

- Sept. 10, 2025: Defense reported another setback and asked for two more days to Friday to finish; Plaintiff again accommodated.

- Sept. 12, 2025: Defense continued to represent that responses and logs were imminent, but none have come.

- Oct. 3, 2025: Plaintiff emailed and called both Defense counsel in a final attempt to resolve this dispute. Mr. Cartee responded that he would "prefer that we discuss this further on Monday (after I hear back from my client), at which time I am hoping I will at least have some things to you. I will have time next week to make sure these issues are addressed." Plaintiff's counsel immediately responded seeking time to speak on Monday, October 6, but no response was forthcoming.

The plaintiff then submitted a discovery dispute to the Court on October 10, 2025. Defense counsel acknowledged his failure to meet discovery obligations, citing workload and personal difficulties, and proposed to provide complete responses by October 17, 2025. Plaintiff's counsel agreed to that proposal. In response, the Court issued the following directive:

> If Defendant fails to provide discovery as described in counsel's email correspondence to the Court by October 17, 2025, plaintiff's counsel is authorized to file a motion to compel, including a motion for sanctions, by November 3, 2025. Defendant shall file a response no later than November 17, 2025.

However, the Defendant did not produce the discovery responses by October 17, 2025.

On October 19, 2025, Plaintiff advised defense counsel that, to avoid burdening the Court, he remained willing to forgo immediate motion practice if production arrived promptly; none did. On October 22, 2025 Plaintiff's co-counsel asked the same. Later that day, Defense

responded: "I was completely out trying to catch up on another matter, but I will get you everything by the end of the week." As of today, October 29, 2025, no verified responses or documents have been produced.

## LEGAL STANDARD

The Ninth Circuit consistently holds that discovery should be liberally construed. Rule 26(b)(1) permits discovery of any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Information "need not be admissible in evidence to be discoverable." Courts favor discovery when there is "any possibility that the information sought may be relevant." Fed. R. Civ. P. 26(b)(1).

## ARGUMENT

### I.      The Court Should Order a Date for the Defendant to Complete its Production.

There is no dispute that the Plaintiff has sought what Defendant's must (and already has) conceded is some relevant information with these requests. As such, the Plaintiff is simply attempting to secure the documents that the Defendant will produce. Responses to interrogatories and requests for production are due within 30 days after service. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(a)(2). When a party fails to make disclosures within 30 days, or fails to cooperate in discovery, the party seeking discovery "may move for an order compelling an answer." Fed. R. Civ. P. 37(a)(3)(B); *see also Hartford Accident & Indem. Co., Prop. & Cas. Ins. of Hartford v. Greater Lakes Ambulatory Surgery Ctr., LLC*, Case No. 18-13579, 2023 U.S. Dist. LEXIS 234814, *5 (E.D. Mi. Dec. 6, 2023). Here, the Plaintiff is, in the first instance, attempting to obtain documents that Defendant's concedes are relevant and has informed the Court and the parties it would produce. Defendant cannot state it will produce documents and not

commit to a timeline when documents will be produced.  This is a clear violation of Federal Rule

of Civil Procedure 34, which requires Defendant's to either produce the documents with its

response or within "another reasonable time specified in the response." Fed. R. Civ. P.

34(b)(2)(B). It has not done so, and when confronted with this fact during the meet and confer,

counsel for the Defendant confirmed that it did not have further information on when the

production will resume or be completed.

Open-ended "rolling" production with no finish line defeats the Rule's purpose and

leaves the parties unable to assess completeness, confer intelligently, or narrow disputes. Until

Defendant finishes production (or states under oath that nothing further exists), Plaintiff cannot

(i) run analyses for numerosity, commonality, predominance, and damages; (ii) identify any

narrow gaps for targeted motion practice on remaining disputes; or (iii) finalize protections for

PII via a tailored protective order rather than litigating hypotheticals.

