Anthony Cartee (SBN 248721)
CARTEE, LC
333 City Blvd. W. 17Fl.
Orange, CA 92868
Phone: (714) 942-2225
Email: acartee@ac-legal.com
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | CIVIL ACTION FILE NO. 6:25-cv-00855-MTK |
| Plaintiff, | |
| v. | |
| MAH GROUP, INC. D/B/A WOLFPAK | |
| Defendant. | |

## PLAINTIFF'S FIRST SET OF DISCOVERY

## INTERROGATORIES

1. Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

    **ANSWER:**

2. Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

    **ANSWER:**

3.	Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**ANSWER**:

4.	Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**ANSWER:** Objection. This interrogatory is vague, ambiguous, and calls for information not in Responding Party's knowledge and control. Responding Party has no knowledge of the employees and/or "sub-vendors" of third parties.

5.	Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**ANSWER**:

6.	If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER:**

7.	If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER:**

8.	If you contend that a third party provided you with the Plaintiff's phone number, identify that third party and state all facts in support of the same.

**ANSWER:**

9.	Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ANSWER:**

10. Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER:** Objection. This interrogatory is vague, ambiguous, and calls for information not in Responding Party's knowledge and control. Responding Party has no knowledge of the model, structure, and location of system(s), platform(s) and/or equipment used by its vendors.

11. State all facts in support of any affirmative defenses you have raised.

**ANSWER**:

12. Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER**: Objection. This interrogatory is vague, ambiguous, and is overly broad as to time and scope. It is further improperly compound in that it seeks who was reprimanded and also all who made any investigation, their findings, their reasoning, and information that may be so broad that it is not reasonably calculated to lead to relevant and admissible evidence in this particular matter.

## **DOCUMENT REQUESTS**

1. Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:**

2. Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad as to the term "in any answer … to any complaint," and is improperly compound and contradictory. Moreover, the request is overly broad in that discovery is ongoing and Responding Party has not completed its analysis into its overall defenses and affirmative defenses of this matter and thus also calls for a

legal conclusion.

3.      Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE:**

4.      Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad as to the terms ""to abide by your policies or any agreement you had" and is improperly compound.

5.      Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE:** Objection. This request is vague, ambiguous, and may improperly call for documents protected as work product, specifically as to "internal correspondence about the same."

6.      All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:**

7.      All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:** Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "any vendor" and improperly call for documents that may be protected as work product, specifically as to "internal communications."

8.      All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

9.     All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE:** Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "any third party" and improperly call for documents that may be protected as work product, specifically as to "internal communications."

10.     All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE:** Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "any third party."

11.     All communications with any third party that provided you the Plaintiff's telephone number.

**RESPONSE:**

12.     All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**RESPONSE:** Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "any third party" and improperly call for documents that may be protected as work product, specifically as to "internal communications."

13.     Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:**

14.     Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:**

15. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

   a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

   b) obtaining or verifying prior express consent;

   c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

   **RESPONSE:** Objection. This request is vague, ambiguous, and overly broad as to scope as to the phrase "all documents necessary to construct a timeline"

16. Please produce all documents containing any of the following information for each outbound telemarketing call or text message sent by you or your vendors:

   a) the date and time;

   b) the caller ID;

   c) any recorded message used;

   d) the result;

   e) identifying information for the recipient; and

   f) any other information stored by the call detail records.

   **RESPONSE:** Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "each outbound telemarketing call or text message sent by you or your vendors." This request is further improperly compound.

17. Please provide all evidence of written consent to make calls in response to the foregoing, including any language that your company asserts complies with the E-Sign Act.

**RESPONSE:** Objection. This request is vague and ambiguous as to the phrase "all evidence of written consent to make calls in response to the foregoing," as it is unclear what "foregoing" refers. Moreover, the request is indefinite as to scope and overly broad. It is further vague and may call for a legal conclusion as to the phrase "asserts complies with the E-Sign Act."

18. All communications with any third party concerning this litigation other than your attorney.

**RESPONSE:**


Dated: September 19, 2025

Respectfully submitted,

*/s/ Anthony Cartee*
CARTEE, LC
Anthony Cartee (SBN 248721)
333 City Blvd. W. 17Fl.
Orange, CA 92868
Phone: (714) 942-2225
Email: acartee@ac-legal.com

*Attorneys for Defendant*