UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CHET MICHAEL WILSON, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>    v.<br><br>MAH GROUP, INC., *doing business as WolfPak*,<br><br>    Defendant. | Case No. 6:25-cv-00855-MTK<br><br>**OPINION AND ORDER** |

**KASUBHAI,** United States District Judge:

Plaintiff Chet Michael Wilson moves to compel production of responses and documents after Defendant MAH Group, Inc., failed to timely produce discovery. For the reasons discussed below, Plaintiff's Motion to Compel, ECF No. 15, is GRANTED.

## BACKGROUND

Plaintiff Chet Wilson brings claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendant unlawfully initiated telemarketing calls and text messages to Plaintiff. Compl., ECF No. 1. Plaintiff seeks to represent a class of similarly situated individuals. *Id.* at 4. Defendant denies Plaintiff's allegations, including the class allegations, and asserts that Plaintiff consented to receive the text messages in question. Answer 4-7, 9, ECF No. 8.

Plaintiff served his first sets of discovery on July 3, 2025. Pl.'s Mot. Compel ("Mot.") 2, ECF No. 15. In the months that followed, Defendant requested, and Plaintiff accommodated, at least seven extensions of the due date for Defendant's production. *Id.* at 2-3. On September 19, 2025, Defendant responded to Plaintiff's interrogatories and requests for production, objecting to some, leaving others unanswered, and ultimately providing no substantive responses. Mot. Ex. 1, ECF No. 15-1.

On October 10, 2025, Plaintiff notified the Court of Defendant's ongoing failure to provide discovery. Mot. 3. In e-mail communications to the Court, Defendant's counsel Anthony Cartee acknowledged his failure to provide timely responses and cited personal and professional reasons for the delay. *Id.* Mr. Cartee noted that "Defendant uses a third party for all its marketing," so Mr. Cartee could not "speak to the ability or inability of [his] client to get such records." Mr. Cartee also stated that he, not his client, was "the cause of" the overdue responses, and he committed to "get the responses . . . to Plaintiff by 10/17[.]"

Defendant did not respond by October 17, and Plaintiff conceded to another extension until "the end of the week." *Id.* at 4. On October 29, 2025, Defendant still had not produced the overdue materials, and Plaintiff filed this motion. *Id.*

## STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The parties may use interrogatories and requests for documents to obtain such discovery. Fed. R. Civ. P. 33, 34. When a party fails to make a disclosure, answer an interrogatory, or produce documents, the other party "may move for an order compelling an answer, designation, production, or inspection," and "for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A)-(B).

It is well established that "a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *U.S. v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008).

## DISCUSSION

I.  **Plaintiff's Motion to Compel**

   A.  **Deadline for Defendant to Complete Discovery**

Plaintiff first asks the Court to order a deadline for Defendant to complete its discovery. Initial disclosures were due on July 30, 2025, where Defendant was required to produce the name and contact information "of each individual likely to have discoverable information," and "all documents . . . in its possession, custody, or control [that it] may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii); Joint Rule 26(f) Report 1, ECF No. 12. Additionally, under the federal rules' 30-day deadline for responses to interrogatories and requests for production, Defendant's responses to Plaintiff's July 3, 2025 requests were due on or around August 3, 2025. Fed. R. Civ. P. 33(b)(2), 34(a)(2).

Instead, on September 19, 2025, Defendant partially responded to Plaintiff's discovery requests. Mot. Ex. 1. Plaintiff sought the names of vendors used to place telemarketing calls, evidence of any purported consent to receive such calls, and documents containing information about telemarketing calls to putative class members. *Id.* Of Plaintiff's 12 interrogatories, Defendant objected to 3 and did not answer 9, and of Plaintiff's 18 document requests, Defendant objected to 10 and did not answer 8. *Id.* In sum, Defendant provided no substantive answers to Plaintiff's requests.

Defendant is hereby ORDERED to fulfill its discovery obligations under Rules 26, 33, and 34 and provide complete responses to Plaintiff's requests within 30 days of this Opinion and Order.

### B.   Plaintiff's Document Request No. 16

More specifically, Plaintiff also moves the Court for an order compelling Defendant's response to Plaintiff's Document Request No. 16. That request and Defendant's objection are as follows:

> 16. Please produce all documents containing any of the following information for each outbound telemarketing call or text message sent by you or your vendors, including those made to the Plaintiff: a) the date and time; b) the caller ID; c) any recorded message used; d) the result; e) identifying information for the recipient; and f) any other information stored by the call detail records.
>
> RESPONSE: Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "each outbound telemarketing call or text message sent by you or your vendors." This request is further improperly compound.

Plaintiff's request for outbound telemarketing calls by Defendant is relevant to Plaintiff's class allegations and issues of class certification. Defendant's objection is OVERRULED and Defendant is ORDERED to produce the information sought in Document Request No. 16.

### C.   Plaintiff's Document Request No. 17

Plaintiff also asks the Court to overrule Defendant's objections and order a response to Document Request No. 17:

> 17. Please provide all evidence of written consent to make calls in response to the foregoing, including any language that your company asserts complies with the E-Sign Act.
>
> RESPONSE: Objection. This request is vague and ambiguous as to the phrase "all evidence of written consent to make calls in response to the foregoing," as it is unclear what "foregoing" refers. Moreover, the request is indefinite as to scope and overly broad. It is further vague and may call for a legal conclusion as to the phrase "asserts complies with the E-Sign Act."

Defendant's objection is OVERRULED. If it were not already clear, Plaintiff clarified that "the foregoing" refers to the telemarketing calls described in Document Request No. 16, such that this request seeks evidence of written consent as to the telemarketing calls made by Defendant, which is relevant to the claims and defenses in this case. Plaintiff does not seek legal conclusions, but rather, evidence as to Defendant's asserted compliance. Accordingly, Defendant is ORDERED to produce the information sought in Document Request No. 17.

### II.     Plaintiff's Motion for Sanctions

Because the Court grants Plaintiff's motion, "the [C]ourt must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Plaintiff also moves for sanctions. Mot. 13. Accordingly, Plaintiff shall file his motion for attorney's fees and expenses, and may argue for the imposition of any other sanctions he believes to be appropriate in this case.

### CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Compel, ECF No. 15, is GRANTED. Defendant is ORDERED to fulfill its discovery obligations under Rules 26, 33, and 34 and provide complete responses to Plaintiff's requests within 30 days of this Opinion and Order. Failure to do so may result in sanctions, including a default judgment. Plaintiff shall file a motion for attorney's fees within 14 days of this Opinion and Order.

DATED this 17th day of December 2025.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (he/him)  
United States District Judge