Kevin J. Jacoby, OSB No. 063783
Email: kevin@saltlawgroup.com
Neal S. Shechter, OSB No. 185119
Email: neal@saltlawgroup.com
SALT
100 SW Main St, Ste 1025
Portland, OR  97204
Phone: 503.417.7777

*Of Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CHET MICHAEL WILSON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MAH GROUP, INC. D/B/A WOLFPAK**,<br><br>Defendant, | Case No. 6:25-cv-00855-MTK<br><br>**STIPULATED PROTECTIVE ORDER** |

It appears that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is stipulated and agreed by the parties, and ordered by the Court, as follows:

1.  Any party to this litigation, shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, financial, sales or other confidential business information, or (b) that contains private, personal sensitive information, or (c) that contains information received in

PAGE 1 – **STIPULATED PROTECTIVE ORDER**



confidence from third parties or personally-identifying information of third parties. Any party to this litigation who produces or discloses any Confidential material, including, without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend:

"CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

    2.    All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to their client or witness solely relating to the above-captioned action based on their evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except as set forth in Paragraph 3(g), or by Order of the Court.

    3.    Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

        a.    Outside counsel (herein defined as any attorney at the parties' retained law firms) and relevant in-house counsel for the parties;

        b.    Outside experts or consultants retained by outside counsel for purposes of this action;

        c.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

        d.    The Court and court personnel;

PAGE 2 – **STIPULATED PROTECTIVE ORDER**



100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

   e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the designating party consents to such disclosure;

   f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

   g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean employees or executives who are needed to participate in decisions or assist in prosecution or defense with reference to this lawsuit.

  4. Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein shall not be disclosed in any manner to any other individual until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality or (b) the Court orders such disclosure.

  5. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript or the transcript in its entirety is to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the

PAGE 3 – **STIPULATED PROTECTIVE ORDER**



100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

individuals described in Paragraph 3(a), (b), (c), (d) (f), and (g) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d) (f), and (g) above during said thirty (30) days. Upon being informed that a transcript or certain portions of a deposition transcript are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

6. All requests to seal documents filed with the Court shall comply with the applicable rules of this Court.

7. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party that disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

8. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information



concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order

9.   When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Rule 4.4(b) of the Oregon Rules of Professional Conduct and applicable law. Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

10.   No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Protective Order.

11.   This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

12.   Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and

to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent a party requests the return of confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

IT IS SO STIPULATED:

**SALT**

By: */s/ Kevin J. Jacoby*
    Kevin J. Jacoby, OSB No. 063783
    Email: kevin@saltlawgroup.com
    Neal S. Shechter, OSB No. 185119
    Email: neal@saltlawgroup.com
    *Of Attorneys for Defendant*

**PERRONG LAW LLC**

By: */s/ Andrew R. Perrong*
    Andrew R. Perrong
    Email: a@perronglaw.com
    2657 Mt. Carmel Ave.
    Glenside, PA 19038
    *Of Attorneys for Plaintiff*

**PARONICH LAW, P.C.**

By: */s/ Anthony I. Paronich*
    Anthony I. Paronich
    Email: anthony@paronichlaw.com
    350 Lincoln Street, Suite 2400
    Hingham, MA 02043
    *Of Attorneys for Plaintiff*



Submitted By:

Kevin J. Jacoby, OSB No. 063783
Email: kevin@saltlawgroup.com
*Of Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I served the attached **STIPULATED PROTECTIVE ORDER** on the following:

| | |
|---|---|
| Anthony I. Paronich | Andrew R Perrong |
| Email: anthony@paronichlaw.com | Email: a@perronglaw.com |
| Paronich Law, P.C. | Perrong Law LLC |
| 350 Lincoln Street, Suite 2400 | 2657 Mt. Carmel Ave. |
| Hingham, MA 02043 | Glenside, PA 19038 |

by the following indicated method(s):

☒ by **e-service** through filing the document with the Court's CM/ECF system.

☒ by **emailing** full, true, and correct copies thereof to said attorney to the email address noted above, which is the last known email address for said attorney, on the date set forth below.

☐ by causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the attorney(s) last-known office address(es) listed above on the date set forth below.

DATED: February 3, 2026         **SALT**

By: */s/ Kevin J. Jacoby*
Kevin J. Jacoby, OSB No. 063783
Email: kevin@saltlawgroup.com
Neal S. Shechter, OSB No. 185119
Email: neal@saltlawgroup.com
*Of Attorneys for Defendant*