Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff,*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | CIVIL ACTION FILE NO. 6:25-cv-00855-MTK |
| Plaintiff, | |
| v. | |
| MAH GROUP, INC. D/B/A WOLFPAK | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS**

1

Plaintiff Chet Michael Wilson moves this Court for an award of attorney's fees and the imposition of coercive sanctions arising from Defendant MAH Group, Inc.'s failure to comply with the Court's December 17, 2025 Opinion and Order granting Plaintiff's Motion to Compel (ECF No. 17). Although the Court ordered Defendant to produce complete class-wide telemarketing discovery within thirty days—and later extended that deadline to January 30, 2026—Defendant has not fully complied. Instead, Defendant allowed the extended deadline to expire, produced only partial discovery, and has continued to fail to produce vendor text-message data expressly covered by the Court's Order.

Rule 37 requires the award of reasonable expenses to a party who prevails on a motion to compel absent limited exceptions not present here. It also authorizes further sanctions when a party fails to obey a discovery order. Plaintiff therefore seeks (1) recovery of the fees incurred in preparing the successful Motion to Compel, (2) recovery of the fees incurred in bringing this motion, and (3) the imposition of ongoing coercive sanctions until Defendant fully complies with the Court's Order.

As set forth below, Defendant's continued noncompliance warrants both fee shifting and additional remedial relief.

## BACKGROUND

On December 17, 2025, the Court granted Plaintiff's Motion to Compel and ordered Defendant MAH Group, Inc. to fulfill its discovery obligations under Rules 26, 33, and 34 and to provide complete discovery responses within thirty days of the Court's Opinion and Order, including all records of any telemarketing text messages sent out during the putative class period as well as any sent by vendors. ECF No. 17. The Court further explained that because Plaintiff prevailed on the Motion to Compel, the Court is required to order the party whose conduct

necessitated the motion, or the attorney advising that conduct, or both, to pay Plaintiff's reasonable expenses incurred in making the motion, including attorney's fees, absent the limited exceptions set forth in Rule 37. ECF No. 17. The Court expressly authorized Plaintiff to seek such relief and stated that Plaintiff shall file his motion for attorney's fees within fourteen days of the Opinion and Order. The Court also noted that Plaintiff may argue for the imposition of any other sanctions that Plaintiff believes are appropriate. ECF No. 17.

Defendant retained new counsel and sought an extension to comply with its discovery obligations to January 30, 2026. Defendant has not done so.

## ARGUMENT

**I.  A Show Cause Order and Coercive Sanctions are Appropriate against the Defendant who has Still not Complied with the Court's Order and Has Not Given any Indication when they will.**

On December 17, 2025, the Court ordered Defendant to fulfill its discovery obligations and to provide complete responses within thirty days, specifically overruling Defendant's objections to Plaintiff's requests for telemarketing call and text data. The Court later extended Defendant's deadline to January 30, 2026.

That extended deadline expired without full compliance.

Defendant's January 30, 2026 amended responses did not provide the class-wide telemarketing data ordered by the Court. *See* Exhibit 1. Instead, Defendant reasserted objections that had already been overruled and limited production to documents pertaining only to Plaintiff's telephone number. Defendant further conditioned broader production on the entry of a protective order, despite not having sought such relief prior to the compliance deadline.

Rule 37(b)(2)(A) authorizes sanctions when a party "fails to obey an order to provide or permit discovery." Compliance must be complete and timely. A party may not unilaterally

3

narrow the scope of court-ordered discovery or reassert objections that have been expressly rejected. Although Defendant has now produced certain class-wide data associated with Klaviyo following entry of a protective order, Defendant has not produced class-wide telemarketing data for Yotpo, despite previously identifying Yotpo as a vendor that made outbound text messages. In its amended interrogatory responses, Defendant expressly admitted that it "contracted with third party vendors Yotpo and Klaviyo to make the outbound text messages." Having identified Yotpo as a vendor responsible for sending telemarketing texts, Defendant is obligated to produce the corresponding outbound text records. The Court's Order did not limit production to a single vendor. Nor did it permit Defendant to produce class data selectively. The Order required production of all outbound telemarketing calls or text messages sent by Defendant or its vendors. Defendant's failure to produce class-wide Yotpo data therefore constitutes partial noncompliance with the Court's Order.

In short, MAH Group has not complied with the Court's Order and "doubled down" on its violative conduct. As such, any further work required by Plaintiff's counsel to ensure compliance with this Court's Order is properly subject to further potential fee awards. *See e.g. Ropak Corp. v. Plastican, Inc.,* 2006 U.S. Dist. LEXIS 63224, *12 (N.D. Ill.) ("Initially, after finding that the defendant engaged in discovery abuse by delaying production and by taking various untenable positions the court sanctioned the defendants on the record…Later, after finding that the defendant stonewalled discovery…[the Court] awarding attorneys fees").

