Kevin J. Jacoby, OSB No. 063783
Email: kevin@saltlawgroup.com
Neal S. Shechter, OSB No. 185119
Email: neal@saltlawgroup.com
SALT
100 SW Main St, Ste 1025
Portland, OR 97204
Phone: 503.417.7777

*Of Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **CHET MICHAEL WILSON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MAH GROUP, INC. D/B/A WOLFPAK**,<br><br>Defendant, | Case No. 6:25-cv-00855-MTK<br><br>**DEFENDANT'S AMENDED AND SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Pursuant to FRCP 26, 33, and 34, Mah Group, Inc. d/b/a Wolfpak ("Defendant" responds to Plaintiff's First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1.      Defendant objects to each discovery request to the extent Plaintiff's instructions or definitions actually or purport to create any obligation that is inconsistent with or beyond the scope of discovery permitted by the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of Oregon.

PAGE 1 – DEFENDANT'S AMENDED AND SUPPLEMENTAL
ANSWERS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES



100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777  F: 503.214.8816

2.      Defendant objects to each discovery request to the extent they call for disclosure or production of information or documents that are protected by the attorney-client privilege and/or work-product doctrine.  In all instances, Defendant intends to preserve the claim of attorney-client privilege, work-product immunity, or any other applicable privilege or immunity to the fullest extent possible.  Nothing contained in these responses is intended as, or in any way shall be deemed, a waiver of any such available privilege or immunity.  Defendant does not intend to produce any information in response to a request that is subject to a claim of attorney-client privilege, work-product immunity, or any other applicable privilege or immunity, and any such production is inadvertent and shall not be construed as a waiver of any applicable privilege.

3.      Defendant objects to each discovery request that requires production of confidential and/or proprietary information, including the production of confidential and personal information of third parties.  With respect to such information and materials, and to the extent not otherwise objectionable, Defendant will supply such information or materials subject to a suitable protective order.

4.      Defendant reserves all rights to object to the admissibility, relevancy, or other use of information or documents provided pursuant to these requests.

5.      Defendant incorporates by reference the foregoing General Objections into each and every specific response contained herein.  None of these objections are waived by reason of any specific response given below.  The assertion of the same, similar, or additional objections, or the provision of any responses to any of these discovery requests, shall not waive any of Defendant's general objections set forth below.  Likewise, special objections set forth in the Defendant's discovery responses are intended to supplement and amplify the General Objections and neither limit nor waive the applicability of any of the General Objections. To the extent

PAGE 2 – DEFENDANT'S AMENDED AND SUPPLEMENTAL
ANSWERS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777  F: 503.214.8816

Defendant responds to Plaintiff's discovery requests to which Defendant objects, such objections are not waived by Defendant providing such information. Furthermore, the failure to list a specific General Objection within a response should not be construed as a waiver of that objection.

6.      Further, Defendant objects to any interrogatories that are "broad" or "general" interrogatories.

7.      The search for information by Defendant is ongoing. Accordingly, Defendant's answers and responses to these discovery requests are based upon information and documentation known to Defendant at this time.  Defendant reserves the right to rely on any facts, documents, or other evidence that may be developed or subsequently come to the attention of Defendant and to assert objections or supplement these responses and answers should additional grounds for objections or information be discovered.

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**Interrogatory No. 1:** Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**Original Answer:** None.

**Amended Answer:** The interrogatories were answered with information provided by Michael Henderson, CEO.

**Interrogatory No. 2:** Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777  F: 503.214.8816

system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**Original Answer:** None.

**Amended Answer:** In addition to the above objections, Defendant specifically objects to this request to the extent it seeks information outside of Defendant's possession, custody or control and in the control of third parties. Defendant further objects as to the form of the interrogatory as impermissibly compound. Defendant contracted with third party vendors Yotpo and Klviyo to make the outbound text messages received by telephone number 541-999-9999.

**Interrogatory No. 3:** Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**Original Answer:** None.

**Amended Answer:** Defendant objects to this interrogatory to the extent that it seeks information outside of its knowledge. Defendant contracted with third party vendors Yotpo and Klaviyo to make the outbound text messages received by telephone number 541-999-9999.

**Interrogatory No. 4:** Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**Original Answer:** Objection. This interrogatory is vague, ambiguous, and calls for information not in Responding Party's knowledge and control. Responding Party has no knowledge of the employees and/or "sub-vendors" of third parties.

