Kevin J. Jacoby, OSB No. 063783
Email: kevin@saltlawgroup.com
Neal S. Shechter, OSB No. 185119
Email: neal@saltlawgroup.com
SALT
100 SW Main St, Ste 1025
Portland, OR 97204
Phone: 503.417.7777

*Of Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CHET MICHAEL WILSON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**MAH GROUP, INC. D/B/A WOLFPAK**,<br><br>Defendant, | Case No. 6:25-cv-00855-MTK<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS** |

PAGE 1 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS

Salt
100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777  F: 503.214.8816

Defendant, MAH Group, Inc. d/b/a Wolfpak, ("Defendant" or "Wolfpak") by and through undersigned counsel, respectfully submit this Memorandum of Law in opposition to Plaintiff's Motion for Attorney's Fees and Other Sanctions filed by Plaintiff, Chet Michael Wilson (hereinafter "Plaintiff" or "Wilson") in the above-referenced matter. This Opposition is supported by the Declarations of Kevin J. Jacoby and Michael Henderson, submitted herewith, and all exhibits thereto as well as the record in this matter.

## I.    INTRODUCTION

This is a false cause of action that Plaintiff's counsel is under an obligation to withdraw; the named class representative has no valid cause of action and Plaintiff's counsel is aware of that fact.[1] Unfortunately, Defendant's prior counsel, Anthony Cartee, abandoned Defendant during this litigation and negligently caused this unnecessary discovery spat. Defendant has not heard from Attorney Cartee since October 15, 2025. On December 13 and 19, 2025, Defendant's CEO, Michael Henderson, reached out to Mr. Cartee to inquire about the status of this case. Defendant was met with silence, allowing a motion to compel to be granted and a court order to be set that Henderson was not informed of until December 31, 2025.

However, within two weeks, Defendant retained new counsel who appeared immediately.

---

[1]    On February 24, 2026, counsel for Defendant requested that Plaintiff withdraw this action in light of the fact that a Comcast IP address in Oregon (where Plaintiff resides) subscribed (and consented to receive text messages from Defendant) via Yotpo. Defendant requested that Plaintiff's counsel confirm that the Oregon IP address did not belong to their client to the extent Plaintiff's counsel wished to press the matter further. Plaintiff's attorneys refused, and told Defendant that Defendant would have to subpoena Comcast to find out whether the IP address belonged to their client (and whether this matter was falsely filed or not).
    In response, Defendant requested that Plaintiff's counsel pause proceedings in this matter to enable the parties to jointly determine whether the allegations in the Complaint were truthful or not—whether by subpoena to Comcast or by Plaintiff's attorneys conducting basic due diligence and speaking with their client—and Plaintiff's counsel similarly refused. *See* Declaration of Kevin J. Jacoby in Support of Defendant's Opposition to Plaintiff's Motion for Attorney's Fees and Other Sanctions ("Jacoby Decl."), ¶¶ 10-11.



Within one month, Defendant also collected and produced the vast majority of the documents Plaintiff sought and provided updated and amended discovery responses. Undersigned counsel has also repeatedly conferred in good faith with Plaintiff's attorney after that production to continue to update responses where needed and produce additional documents, including documents that were in the possession and control of two third-parties: Klaviyo and Yotpo and not in Defendant's own possession.

On February 13, 2026 counsel for the parties held a productive conferral by email in which Defendant offered to provide a further amended response to one interrogatory, advised of two supplemental productions of Yotpo and Klayvio records, and respectfully pointed out to Plaintiff that Plaintiff's counsel had misread several of Plaintiff's own discovery requests, as well as the Court's order. Instead of waiting for those productions, Plaintiff filed this "gotcha" Motion attempting to cash in on purported "delay" in Defendant's production of these third-party records from Klaviyo and Yotpo. The Motion obliquely references debunked claims from the parties' conferral earlier that day that are never further argued, indicating that perhaps Plaintiff hastily deleted portions of this Motion before filing.

Plaintiff seeks to press a perceived advantage in litigation and seek a payment of money that Plaintiff should not be awarded. To the extent the Court awards any fees, such fees should be assessed against Defendant's prior counsel, Anthony Cartee who abandoned their fiduciary duties and abandoned Defendant.[2]

## II. FACTUAL BACKGROUND

As noted above, Defendant's prior counsel, Anthony Cartee, abandoned Defendant

---

[2] Defendant has not yet moved to terminate Mr. Cartee's *pro hac vice* appearance as counsel of record in this matter. Mr. Cartee should be on notice of both Plaintiff's Motion and this Opposition.

