**From:** Kevin Jacoby <Kevin@saltlawgroup.com>
**Sent:** Friday, February 13, 2026 11:42 AM
**To:** Anthony Paronich <anthony@paronichlaw.com>; Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** RE: Wilson v. MAH Group; Supplemental Production

Responding in line below in red.

**Salt**

**Kevin Jacoby** | Attorney

---

T: 503.417.7777
F: 503.214.8816
E: Kevin@SaltLawGroup.com

SaltLawGroup.com

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Friday, February 13, 2026 8:02 AM
**To:** Kevin Jacoby <Kevin@saltlawgroup.com>; Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** Re: Wilson v. MAH Group; Supplemental Production

Counsel:

As we have been preparing our sanctions motions and have also further reviewed the discovery responses now that we are well beyond the extended deadline. Please provide us your position with respect to the failure to produce the following:

- For Interrogatory No. 2, the Defendant does not disclose where the numbers came from with respect to the texts sent through Klayvio. We will amend our response to this interrogatory as soon as possible, but my understanding is that the numbers were imported from Yotpo.
- For Interrogatory No. 9 and Document Request No. 18, we believe all communications with Klayvio and Yotpo should be identified. We have produced all communications with Yotpo. Communications from Klayvio are being produced later today.
- Documents responsive to Document Request No. 5 are relevant to damages and class ascertainability and should be produced. The objection to this request was not overruled in the discovery order. Indeed, you did not move against this objection in your motion to compel. I'm happy to confer on this further, but I'd like to focus on what was ordered to be produced.
- Document Request No. 7 and 9 appear to be limited to the Plaintiff, which we do not agree is appropriate. But that's specifically what those requests asked for. Request 7: "All internal communications at your company regarding any vendor that provided you with *the Plaintiff's* telephone number or information." Request 9: "All communications with any third party that dialed the calls to *the Plaintiff*."
- Document Request No. 13 does not include a denial letter or other correspondence to allow us to understand the current claim status of the policies produced. We will locate and produce the denial letter.
- Document Request No. 17 relates to your client's affirmative defense of consent. It should be produced or withdrawn. We did produce, however I believe there are additional documents that were discovered since we produced, which will be produced later today. This includes the IP address of the person who entered Plaintiff's phone number into the opt-in form, which I understand is located in the Eugene area.

----
Anthony Paronich
Paronich Law, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

On Thu, Feb 12, 2026 at 2:25 PM Anthony Paronich <anthony@paronichlaw.com> wrote:
> How have you complied with the Court's Order by not producing documents? The Court Ordered you all to produce these text records, you simply haven't done it and I don't see the production of any correspondence about their efforts or a motion to extend the deadline to comply.
>
> **From:** Kevin Jacoby <Kevin@saltlawgroup.com>
> **Sent:** Thursday, February 12, 2026 2:24 PM
> **To:** Anthony Paronich <anthony@paronichlaw.com>; Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
> **Cc:** Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
> **Subject:** RE: Wilson v. MAH Group; Supplemental Production
>
> We have complied with the court's order and are working on obtaining documents that are not currently in my client's possession. Mr. Cartee is the party that caused you to incur expenses associated with the motion to compel, and my client has been diligently working on complying with the court's order as soon as it became aware of it through local counsel on 12/31.
>
> 
>
> **Kevin Jacoby** | Attorney
>
> T: 503.417.7777
> F: 503.214.8816
> E: Kevin@SaltLawGroup.com

SaltLawGroup.com

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Thursday, February 12, 2026 11:16 AM
**To:** Kevin Jacoby <Kevin@saltlawgroup.com>; Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** RE: Wilson v. MAH Group; Supplemental Production

To make sure I understand, your client still has not complied with the Court's Order but thinks that their former attorney is the only individual or entity that should receive a sanction of any kind?

---

**From:** Kevin Jacoby <Kevin@saltlawgroup.com>
**Sent:** Thursday, February 12, 2026 2:09 PM
**To:** Anthony Paronich <anthony@paronichlaw.com>; Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** RE: Wilson v. MAH Group; Supplemental Production

Well, we produced the Yotpo texting records to Wilson, but I see now that the full universe of records requested has not yet been produced. My client is working with Yotpo to get those records as soon as possible.

On the request for expenses, my client will oppose the motion and argue that the court should award any reasonable expenses against Anthony Cartee.



**Kevin Jacoby** | Attorney

T: 503.417.7777
F: 503.214.8816
E: Kevin@SaltLawGroup.com

SaltLawGroup.com

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Wednesday, February 11, 2026 4:40 AM
**To:** Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Kevin Jacoby <Kevin@saltlawgroup.com>; Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** RE: Wilson v. MAH Group; Supplemental Production

These were received, but we are beyond the deadline and we still do not have any of the Yotpo texting records. Please advise.

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Andrew Shute <Andrew@saltlawgroup.com>
**Sent:** Tuesday, February 10, 2026 6:53 PM

**To:** Anthony Paronich <anthony@paronichlaw.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Kevin Jacoby <Kevin@saltlawgroup.com>; Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** Wilson v. MAH Group; Supplemental Production

Good afternoon:

Please see the attached correspondence from Kevin regarding this supplemental production of documents from MAH Group. The referenced documents may be accessed using the Dropbox link below. Please let me know if you encounter any technical issues.

[(CONFIDENTIAL) MAH Group Production 20260210](#)

Thank you.



**Andrew Shute** | Litigation Specialist

T: 503.417.7777
F: 503.214.8816
E: Andrew@SaltLawGroup.com

**SaltLawGroup.com**

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.