

Andrew Perrong <a@perronglaw.com>

---

# Wilson v. MAH Group, Inc., No. 6:25-cv-00855-MTK — Discovery Dispute (Unanswered Discovery)
**5 messages**

---

**Andrew Perrong** <a@perronglaw.com>  Tue, Oct 7, 2025 at 8:27 PM
To: kasubhai_crd@ord.uscourts.gov
Cc: Anthony Paronich <anthony@paronichlaw.com>, anthony cartee <acartee@ac-legal.com>, Andrew Harris <aharris@nwcorporatelaw.com>

Dear Judge Kasubhai,

Plaintiff writes to summarize a discovery dispute that has ripened as the Defendant has not served any discovery responses or produced the core data for Plaintiff's first sets of discovery served July 3, 2025. The most critical category, the class calling and texting records, including message-level logs identifying each number contacted, is particularly troubling not to have as it prevents expert analysis on numerosity, commonality, consent defenses, and other issues necessary to move this case forward.

The procedural history and meet-and-confer timeline of this dispute is outlined below:
July 3, 2025: Plaintiff served first sets of discovery.
Aug. 1, 2025: Defense requested extension to Aug. 15; Plaintiff agreed.
Aug. 15, 2025: Defense requested extension to Aug. 22; Plaintiff agreed (noting ongoing texts to Plaintiff).
Aug. 22, 2025: Defense requested extension to Aug. 29; Plaintiff agreed and proposed mediators.
Aug. 29, 2025: Defense said it would "do my best to get those"; Plaintiff confirmed willingness to extend if the response included the class texting logs.
Sept. 5, 2025: Defense requested extension to Sept. 10 to finalize responses and obtain client verifications and third-party documents; Plaintiff agreed again, expressly reiterating that the extension was premised on receiving the class texting logs.
Sept. 10, 2025: Defense reported another setback and asked for two more days to Friday to finish; Plaintiff again accommodated.
Sept. 12, 2025: Defense continued to represent that responses and logs were imminent, but none have come.
Sept. 30, 2025: Plaintiff emailed Defense with a draft of this email and indicated it would notify the Court on October 3, 2025, in the absence of a response.
Oct. 3, 2025: Plaintiff emailed and called both Defense counsel in a final attempt to resolve this dispute. Mr. Cartee responded that he would "prefer that we discuss this further on Monday (after I hear back from my client), at which time I am hoping I will at least have some things to you. I will have time next week to make sure these issues are addressed." Plaintiff's counsel immediately responded seeking time to speak on Monday, October 6, but no response was forthcoming.
Oct. 6, 2025: Plaintiff sent a final follow up email to attempt to schedule a time to confer. No response was forthcoming.

The prolonged non-production now prejudices Plaintiff's expert work and case management. While the dispute encompasses all outstanding written discovery (interrogatories and RFPs), the nucleus is the class calling and texting records. Plaintiff requested documents and ESI sufficient to identify each unique number contacted during the class period maintained by Defendant's vendor. In TCPA cases, courts routinely compel production of such logs at the class-discovery stage because they directly bear on Rule 23's numerosity and commonality and on class membership and defenses. O

Plaintiff has accommodated seven successive extensions (to Aug. 15, Aug. 22, Aug. 29, Sept. 5, Sept. 10, Sept. 12, Oct. 3) based on repeated assurances that the class calling and texting records and verified responses were imminent, or that the parties would conduct a meet and confer. They were not. Plaintiff therefore requests the Court's assistance to secure prompt, complete compliance on an expedited schedule.

Thank you for the Court's consideration.

--
Respectfully,
Andrew Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038

215-225-5529 (CALL-LAW)

---

**Brandie Davies** <Brandie_Davies@ord.uscourts.gov>  Thu, Oct 9, 2025 at 1:21 PM
To: Andrew Perrong <a@perronglaw.com>, ORDml Kasubhai CRD <Kasubhai_CRD@ord.uscourts.gov>
Cc: Anthony Paronich <anthony@paronichlaw.com>, anthony cartee <acartee@ac-legal.com>, Andrew Harris <aharris@nwcorporatelaw.com>

Good morning, Attorney Perrong –

Thank you for your email. The Court requests that the defendant submit their response to the discovery dispute no later than noon on Friday, October 10, 2025. Thank you.