II.      **The Call Records Plaintiff seeks are highly relevant to contested elements of Rule 23 and Damages.**

The first request at issue relate to records that reflect that outbound calls that were made to

putative class members ("Call Records"):

16. Please produce all documents containing any of the following information for each outbound telemarketing call or text message sent by you or your vendors, including those made to the Plaintiff:

    a) the date and time;
    b) the caller ID;
    c) any recorded message used;
    d) the result;
    e) identifying information for the recipient; and
    f) any other information stored by the call detail records.

    OBJECTION. Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "each outbound telemarketing call or text message sent by you or your vendors." This request is further improperly compound.

*See* Exhibit 1. The Call Records Plaintiff seeks are highly relevant to the numerosity, commonality, typicality, and predominance elements of Rule 23 and the calculation of class-wide damages.

As an initial matter, where defendants contest elements of Rule 23 in proposed class actions under the TCPA, courts routinely require the production of information necessary to support those requirements. *See, e.g.*, *Cahill v. GC Servs. Ltd. P'ship*, No. 3:17-cv-01308-GPCMDD, 2018 WL 1791910, at *4 (S.D. Cal. Apr. 16, 2018) ("RFPs 10-13 and 18 are relevant at least to the issues of numerosity and commonality. The lists are reasonably calculated to identify the number of recipients of calls made during the class period, which is crucial to determine whether the class is so numerous to make joinder impracticable. The call lists are also relevant to the commonality requirement under Rule 23(a), for which plaintiff must show the class 'suffered the same injury ... such that the ... class claims will share common questions of law or fact" with those of the named plaintiffs.'"); *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-CV-02229-SB, 2017 WL 2346981, at *5 (E.D. Cal. May 30, 2017) (compelling the production of call data because "the Court agrees with the weight of authority on this matter that call logs and dialing lists are relevant to the commonality prong of the class certification inquiry. The requested list would also be relevant to Plaintiff's need to show numerosity.") (cleaned up).

In the same vein, "[o]utbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable." *Thomas v. Fin. Corp. of Am.*, No. 3:19-CV-152-E, 2019 WL 5157022, at *1 (N.D. Tex. Oct. 10, 2019) (compelling the production of similar data sought here); *Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) ("The Court finds that outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable.").

Not surprising, then, is that courts across the country, including in this circuit, routinely compel TCPA class action defendants to provide analogous information relevant to the sizes of proposed classes. As one court summarized when granting a motion to compel for the calling records in a TCPA case:

> This information will assist Plaintiff's experts in determining which phone numbers were tied to cellular phones, which calls were for telemarketing purposes, which numbers were on the National Do Not Call Registry ("NDNCR") and which calls were made using an automatic telephone dialing system ("ATDS"). The information is therefore relevant to the numerosity, commonality, and typicality inquiries the Court will undertake to decide Plaintiff's motion for class certification under Rule 23.

*See Mey v. Frontier Commc'ns Corp.*, No. 13-cv-01191-MPS, ECF No. 102 (D. Conn. Dec. 5, 2014). Here, like *Mey*, the Plaintiff, or his expert, will determine which calls contain criteria which qualify them for membership in the class in order to prepare this case for class certification. Because the sought-after Call Records are plainly relevant to contested elements of Rule 23, including numerosity, this Court should compel their production.

Not surprising, then, is that courts across the country, including in this circuit, routinely compel TCPA class action defendants to provide analogous information relevant to the sizes of proposed classes. As the Northern District of Indiana has also explained:

> Courts in class-action TCPA cases have consistently held that information regarding plaintiffs and putative class members who were called by a defendant or by others on a defendant's behalf, such as outbound call lists and the number of calls made to those recipients are relevant to the numerosity and commonality requirements listed in Rule 23. . . . Although the requested information here is not precisely a call list, it does seek to quantify the number of calls and is therefore analogous to the outbound call lists that have been found relevant to the numerosity and commonality requirements. Thus, the requested text message-related information is relevant to class certification in a way that is analogous to the relevance of call logs in these other TCPA class actions. Moreover, text messages are analogous to phone calls in other TCPA cases such that the text data requested through ROGs 7–16 and RFPs 7–14, 17, 19, 34–35 is relevant to the Rule 23 numerosity and commonality requirements for class certification applicable in this case.