The telemarketing text records at issue are central to Plaintiff's claims and to anticipated class certification proceedings. Plaintiff's class definition and as assessment of damages depend on identifying the scope and volume of Defendant's telemarketing campaign. By producing

class-wide data for Klaviyo but not Yotpo, Defendant has provided only a partial picture of its outbound messaging activity. That partial production prevents Plaintiff from:

- Determining the total size of the putative class;
- Assessing the relative volume of messages sent through each vendor;
- Evaluating commonality and typicality issues; and
- Preparing expert analysis concerning the scope of Defendant's telemarketing campaign.

The delay and incomplete production have materially affected Plaintiff's ability to prosecute this case efficiently.

Defendant's continued noncompliance is particularly troubling because it never sought additional relief from this Court once it became clear that it would not meet the extended January 30, 2026 deadline. The Court granted Defendant an extension. When that extended deadline expired without full compliance, Defendant did not move for a further extension, did not seek clarification of the Court's Order, and did not request additional time to obtain the Yotpo data. Instead, it simply allowed the deadline to pass.

The parties' February 12, 2026 email correspondence confirms that Defendant was fully aware that it had not complied. Defense counsel admitted that "the full universe of records requested has not yet been produced" and represented only that the client was "working with Yotpo to get those records as soon as possible." *See* Exhibit 2. At no point in that correspondence did Defendant indicate that it had sought or intended to seek an extension of time from the Court, despite Plaintiff's counsel pointing out that failure. Nor has any such motion been filed.

A party may not unilaterally extend a Court-Ordered deadline. If Defendant required additional time to obtain vendor data, the proper course was to seek relief from the Court before—or at minimum immediately after—the deadline expired. Having failed to do so, Defendant remains in violation of the Court's Order. Under these circumstances, coercive daily

5

sanctions are warranted to ensure compliance with the Court's Order and to prevent further disregard of Court-imposed deadlines.

A court may impose such a measure "[i]f the sanction is intended to coerce the contemnor to comply with the court's orders in the future, and the sanction is conditioned upon continued noncompliance." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992). Once the party has complied in full, the party can move to vacate the sanction. *Id.* Although the Court warned MAH Group that sanctions would be imposed if it failed to comply with its previous orders, the threat of sanctions did not deter them. To incent MAH Group to produce all material not yet produced as soon as possible, the plaintiff requests that the Court find a daily sanction appropriate and impose a $300 a day sanction running from February 1, 2026, when the Defendant's extension to comply exipred. *See Cuviello v. Feld Entm't Inc.*, 2015 WL 877688, at *3 (N.D. Cal. Feb. 27, 2015) (imposing a daily sanction of $500 for failure to comply with discovery orders).

    II.    **Plaintiff's Counsel Should be Awarded $8,125.00 in Connection with the Court's Order**

Plaintiff's counsel spent just over 10 hours (10.83) preparing the motion to compel and associated documents. *See* <u>Exhibit 3</u>, Declaration of Anthony Paronich at ¶ 8. At an hourly rate of $750, the total amount being sought is $8,125. *Id.* at ¶ 9. That time does *not* include the time spent preparing for and communicating with counsel for the Defendant for the multiple discovery conferences the parties engaged in prior to the motion. *Id.* at ¶ 10. The hourly rate of $750 for TCPA class action work was approved by another federal court last month in *Williams v. PillPack LLC*, Civil Action No. 19-cv-5282, ECF No. 350 (W.D. Wa.). Notably, the $750 hourly rate included work that was as old as 2019 in that matter. Plaintiff's counsel seeks the