**Amended Answer:** Objection. This interrogatory is vague, ambiguous, and calls for information not in Responding Party's knowledge and control. Responding Party has no knowledge of the

PAGE 4 – DEFENDANT'S AMENDED AND SUPPLEMENTAL
ANSWERS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777  F: 503.214.8816

employees and/or "sub-vendors" of third parties. Defendant contracted with third party vendors Yotpo and Klaviyo to make the outbound text messages received by telephone number 541-999-9999.

**Interrogatory No. 5:** Identify each of the individuals who spoke with Plaintiff from your company or any of its vendors.

**Original Answer:** None.

**Amended Answer:** Defendant objects to this interrogatory to the extent that it seeks information outside of its knowledge and control. Defendant contracted with third party vendors Yotpo and Klaviyo to make the outbound text messages received by telephone number 541-999-9999.

**Interrogatory No. 6:** If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**Original Answer:** None.

**Amended Answer:** Defendant objects to the extent that this request seeks information outside of its custody or control. Notwithstanding that objection, Defendant is providing the attached correspondence MAH000001-MAH000002. On January 1, 2025, Plaintiff inputted 541-999-9999 on a subscription form and did not opt out when given repeated opportunities to do so. The IP address of the individual who signed up is 73.240.49.37.

**Interrogatory No. 7:** If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

PAGE 5 – DEFENDANT'S AMENDED AND SUPPLEMENTAL
ANSWERS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

**Original Answer:** None.

**Amended Answer:** Defendant contracted with third party vendors Yotpo and Klaviyo to make the outbound text messages received by telephone number 541-999-9999. A copy of the contracts is produced as MAH000003-MAH000008; MAH000227-MAH000228.

**Interrogatory No. 8:** If you contend that a third party provided you with the Plaintiff's phone number, identify that third party and state all facts in support of the same.

**Original Answer:** None.

**Amended Answer:** Plaintiff was contacted by third party vendor, Yotpo after his number was provided via a subscription form that was filled out on January 1, 2025. See attached MAH000001-MAH000002. A copy of the contract is attached as MAH000003-MAH000008.

**Interrogatory No. 9:** Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**Original Answer:** None.

**Amended Answer:** In addition to the above general objections, Defendant specifically objects as this request is limitless and seeks information outside the scope of the issues being litigated. Defendant has informed Yotpo of the lawsuit.

**Interrogatory No. 10:** Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**Original Answer:** Objection. This interrogatory is vague, ambiguous, and calls for information not in Responding Party's knowledge and control. Responding Party has no knowledge of the

model, structure, and location of system(s), platform(s) and/or equipment used by its vendors.

**Amended Answer:** Objection. This interrogatory is vague, ambiguous, and calls for information not in Responding Party's knowledge and control. Responding Party has no knowledge of the model, structure, and location of system(s), platform(s) and/or equipment used by its vendors. Defendant contracted with third party vendors Yotpo and Klaviyo to make the outbound text messages received by telephone number 541-999-9999.

**Interrogatory No. 11:** State all facts in support of any affirmative defenses you have raised.

**Original Answer:** None.

**Amended Answer:** Attached as MAH000001-MAH000002 is the information regarding Plaintiff's subscription to Defendant's messages. The IP address of the individual who subscribed is 73.240.49.37. Defendant reserves the right to supplement as new facts come to light.

**Interrogatory No. 12:** Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**Original Answer:** Objection. This interrogatory is vague, ambiguous, and is overly broad as to time and scope. It is further improperly compound in that it seeks who was reprimanded and also all who made any investigation, their findings, their reasoning, and information that may be so broad that it is not reasonably calculated to lead to relevant and admissible evidence in this

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

particular matter.

**Amended Answer:** Objection. This interrogatory is vague, ambiguous, and is overly broad as to time and scope. It is further improperly compound in that it seeks those who were reprimanded and also all who made any investigation, their findings, their reasoning, and information that may be so broad that it is not reasonably calculated to lead to relevant and admissible evidence in this particular matter. Defendant contracted with third party vendors Yotpo and Klaviyo to make the outbound text messages received by telephone number 541-999-9999.