PAGE 3 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS

**Salt**
100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777  F: 503.214.8816

during this litigation and negligently caused this unnecessary discovery spat. Defendant has not heard from Attorney Cartee since October 15, 2025.[3]

In December, 2025, Defendant's CEO, Michael Henderson, reached out to Mr. Cartee to inquire about the status of this case.[4] Defendant was met with silence, allowing a motion to compel to be granted and a court order to be set that Henderson was not informed of.[5] Within two weeks of learning of the Court's discovery order, Defendant retained undersigned counsel to appear and represent Defendant and ensure that discovery was collected and produced in response to all requests and court orders.[6] As soon as undersigned counsel was retained, undersigned counsel emailed Defendant's then counsel of record, Mr. Cartee, informing him that Defendant was terminating his services, effective immediately, because Mr. Cartee had been non-responsive to Defendant's inquiries regarding this case for some time.[7]

Since undersigned counsel appeared, Defendant has been cooperative and diligent in responding to all requests and has repeatedly and productively conferred with counsel for Plaintiff both before and after the extended deadline.[8] Amended responses to all formal discovery were timely provided along with a substantial production of documents on January 30, 2026.[9] In less than one month, all responsive records that could be located after a diligent search have now been produced to Plaintiff. Additional amended discovery responses have now been provided.[10] On February 13, 2026, counsel for Plaintiff initiated conferral via e-mail over six

---

[3] Declaration of Michael Henderson in Support of Defendant's Opposition to Plaintiff's Motion for Sanctions ("Henderson Decl."), ¶ 2.
[4] Henderson Decl., ¶ 3, Ex. A.
[5] *Id.*, ¶ 4.
[6] *Id.*, ¶ 5.
[7] Jacoby Decl., ¶ 2, Ex. A.
[8] *Id.*, ¶ 3.
[9] *Id.*, ¶ 4.
[10] *Id.*, ¶ 5.

discrete issues that Plaintiff alleged were deficiencies in Defendant's production and responses.[11] Less than four hours later, counsel for Defendant responded to all requests.[12] Defendant agreed to supplement its response to an interrogatory and advised that further records were forthcoming that very day from third-party custodian Klayvio.[13] Undersigned counsel also pointed out that Plaintiff had mis-read the language of two of its own requests.[14]

### III.     LEGAL STANDARD

Under FRCP 37(a), "the court must, after giving an opportunity to be heard, require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A). However, the "court must not order this payment if: … (iii) other circumstances make an award of expenses unjust." *Id.*

Plaintiff's Motion appears to also argue for sanctions for failure to comply with the Court's discovery order pursuant to FRCP 37(b)(2)(C). (*See* Mot. at 3 ("Rule 37(b)(2)(A) authorizes sanctions when a party 'fails to obey an order to provide or permit discovery.'")). Under FRCP 37(b)(2)(C), the Court must "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, **unless the failure was substantially justified or other circumstances make an award of expenses unjust.**" FRCP 37(b)(2)(C) (emphasis added).

In the Ninth Circuit, discovery sanctions are appropriate only in "extreme circumstances" and where the discovery violation is "due to willfulness, bad faith, or fault of the party." *Fair*

---

[11]     *Id.*, ¶ 7, Ex. B.
[12]     *Id.*, ¶ 8, Ex. C.
[13]     *Id.*
[14]     *Id.*

PAGE 5 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS

**Salt**
100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777   F: 503.214.8816

*Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (quoting *United States v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 (9th Cir. 1988)); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (holding that a district court may assess attorney's fees as a discovery sanction when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons") (citations and internal quotations marks omitted).

## IV.     ARGUMENT

### A. Sanctions Should Not Be Awarded Under FRCP 37(b) Because Delays Were Substantially Justified and Defendant Has Not Acted Willfully or in Bad Faith.