Sincerely,

**Brandie Davies (she/her)** | Courtroom Deputy

The Honorable Mustafa T. Kasubhai

United States District Court for the District of Oregon

Wayne L. Morse U.S. Courthouse

405 E. 8th Ave., Ste. 2100 | Eugene, OR 97401 | 541-431-4101

Email: brandie_davies@ord.uscourts.gov

*Facilitating equal access to justice with integrity and respect.*

---

**From:** Andrew Perrong <a@perronglaw.com>
**Sent:** Tuesday, October 7, 2025 5:27 PM
**To:** ORDml Kasubhai CRD <Kasubhai_CRD@ord.uscourts.gov>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>; anthony cartee <acartee@ac-legal.com>; Andrew Harris <aharris@nwcorporatelaw.com>
**Subject:** Wilson v. MAH Group, Inc., No. 6:25-cv-00855-MTK — Discovery Dispute (Unanswered Discovery)

**CAUTION - EXTERNAL:**

Dear Judge Kasubhai,

Plaintiff writes to summarize a discovery dispute that has ripened as the Defendant has not served any discovery responses or produced the core data for Plaintiff's first sets of discovery served July 3, 2025. The most critical category, the class calling and texting records, including message-level logs identifying each number contacted, is particularly troubling not to have as it prevents expert analysis on numerosity, commonality, consent defenses, and other issues necessary to move this case forward.

The procedural history and meet-and-confer timeline of this dispute is outlined below:
July 3, 2025: Plaintiff served first sets of discovery.
Aug. 1, 2025: Defense requested extension to Aug. 15; Plaintiff agreed.
Aug. 15, 2025: Defense requested extension to Aug. 22; Plaintiff agreed (noting ongoing texts to Plaintiff).
Aug. 22, 2025: Defense requested extension to Aug. 29; Plaintiff agreed and proposed mediators.
Aug. 29, 2025: Defense said it would "do my best to get those"; Plaintiff confirmed willingness to extend if the response included the class texting logs.
Sept. 5, 2025: Defense requested extension to Sept. 10 to finalize responses and obtain client verifications and third-party documents; Plaintiff agreed again, expressly reiterating that the extension was premised on receiving the class texting logs.
Sept. 10, 2025: Defense reported another setback and asked for two more days to Friday to finish; Plaintiff again accommodated.
Sept. 12, 2025: Defense continued to represent that responses and logs were imminent, but none have come.

Sept. 30, 2025: Plaintiff emailed Defense with a draft of this email and indicated it would notify the Court on October 3, 2025, in the absence of a response.

Oct. 3, 2025: Plaintiff emailed and called both Defense counsel in a final attempt to resolve this dispute. Mr. Cartee responded that he would "prefer that we discuss this further on Monday (after I hear back from my client), at which time I am hoping I will at least have some things to you. I will have time next week to make sure these issues are addressed." Plaintiff's counsel immediately responded seeking time to speak on Monday, October 6, but no response was forthcoming.

Oct. 6, 2025: Plaintiff sent a final follow up email to attempt to schedule a time to confer. No response was forthcoming.

The prolonged non-production now prejudices Plaintiff's expert work and case management. While the dispute encompasses all outstanding written discovery (interrogatories and RFPs), the nucleus is the class calling and texting records. Plaintiff requested documents and ESI sufficient to identify each unique number contacted during the class period maintained by Defendant's vendor. In TCPA cases, courts routinely compel production of such logs at the class-discovery stage because they directly bear on Rule 23's numerosity and commonality and on class membership and defenses. O

Plaintiff has accommodated seven successive extensions (to Aug. 15, Aug. 22, Aug. 29, Sept. 5, Sept. 10, Sept. 12, Oct. 3) based on repeated assurances that the class calling and texting records and verified responses were imminent, or that the parties would conduct a meet and confer. They were not. Plaintiff therefore requests the Court's assistance to secure prompt, complete compliance on an expedited schedule.

Thank you for the Court's consideration.

--

Respectfully,

Andrew Perrong, Esq.