*        *        *

As Digital has not shown the point at which the burden of producing this discovery outweighs its benefits, Digital has not met its burden and its undue burden objections are overruled.

For the foregoing reasons, Mr. Fralish is entitled to the class related data he seeks through Interrogatories 7–16 and RFPs 7–14, 17, 19, 34–35.

*Fralish v. Digital Media Sols., Inc.*, No. 3:21-cv-00045-JD-MGG, 2021 WL 5370104, at *9-10

(N.D. Ind. Nov. 17, 2021) (compelling the production of class data in a putative TCPA class action)

(internal citations and quotations omitted); *accord Fralish v. Deliver Tech., LLC*, No. 3:20-CV-

00353-DRL-MGG, 2021 WL 3285528, at *9 (N.D. Ind. Aug. 2, 2021) ("For the foregoing reasons,

Plaintiff is entitled to the class related data he seeks through RFPs 7-14 & 33, and ROGs 9-15.").

Also analogous, a Court in the Eastern District of Pennsylvania has held in a TCPA case

while compelling the same data:

> Frey has shown that the outbound call list is relevant to class certification and to the merits of his claim. *See, e.g.*, *Gossett v. CMRE Fin. Servs.*, 142 F.Supp.3d 1083, 1087 (S.D. Cal. 2015) ("This court finds that the outbound call lists are relevant to the class claims and meritorious claims and defenses in this case and overrules [the defendant's] objections to the requests."). The call records can be used to determine which calls were made to cell phone numbers, a fact that is relevant to the numerosity and typicality requirements of Rule 23(a). *See Thrasher v. CMRE Fin. Servs., Inc.*, No. 14-cv-1540, 2015 WL 1138469 at *2 (S.D. Cal. March 13, 2015) ("The court finds that the outbound call list is reasonably calculated to identify the number and recipients of calls made during the class period, which is relevant to Rule 23 requirements."). (*See* Doc. No. 36 at p. 12 (defining the putative class as all individuals to whom Frontier or its vendor made a non-emergency telephone call "to a cellular telephone number or to a number where the recipient is charged for the call").) It is also relevant to the question of liability and damages under the TCPA. *See* 47 U.S.C. § 227(b)(1)(A)(3) (prohibiting calls "using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . ."); *id.* § 227(b)(3)(B) (creating a private right of action to recover "for actual monetary loss" caused by a violation of the TCPA or "to receive $500 in damages for each such violation").

> EAG argues that Frey is not entitled to this personal identifying information pre-class certification, but, as discussed below, the Court did not bifurcate the discovery period in this matter. As such, Frey was required to seek discovery on both his individual claim and his class claim at the same time and could not wait until after

the Court ruled on his motion for class certification to request this relevant information.

*Frey v. Frontier Utils. Ne. Llc*, No. 19-2372-KSM, 2020 U.S. Dist. LEXIS 260620 *5-6 (E.D. Pa. Apr. 13, 2020). For the same reasons in *Frey*, that there is a single discovery period, the motion to compel should be granted here.

Indeed, the Defendant's objections to this request should be overruled or disregarded.