same award here for work done more than 6 years later. Indeed, as Plaintiff's counsel's declaration makes clear, he has been appointed as class counsel in more than 50 TCPA cases and has been doing TCPA class actions as his nearly exclusive practice since 2010. *See* Declaration of Anthony Paronich at ¶¶ 1-7. Furthermore, one of Plaintiff's counsel's peers on the defense bar in TCPA cases has labeled him as the third best TCPA plaintiff's lawyer in the country for three years in a row. *See* https://tcpaworld.com/2025/03/18/2025-power-rankings-are-here-who-are-the-top-10-tcpa-plaintiffs-lawyers-out-there-find-out-now/ (Last Visited February 13, 2026). Plaintiff's counsel does not submit this for puffery, but instead to point out that the same peer on the TCPA defense bar has advertised an hourly rate of $1,400[1] and has said on some matters his hourly rate is as high as $4,000 an hour in 2025.[2] As such, the hourly rate requested by Plaintiff's counsel here is more than reasonable. Affidavits from the moving party's attorney and other attorneys regarding prevailing rates in the community, and rate determinations from other cases, are satisfactory evidence of a reasonable hourly rate. *See Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 947 (9th Cir. 2007); *United Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990). Finally, when addressing a reasonable fee award, the context of the attorney's experience in a specific field in important. As Plaintiff's counsel's declaration explains, he has been engaged in TCPA practice almost exclusively for 15 years. *See* Exhibit 3. This framework is important when considering he seeks an application of 10.83 hours when viewed against comparable sanctions litigation in the TCPA pace. In *Elliot v. Humana*, 3:22-cv-00329 (W.D.

---

[1] *See* https://tcpaworld.com/2024/09/17/fair-warning-troutman-amin-llp-rates-are-set-to-spike-next-year-so-get-in-now/. (Last Visited February 13, 2026).

[2] *See* https://tcpaworld.com/2025/03/03/march-match-madness-this-month-only-troutman-amin-llp-will-match-the-rates-for-most-any-biglaw-firm-when-you-transfer-a-tcpa-class-action-defense. (Last Visited February 13, 2026).

Ky. January 26, 2026) the court evaluated a sanctions fee petition involving over 140 hours of attorney time devoted to motion practice and hearing preparation, ultimately awarding more than $46,000 in fees. See <u>Exhibit 4</u> at 6–10. There, the court carefully scrutinized billing entries but nonetheless concluded that the overall hours expended were reasonable given the nature of the motion. By contrast, Plaintiff's counsel seeks compensation for just 10.83 hours—less than a single full workday—to prepare a comprehensive motion to compel addressing Defendant's wholesale failure to comply with discovery obligations. When viewed through that proportional lens, the present request is plainly modest.

**III.     Plaintiff's Counsel Should be Awarded $5,850.00 for Preparing this Motion.**

Rule 37 is a "fee-shifting rule," under a court may award the injured party "attorney's fees incurred attributable to investigating, researching and fighting" a meritless motion as well as fees incurred "to research, prepare and prosecute" its sanctions motion. *Dye v. Sachs (In re Flashcom, Inc.),* 2012 Bankr. LEXIS 4828, *30 (C.D. Cal. Bnkr.)

This is especially true, because the Plaintiff attempted to avoid further judicial intervention on this issue when he offered to accept payment from the Defendant for the $8,125.00 amount prior to filing the motion. *See* <u>Exhibit 2</u>.

Defendant and their counsel ignored that request and Plaintiff's counsel was forced to draft this motion as a result and the "time spent prior to the filing of a discovery motion are properly included in a fee award under Rule 37," *see Senior Lifestyle Corp. v. Key Benefit Administrators, Inc.*, 2020 U.S. Dist. LEXIS 117825, 2020 WL 3642511, at *6 (S.D. Ind. July 6, 2020) (*citing Rackemann v. LISNR, Inc.*, 2018 U.S. Dist. LEXIS 112467, 2018 WL 3328140, at *6 (S.D. Ind. July 6, 2018). Plaintiff's counsel spent 7.8 hours drafting this motion and preparing

8

the accompanying declaration. *See* <u>Exhibit 3</u> at ¶ 11. Of course, this amount will continue to increase if a reply in support of this motion is required.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order:

1. Awarding Plaintiff $8,125.00 in attorney's fees incurred in preparing and litigating the Motion to Compel;

2. Awarding Plaintiff $5,850.00 in attorney's fees incurred in preparing the present Motion for Attorney's Fees and Other Sanctions;

3. Finding that Defendant has failed to comply fully with the Court's December 17, 2025 Opinion and Order, as extended to January 30, 2026;

4. Issuing an Order to Show Cause why additional sanctions should not be imposed for Defendant's continued noncompliance;

5. Imposing coercive monetary sanctions in the amount of $300 per day, beginning February 1, 2026, and continuing until Defendant fully complies with the Court's discovery Order, including the production of all class-wide telemarketing data for Yotpo and any other vendors identified; and

6. Granting such other and further relief as the Court deems just and appropriate to ensure compliance with its Orders and the efficient administration of this case.

Defendant has been given both a clear directive and additional time to comply. It has done neither fully nor timely. Coercive sanctions and fee shifting under Rule 37 are therefore not only appropriate, but necessary to secure compliance and prevent further prejudice to Plaintiff and the proposed class.

Dated:  February 13, 2026	*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*