DATED:  January 30, 2026          **SALT**

By: */s/ Kevin J. Jacoby*
          Kevin J. Jacoby, OSB No. 063783
          Email: kevin@saltlawgroup.com
          Neal S. Shechter, OSB No. 185119
          Email: neal@saltlawgroup.com
          *Of Attorneys for Defendant*

PAGE 8 – DEFENDANT'S AMENDED AND SUPPLEMENTAL
ANSWERS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777  F: 503.214.8816

## CERTIFICATE OF SERVICE

I hereby certify that I served the attached **DEFENDANT'S AMENDED AND**

**SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

on the following:

Anthony I. Paronich                          Andrew R Perrong
Email: anthony@paronichlaw.com               Email: a@perronglaw.com
Paronich Law, P.C.                           Perrong Law LLC
350 Lincoln Street, Suite 2400               2657 Mt. Carmel Ave.
Hingham, MA 02043                            Glenside, PA 19038

by the following indicated method(s):

☐       by **e-service** through filing the document with the Court's CM/ECF system.

☒       by **emailing** full, true, and correct copies thereof to said attorney to the email address
        noted above, which is the last known email address for said attorney, on the date set forth
        below.

☐       by causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the
        attorney(s) last-known office address(es) listed above on the date set forth below.

        DATED: January 30, 2026              **SALT**


                                            By: */s/ Kevin J. Jacoby*_____
                                                Kevin J. Jacoby, OSB No. 063783
                                                Email: kevin@saltlawgroup.com
                                                Neal S. Shechter, OSB No. 185119
                                                Email: neal@saltlawgroup.com
                                                *Of Attorneys for Defendant*

PAGE 1 – CERTIFICATE OF SERVICE

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777  F: 503.214.8816

Kevin J. Jacoby, OSB No. 063783
Email: kevin@saltlawgroup.com
Neal S. Shechter, OSB No. 185119
Email: neal@saltlawgroup.com
SALT
100 SW Main St, Ste 1025
Portland, OR  97204
Phone: 503.417.7777

*Of Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CHET MICHAEL WILSON**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>**MAH GROUP, INC. D/B/A WOLFPAK**,<br><br>    Defendant, | Case No. 6:25-cv-00855-MTK<br><br>**DEFENDANT'S AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS** |

Pursuant to FRCP 26, 33, and 34, Mah Group, Inc. d/b/a Wolfpak ("Defendant" responds to Plaintiff's First Set of Document Requests as follows:

**GENERAL OBJECTIONS**

1.    Defendant objects to the definitions and instructions in each of the discovery requests on the following grounds. Each of these general objections is incorporated into each of Defendant's specific responses as if set forth in full.

2.    Defendant objects to Plaintiff's request for production to the extent it seeks to



100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777  F: 503.214.8816

impose obligations on Defendant in addition to those contained in the Federal Rules of Civil

Procedure and the Local Rules for the District of Oregon.

3.　　　Defendant will produce material subject to discovery under FRCP 26 and 34, and

not as defined within Plaintiff's Request for Production. Defendant objects to Plaintiff's

definitions or instructions to the extent that they are inconsistent with FRCP 26 and 34 and the

Local Rules for the District of Oregon.

4.　　　Except as specifically objected to, any requested item within Defendant's

possession or custody will be provided or made available at a reasonable time and place and in

the manner specified in the request.

5.　　　Discovery is ongoing and the responses are therefore limited. Supplementation

will be provided only as required by FRCP 26 and FRCP 34.

6.　　　Defendant objects to Plaintiff's requests to the extent that they seek production of

documents that are protected from disclosure as privileged under the attorney-client privilege

and/or work product doctrine.

7.　　　Defendant objects to Plaintiff's requests to the extent they seek materials that are

not in Defendant's care, custody, or control.

8.　　　Defendant reserves the right to amend these responses and objections.


**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DOCUMENT REQUESTS**

**Document Request No. 1:** Please produce all non-attorney-client-privileged documents

identified in or used to research or draft responses to interrogatories in this case.

**Original Response:** None.

**Amended Response:** Documents relied upon in Defendant's interrogatory responses are

PAGE 2 – DEFENDANT'S AMENDED AND SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT
REQUESTS

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

produced as MAH000001-MAH000232.

**Document Request No. 2:** Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**Original Response:** Objection. This request is vague, ambiguous, overly broad as to the term "in any answer … to any complaint," and is improperly compound and contradictory. Moreover, the request is overly broad in that discovery is ongoing and Responding Party has not completed its analysis into its overall defenses and affirmative defenses of this matter and thus also calls for a legal conclusion.

**Amended Response:** Objection. This request is vague, ambiguous, overly broad as to the term "in any answer … to any complaint," and is improperly compound and contradictory. Moreover, the request is overly broad in that discovery is ongoing and Responding Party has not completed its analysis into its overall defenses and affirmative defenses of this matter and thus also calls for a legal conclusion. Notwithstanding those objections, all documents related to Defendant's affirmative defenses that are within the Defendant's custody and control will be produced that will be located after a diligent search. MAH000001-MAH000002.