The thrust of the instant Motion appears to be a request for sanctions under FRCP 37(B)(c)(2) on account of the fact that Defendant has made supplemental productions of records obtained from a third-party—Yotpo—two weeks after the initial deadline to comply with the Court's discovery order passed. There is no dispute that Plaintiff now has the records that they have requested, and that Defendant timely supplemented their production as soon as Plaintiff conferred with Defendant about the request for Yotpo records. Yet, according to Plaintiff, Plaintiff should be awarded fees because Defendant "did not request additional time to obtain the Yotpo data." But that issue is moot – the Yotpo data was obtained and produced to Plaintiff on February 17, 2026, the next business day following the filing of Plaintiff's Motion.[15]

The key word in that sentence is "obtain." Both parties acknowledge that Defendant was not the custodian of these records, and that reproducing them from Yotpo required the assistance and cooperation of a third party. Thus, there is "substantial justification" for the delay within the meaning of FRCP 37. There is also no reasonable argument—none—that Plaintiff was prejudiced by this two-week delay. The only supposed prejudice identified is that Plaintiff

---

[15]     Jacoby Decl., ¶ 9.

desires to move for class certification (Mot. at 4-5), but there is no looming deadline or trial date that would make a two-week delay significant. In other words, this is a "gotcha" Motion that Plaintiff intended to file regardless of Defendant's good faith and diligent efforts to meet applicable discovery obligations in this matter. In such circumstances, an award would be unjust within the meaning of FRCP 37, as "the resources the parties have devoted to the instant Motion to Compel . . . are not 'proportional to the needs of the case.'" *adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 258, 263 (D. Or. 2021), *aff'd*, 341 F.R.D. 263 (D. Or. 2022) (internal quotations omitted); *see also Robinson v. Invacare Corp.*, No. 3:15-CV-00415-MO, 2017 WL 11510196, at *2 (D. Or. Mar. 22, 2017) (noncompliance before deadline was harmless where it did not "affect any trial, as a trial date for this matter has not yet been set").

**B. Plaintiff's Motion Includes False Allegations of Non-Compliance that Plaintiff Appears to Have Hastily Attempted to Withdraw Before Filing.**

As noted above, the Motion obliquely references debunked claims from the parties' conferral earlier on February 13, 2026—the day Plaintiff filed this Motion—that are never further argued, indicating that perhaps Plaintiff hastily deleted portions of this Motion before filing. For example, the Motion alleges that Defendant improperly "reasserted objections that had already been overruled and limited production to documents pertaining only to Plaintiff's telephone number." (Mot. at 3). Plaintiff then abandons that claim and does not further argue it, waiving further argument on this point. That half-attempt was wise: as Defendant advised Plaintiff in conferral before Plaintiff filed this Motion, "The objection to [RFP No. 5] was not overruled in the discovery order. Indeed, you did not move against this objection in your motion to compel."[16] Plaintiff rushed to file this Motion anyway.

---

[16] Jacoby Decl., ¶ 8, Ex. C. Even so, Defendant offered to confer further.

### C. To the Extent the Court Awards Fees or Costs Under FRCP 37(a), Such Expenses Should Be Awarded Against Defendant's Prior Counsel, Anthony Cartee.

Finally, to the extent that the Court determines that an award of fees and/or costs o**n the initial Motion to Compel** is required under FRCP 37(a), despite the unique circumstances of this case that Defendant contends render an award of fees unjust, the Court has flexibility to assess those fees against *either* a party or their counsel under FRCP 37(a). *See* FRCP 37(a) ("the disobedient party, the attorney advising that party, or both"). In the circumstances presented here, this is a rare case of a party who was in the dark about pending discovery deadlines, but immediately acted to retain new counsel, collect and produce all discovery in good faith as soon as they became aware of the issue. It is apparent that something has happened involving Mr. Cartee, Defendant's former attorney, who is no longer responding to messages from both Defendant's principal and the undersigned counsel. As the United States Supreme Court has held, the goal of FRCP 37 sanctions is to "penalize those whose conduct may be deemed to warrant such a sanction." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64, 100 S. Ct. 2455, 2462–63, 65 L. Ed. 2d 488 (1980). In circumstances such as these, the Court should not punish "the innocent client while insulating his wrongdoing attorney" as such a result would "clash[] with common sense, basic fairness." *Roadway Exp.*, 447 U.S. at 766 (Blackmun, J, concurring). It would therefore be "unjust," within the meaning of FRCP 37(a) to any assess fees and costs for the initial motion to compel on Defendant, rather than Defendant's former counsel.

### V.     CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court DENY Plaintiff's Motion in full. In the alternative, Defendant respectfully requests that the Court assess any costs and fees against Defendant's prior counsel, Mr. Cartee.

DATED: February 27, 2026      **SALT**

By: */s/ Kevin J. Jacoby*
    Kevin J. Jacoby, OSB No. 063783
    Email: kevin@saltlawgroup.com
    Neal S. Shechter, OSB No. 185119
    Email: neal@saltlawgroup.com
    *Of Attorneys for Defendant*

PAGE 9 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS

Salt
100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777  F: 503.214.8816