Perrong Law LLC

2657 Mount Carmel Avenue

Glenside, PA 19038

215-225-5529 (CALL-LAW)

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

---

anthony cartee <acartee@ac-legal.com>  Fri, Oct 10, 2025 at 2:55 PM
To: ORDml Kasubhai CRD <kasubhai_crd@ord.uscourts.gov>
Cc: Brandie Davies <brandie_davies@ord.uscourts.gov>, Andrew Perrong <a@perronglaw.com>, Anthony Paronich <anthony@paronichlaw.com>, Andrew Harris <aharris@nwcorporatelaw.com>

Dear Judge Kasubhai:

First--it is with sincere regret and apologies that the situation has come to this. That is completely my fault, as I have been dealing with personal and mental issues that have really hindered my ability to keep up with a full workload, especially during the tail end of the summer. Plaintiff has provided me the extensions, and I have appreciated and am grateful for them. I apologize to both counsel and this Court in that regard.

When Plaintiff first sent a draft letter to you for my review, I was starting my second jury trial in the past month and a half, both federal trademark matters. *A.C.T. 898 Products, Inc. v. Headquarters Beauty, Inc., et al. (2:19-cv-10803-MWF)* and *A.C.T. 898 Products, Inc. v. Kashi Beauty Supply, Inc., et al. (2:22-cv-008818-JVS)*. As such, it was difficult for me to meet and confer with them on this at that time. Again, I do not mean that as an excuse or as cause for not getting them the discovery responses that are owed. I only state it to show that such delay has been on me and not necessarily my client.

That said--I am the only contact with my client, and in following up with Defendant, my main contact and person who would sign the verifications is out this week, as his company is at the Joe Weider's Olympia Fitness & Performance Weekend. Defendant Mah Group, Inc., d/b/a Wolfpak is a niche backpack brand for those in the bodybuilding community, so this represents one of the biggest weeks for their business.

Regardless, I am committed to getting Plaintiff responses by the end of next week, 10/17/2025. I know they are overdue, and I am the cause of that. However, I already know that there are some questions/requests that Defendant may not have documents for. Defendant uses a third party for all its marketing, including marketing that would be covered by the TCPA, as such violation is alleged here. Defendant does not have any control over this third party; however, I personally cannot speak to the ability or inability of my client to get such records. I have suggested for Plaintiff to subpoena this third party, but I will also see what my client is able to produce.

My proposal would be to get the responses that I owe to Plaintiff by 10/17 and see what documents Defendant can or cannot get them, and then take the matter from there. Again--I have not intended for the situation to devolve into this, and I know that we need to move this matter forward, and I am finally getting in a better position to do so. My apologies again to both counsel and this Court.

Sincerely,
Anthony Cartee

Cartee, LC
*Advocates & Counselors at Law*
714.942.2225 (office)
acartee@ac-legal.com (email)
www.ac-legal.com

This message as well as any attachments contain confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message. Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

[Quoted text hidden]

---

**Anthony Paronich** <anthony@paronichlaw.com>     Fri, Oct 10, 2025 at 2:59 PM
To: anthony cartee <acartee@ac-legal.com>
Cc: ORDml Kasubhai CRD <Kasubhai_CRD@ord.uscourts.gov>, Brandie Davies <Brandie_Davies@ord.uscourts.gov>, Andrew Perrong <a@perronglaw.com>, Andrew Harris <aharris@nwcorporatelaw.com>

Judge Kasubhai:

To the extent the Court would value our input, this proposal would be acceptable to us, and if there are further disputes with respect to availability of documents, etc., we could bring those to the Court's attention at the right time.