First, as covered above, the requests were untimely and only came after many extensions had passed. As such, other than privilege objections, the Defendant should be deemed to have waived any objections to the interrogatories and documents requests because of plaintiff's complete failure to respond. With respect to written interrogatories, Federal Rule of Civil Procedure 33(b)(4) provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity," and that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *See also Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."), *cert. denied*, 506 U.S. 948, 113 S. Ct. 454, 121 L. Ed. 2d 325 (1992); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection. This is true even of an objection that the information sought is privileged."). Regarding document requests, Federal Rule of Civil Procedure 34(b)(2)(C) provides that "[a]n objection to part of a request must specify the part and permit inspection of the rest." Generally, the failure to assert timely objections to document requests served pursuant to Rule 34 constitutes a waiver of those objections. *See Richmark Corp.,* 959 F.2d at 1473; *City of Rialto v. U.S. Dep't of Def.,* 492 F. Supp. 2d 1193, 1201-02 (C.D. Cal. 2007) (concluding that

a party's failure to timely object to a document request constituted a waiver of the attorney-client privilege as to the documents in question).

However, even with respect to their substance, the objections should be overruled. Across nearly all interrogatories and requests, Defendant objects that terms are "vague, ambiguous, and overly broad." Such objections are paradigmatic boilerplate and provide no meaningful information to allow Plaintiff or the Court to assess the claimed burden. Rule 34(b)(2)(B) requires a party to "state with specificity" the grounds for any objection. See *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Furthermore, the documents relevance have been clearly established above.

Instead, the Defendant's primary argument in not producing records was revealed during the meet and confer to be that it that its vendor has physical possession of many of the responsive records. While this is not the objection lodged, the Plaintiff will still address the argument. Rule 34 requires production of items in a party's "possession, custody, or control." Furthermore, because TCPA liability turns on what agents and vendors did "for" the seller, courts routinely require the seller to retrieve and produce vendor call data and related logs. *See, e.g., Charvat v. DelivercareRX, Inc.,* No. 14-cv-6832 (N.D. Ill.), Doc. 25 (ordering vendor call-record production); *Fitzhenry v. Career Educ. Corp., et al.*, No. 14-cv-10172, Doc. 101 (N.D. Ill.) ("The stay on discovery is modified for the limited purpose of requiring Defendant to obtain and retain records of all outbound calls that were made for purposes of generation of leads for education services."). Using third party call centers is typical in TCPA cases, and it is also typical for federal courts to require TCPA defendants to obtain records from the call centers they engage. *See, e.g., Johansen v. Ameriquote, Inc., et. al.,* No. 15-cv-4108-RWS, Doc. 43 (N.D. Ga.) (requiring the defendant in a TCPA action to retrieve calling records from three different dialing

vendors in the Philippines); *Barrett et al v. Intellectual Jewels of Tera Communications, LLC*, No. 20-cv-1529-SDG, Doc No. 15 (N.D. Ga.) (same, although there was only one vendor); *Frey v. Frontier Utilities Northeast LLC, et al.*, No. 2:19-cv-02372, Doc. 57, p. 1, Doc. 77 (E.D. Pa.) (same); *Morris v. Platform Advertising, Inc.*, No. 13-cv-703, Doc. 35 (E.D. Tex.) (Same); *Mey v. Interstate Nat'l Dealer Servs., Inc., et. al.*, No 14-cv-01846, Doc. 82 (N.D. Ga.) (same).

### III.     Any Corresponding Consent Data Should be Produced

Following the Plaintiff's request about calling records, the Plaintiff issued a request for any records that evidenced permission to make those calls:

> 17. Please provide all evidence of written consent to make calls in response to the foregoing, including any language that your company asserts complies with the E-Sign Act.
> **RESPONSE:** Objection. This request is vague and ambiguous as to the phrase "all evidence of written consent to make calls in response to the foregoing," as it is unclear what "foregoing" refers. Moreover, the request is indefinite as to scope and overly broad. It is further vague and may call for a legal conclusion as to the phrase "asserts complies with the E-Sign Act."

*See* Exhibit 1.