**Document Request No. 3:** Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**Original Response:** None.

**Amended Response:** Subject to the above general objections, documents responsive to this request that could be located after a diligent search are produced as MAH000001-MAH000002;

PAGE 3 – DEFENDANT'S AMENDED AND SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT
REQUESTS

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

MAH000009-MAH000226.

**Document Request No. 4:** Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**Original Response:** Objection. This request is vague, ambiguous, overly broad as to the terms ""to abide by your policies or any agreement you had" and is improperly compound.

**Amended Response:** Objection. This request is vague, ambiguous, overly broad as to the terms ""to abide by your policies or any agreement you had" and is improperly compound. Notwithstanding those objections, contracts with third party vendors are produced as MAH000003-MAH000008; MAH000227-MAH000228.

**Document Request No. 5:** Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**Original Response:** Objection. This request is vague, ambiguous, and may improperly call for documents protected as work product, specifically as to "internal correspondence about the same."

**Amended Response:** Objection. This request is vague, ambiguous, and may improperly call for documents protected as work product, specifically as to "internal correspondence about the same." Defendant additionally objects to the extent this request seeks documents that are not

PAGE 4 – DEFENDANT'S AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS



100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777  F: 503.214.8816

within its custody or control. Notwithstanding these objections, documents responsive to this request that could be located after a diligent search and pertaining to 541-999-9999 are produced as MAH000001-MAH000226.

**Document Request No. 6:** All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**Original Response:** None.

**Amended Response:** Defendant's object that the request is vague as to "or information" and appears to call for a legal conclusion by seeking "documents representing agreements." Notwithstanding the above objections, contracts with third party vendors responsive to this request that could be located after a diligent search are produced as MAH000003-MAH000008; MAH000227-MAH000228.

**Document Request No. 7:** All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**Original Response:** Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "any vendor" and improperly call for documents that may be protected as work product, specifically as to "internal communications."

**Amended Response:** Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "any vendor" and improperly call for documents that may be protected as work product, specifically as to "internal communications." Notwithstanding those objections, communications between Defendant and Yotpo responsive to this request that could be located after a diligent search are produced as MAH000229-MAH000232.

PAGE 5 – DEFENDANT'S AMENDED AND SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT
REQUESTS

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

**Document Request No. 8:** All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**Original Response:** None.

**Amended Response:** Defendant's object that the request is vague as to "the calls" and appears to call for a legal conclusion by seeking "documents representing agreements." Notwithstanding the above objections, contracts with third party vendors responsive to this request that could be located after a diligent search are produced as MAH000003-MAH000008; MAH000227-MAH000228.


**Document Request No. 9:** All communications with any third party that dialed the calls to the Plaintiff.

**Original Response:** Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "any third party" and improperly call for documents that may be protected as work product, specifically as to "internal communications."

**Amended Response:** Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "any third party" and improperly call for documents that may be protected as work product, specifically as to "internal communications."

Defendant's object that the request is vague as to "the calls." Notwithstanding the above objections, communications responsive to this request and related to the allegations in the Complaint that could be located after a diligent search are produced as MAH000229-MAH000232.


PAGE 6 – DEFENDANT'S AMENDED AND SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT
REQUESTS

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777  F: 503.214.8816

**Document Request No. 10:** All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**Original Response:** Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "any third party."

**Amended Response:** Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "any third party." Defendant's object that the request is vague as to "the calls."

**Document Request No. 11:** All communications with any third party that provided you the Plaintiff's telephone number.

**Original Response:** None.

**Amended Response:** Notwithstanding the above objections, communications are produced as MAH000229-MAH000232.

**Document Request No. 12:** All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**Original Response:** Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "any third party" and improperly call for documents that may be protected as work product, specifically as to "internal communications."

**Amended Response:** Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "any third party" and improperly call for documents that may be protected as work product, specifically as to "internal communications."

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777  F: 503.214.8816

**Document Request No. 13:** Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**Original Response:** None.

**Amended Response:** Potentially applicable insurance policies with respect to the allegations in the Complaint are produced at MAH000233-MAH000496.

**Document Request No. 14:** Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**Original Response:** None.

**Amended Response:** No such documents are known to exist.

**Document Request No. 15:** Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

        a.      compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications

PAGE 8 – DEFENDANT'S AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

      b.      obtaining or verifying prior express consent;

      c.      complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**Original Response:** Objection. This request is vague, ambiguous, and overly broad as to scope as to the phrase "all documents necessary to construct a timeline"

**Amended Response:** Notwithstanding the above objections, policies responsive to this request and related to the allegations in the Complaint that could be located after a diligent search are produced as MAH000003-MAH000008; MAH000227-MAH000228.