Regards,

Anthony Paronich

> On Oct 10, 2025, at 2:55 PM, anthony cartee <acartee@ac-legal.com> wrote:
>
> Dear Judge Kasubhai:
>
> First--it is with sincere regret and apologies that the situation has come to this. That is completely my fault, as I have been dealing with personal and mental issues that have really hindered my ability to keep up with a full workload, especially during the tail end of the summer. Plaintiff has provided me the extensions, and I have appreciated and am grateful for them. I apologize to both counsel and this Court in that regard.
>
> When Plaintiff first sent a draft letter to you for my review, I was starting my second jury trial in the past month and a half, both federal trademark matters. *A.C.T. 898 Products, Inc. v. Headquarters Beauty, Inc., et al. (2:19-cv-10803-MWF)* and *A.C.T. 898 Products, Inc. v. Kashi Beauty Supply, Inc., et al. (2:22-cv-008818-JVS).* As such, it was difficult for me to meet and confer with them on this at that time. Again, I do not mean that as an excuse or as cause for not getting them the discovery responses that are owed. I only state it to show that such delay has been on me and not necessarily my client.
>
> That said--I am the only contact with my client, and in following up with Defendant, my main contact and person who would sign the verifications is out this week, as his company is at the Joe Weider's Olympia Fitness & Performance Weekend. Defendant Mah Group, Inc., d/b/a Wolfpak is a niche backpack brand for those in the bodybuilding community, so this represents one of the biggest weeks for their business.
>
> Regardless, I am committed to getting Plaintiff responses by the end of next week, 10/17/2025. I know they are overdue, and I am the cause of that. However, I already know that there are some questions/requests that Defendant may not have documents for. Defendant uses a third party for all its marketing, including marketing that would be covered by the TCPA, as such violation is alleged here. Defendant does not have any control over this third party; however, I personally cannot speak to the ability or inability of my client to get such records. I have suggested for Plaintiff to subpoena this third party, but I will also see what my client is able to produce.
>
> My proposal would be to get the responses that I owe to Plaintiff by 10/17 and see what documents Defendant can or cannot get them, and then take the matter from there. Again--I have not intended for the situation to devolve into this, and I know that we need to move this matter forward, and I am finally getting in a better position to do so. My apologies again to both counsel and this Court.

Sincerely,
Anthony Cartee

Cartee, LC
*Advocates & Counselors at Law*
714.942.2225 (office)
acartee@ac-legal.com (email)
www.ac-legal.com

This message as well as any attachments contain confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message. Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

On Thu, Oct 9, 2025 at 10:21 AM Brandie Davies <Brandie_Davies@ord.uscourts.gov> wrote:

> Good morning, Attorney Perrong –
>
> Thank you for your email. The Court requests that the defendant submit their response to the discovery dispute no later than noon on Friday, October 10, 2025. Thank you.
>
> Sincerely,
>
> <image001.png>
>
> **Brandie Davies (she/her)** | Courtroom Deputy
>
> The Honorable Mustafa T. Kasubhai
>
> United States District Court for the District of Oregon
>
> Wayne L. Morse U.S. Courthouse
>
> 405 E. 8th Ave., Ste. 2100 | Eugene, OR 97401 | 541-431-4101
>
> Email: brandie_davies@ord.uscourts.gov
>
> *Facilitating equal access to justice with integrity and respect.*
>
> [Quoted text hidden]
> [Quoted text hidden]
>
> <~WRD0001.jpg>
>
> [Quoted text hidden]

---

**Brandie Davies** <Brandie_Davies@ord.uscourts.gov>   Fri, Oct 10, 2025 at 4:42 PM

To: Anthony Paronich <anthony@paronichlaw.com>, anthony cartee <acartee@ac-legal.com>
Cc: ORDml Kasubhai CRD <Kasubhai_CRD@ord.uscourts.gov>, Andrew Perrong <a@perronglaw.com>, Andrew Harris <aharris@nwcorporatelaw.com>

Good afternoon, Counsel –

Thank you for your submissions. No additional responses or replies regarding the discovery dispute are allowed at this time. If the dispute cannot be resolved by e-mail correspondence, Judge Kasubhai will schedule a telephonic hearing and give an oral ruling.

Sincerely,

**Brandie Davies (she/her)** | Courtroom Deputy

The Honorable Mustafa T. Kasubhai

United States District Court for the District of Oregon

Wayne L. Morse U.S. Courthouse

405 E. 8th Ave., Ste. 2100 | Eugene, OR 97401 | 541-431-4101

Email: brandie_davies@ord.uscourts.gov

*Facilitating equal access to justice with integrity and respect.*

[Quoted text hidden]