A telemarketer who claims it had consent to contact a particular consumer bears the burden of proof, and must maintain records that prove such a claim. The FCC has cautioned that a telemarketer claiming consent "must be prepared to provide clear and convincing evidence of the existence of such a relationship." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* FCC 03-153 at ¶112, -- FCC Rcd. --, 2003 WL 2157853, 2003 FCC LEXIS 3673 (July 3, 2003) (emphasis added). The FCC has also noted: In the event a complaint is filed, the burden of proof [as to whether prior express consent was obtained] rests on the sender to demonstrate that permission was given. We strongly suggest that senders take steps to promptly document that they received such permission. *Id.* at ¶46.

Under the TCPA, "express consent" is an affirmative defense to a TCPA claim alleging unsolicited phone calls. *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017). So, Defendant "bears the burden of proof on the issue of consent." *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 931 (9th Cir. 2018). As another Court held in a TCPA case when compelling similar information:

> If defendant cannot substantiate this defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense.

*Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869, at *1 (N.D. Ill. June 13, 2011). As such, the Plaintiff has a legitimate need for this information and a reasonable expectation that it be produced. Another court in Massachusetts recently compelled the substantively same request in a TCPA case (as well as the same call records being sought above):

> Plaintiff's motion to compel, Dkt. [19], is GRANTED, subject to the below.  The documents requested in RFP 16 are relevant to the assessment of damages and numerosity.  Defendant objects that the request is facially overbroad, Dkt. [22] at 8-9, but that argument ignores Plaintiff's reasonable clarification, Dkt. [19] at 11-12.  Accordingly, Defendant must produce documents sufficient to show the information identified in RFP 16, items (a)-(e), as well as well as other "data that is housed natively in the telemarketing call logs," Dkt. [19] at 11, consistent with RFP 16, item (f).
>
> The documents requested in RFP 17 are relevant to Defendant's consent defense.  Defendant objects that RFP 17 would require it to hunt for "every single webpage on which putative class members referenced their telephone numbers," Dkt. [22] at 11, but the Court does not find this to be a reasonable reading of the Request.  Defendant must produce documents on which it has relied, relies, or intends to rely in asserting a defense of consent…Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Plaintiff may submit a motion for fees within 14 days.

*See Simmons v. Author Reputation Press LLC*, Civil Action No. 1:24-cv-12330, ECF No. 23 (D. MA., June 18, 2025). This Court should compel the same.

Defendant objects that this is "vague and ambiguous" because "foregoing" is unclear, that it is "indefinite as to scope and overly broad," and that it "may call for a legal conclusion" as to what "complies with the E-Sign Act."

Each objection fails.

First, there is no real ambiguity. "Foregoing" plainly refers to the preceding call-data request (RFP 16), which seeks the outbound call/text records. Read in sequence, RFP 17 asks for the documents that purportedly authorize the calls reflected in those logs.

Second, the request is not overbroad. It is limited by subject (consent for the challenged calls and texts), by time (the four-year class period tied to the call logs), and by purpose (materials on which Defendant relies or intends to rely to prove consent). That is the opposite of "indefinite."

Third, the "legal conclusion" objection misfires. Request 17 does not ask Defendant to opine on the law; it asks for documents "your company asserts complies with the E-Sign Act." That is a purely factual production request keyed to Defendant's own position. Producing the forms, check-box disclosures, signature flows, timestamps, and audit trails that Defendant says support consent does not require a privilege-waiving legal analysis—it simply requires producing the records Defendant already intends to use.

## IV.    Sanctions are Warranted.

Rule 37 of the Federal Rules of Civil Procedure provides the court with a wide range of sanctions for a party's failure to adequately engage in discovery. "Discovery sanctions serve the objectives of discovery by correcting for the adverse effects of discovery violations and deterring future discovery violations from occurring." *Taylor v. Illinois*, 484 U.S. 400, 425, 108 S. Ct. 646,

98 L. Ed. 2d 798 (1988). Plaintiff requests sanction against Defendant for Defendant's failure to comply with the Court's Order instructing Defendant to provide the responses to discovery.

## CONCLUSION

The Plaintiff's motion to compel should be granted.

Dated:  October 29, 2025

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*