**Document Request No. 16:** Please produce all documents containing any of the following information for each outbound telemarketing call or text message sent by you or your vendors:

      a.      the date and time;

      b.      the caller ID;

      c.      any recorded message used;

      d.      the result;

      e.      identifying information for the recipient; and

      f.      any other information stored by the call detail records.

**Original Response:** Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "each outbound telemarketing call or text message sent by you or your vendors." This request is further improperly compound.

**Amended Response:** Objection. This request is vague, ambiguous, and overly broad as to the scope of documents regarding "each outbound telemarketing call or text message sent by you or your vendors." This request is further improperly compound.

PAGE 9 – DEFENDANT'S AMENDED AND SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT
REQUESTS



100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777  F: 503.214.8816

Notwithstanding the above objections, Defendants are producing documents pertaining to 541-999-9999 as MAH000009-MAH000015; MAH000018-MAH000226. Further documentation contains protected personal information of third parties and can be produced pursuant to a Protective Order once entered into by the parties and ordered by the Court.

**Document Request No. 17:** Please provide all evidence of written consent to make calls in response to the foregoing, including any language that your company asserts complies with the E-Sign Act.

**Original Response:** Objection. This request is vague and ambiguous as to the phrase "all evidence of written consent to make calls in response to the foregoing," as it is unclear what "foregoing" refers. Moreover, the request is indefinite as to scope and overly broad. It is further vague and may call for a legal conclusion as to the phrase "asserts complies with the E-Sign Act."

**Amended Response:**

Objection. This request is vague and ambiguous as to the phrase "all evidence of written consent to make calls in response to the foregoing," as it is unclear what "foregoing" refers. Moreover, the request is indefinite as to scope and overly broad. It is further vague and may call for a legal conclusion as to the phrase "asserts complies with the E-Sign Act." Defendant's specifically object to this request to the extent it seeks information outside of its custody or control. Notwithstanding those objections, Defendants will produce all documents within its custody or control that can be located after a diligent search related to 541-999-9999 with respect tto signing up for marketing messages. Such documents are attached as MAH000001-MAH000002; MAH000016-MAH000017. Further documentation contains

PAGE 10 – DEFENDANT'S AMENDED AND SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT
REQUESTS



100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777  F: 503.214.8816

protected personal information of third parties and can be produced pursuant to a Protective

Order once entered into by the parties and ordered by the Court.


**Document Request No. 18:** All communications with any third party concerning this litigation

other than your attorney.

**Original Response:** None.

**Amended Response:** All responsive communications with third parties that could be located

after a diligent search are produced as MAH000229-MAH000232.


DATED:  January 30, 2026                    **SALT**


By: */s/ Kevin J. Jacoby*
      Kevin J. Jacoby, OSB No. 063783
      Email: kevin@saltlawgroup.com
      Neal S. Shechter, OSB No. 185119
      Email: neal@saltlawgroup.com
      *Of Attorneys for Defendant*

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

## CERTIFICATE OF SERVICE

I hereby certify that I served the attached **DEFENDANT'S AMENDED AND**

**SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT**

**REQUESTS** on the following:

Anthony I. Paronich                          Andrew R Perrong
Email: anthony@paronichlaw.com               Email: a@perronglaw.com
Paronich Law, P.C.                           Perrong Law LLC
350 Lincoln Street, Suite 2400               2657 Mt. Carmel Ave.
Hingham, MA 02043                            Glenside, PA 19038

by the following indicated method(s):

☐       by **e-service** through filing the document with the Court's CM/ECF system.

☒       by **emailing** full, true, and correct copies thereof to said attorney to the email address
        noted above, which is the last known email address for said attorney, on the date set forth
        below.

☐       by causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the
        attorney(s) last-known office address(es) listed above on the date set forth below.

        DATED: January 30, 2026          **SALT**


                                         By: */s/ Kevin J. Jacoby*
                                             Kevin J. Jacoby, OSB No. 063783
                                             Email: kevin@saltlawgroup.com
                                             Neal S. Shechter, OSB No. 185119
                                             Email: neal@saltlawgroup.com
                                             *Of Attorneys for Defendant*

PAGE 1 – CERTIFICATE OF SERVICE

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816