

Andrew Perrong <a@perronglaw.com>

---

## Wilson v. MAH Group; Supplemental Production
22 messages

---

**Andrew Shute** <Andrew@saltlawgroup.com>                    Tue, Feb 10, 2026 at 6:52 PM
To: Anthony Paronich <anthony@paronichlaw.com>, Andrew Perrong <a@perronglaw.com>
Cc: Kevin Jacoby <Kevin@saltlawgroup.com>, Neal Shechter <neal@saltlawgroup.com>, Christin Grieser
<ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

Good afternoon:


Please see the attached correspondence from Kevin regarding this supplemental production of documents from
MAH Group. The referenced documents may be accessed using the Dropbox link below. Please let me know if
you encounter any technical issues.


(CONFIDENTIAL) MAH Group Production 20260210


Thank you.



**Salt**


**Andrew Shute** | Litigation Specialist

---

T: 503.417.7777
F: 503.214.8816
E: Andrew@SaltLawGroup.com


**SaltLawGroup.com**


**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received
this communication in error, please notify me and delete the original and all copies from your system.

20260210 CL Discovery Supp Production_MAH Group.pdf
717K

---

**Anthony Paronich** <anthony@paronichlaw.com>                                      Wed, Feb 11, 2026 at 7:39 AM
To: Andrew Shute <Andrew@saltlawgroup.com>, Andrew Perrong <a@perronglaw.com>
Cc: Kevin Jacoby <Kevin@saltlawgroup.com>, Neal Shechter <neal@saltlawgroup.com>, Christin Grieser
<ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

These were received, but we are beyond the deadline and we still do not have any of the Yotpo texting records.
Please advise.

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400

Hingham, MA 02043
[o] (617) 485-0018

[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

[Quoted text hidden]

---

**Kevin Jacoby** <Kevin@saltlawgroup.com>                                      Thu, Feb 12, 2026 at 2:08 PM
To: Anthony Paronich <anthony@paronichlaw.com>, Andrew Shute <Andrew@saltlawgroup.com>, Andrew Perrong
<a@perronglaw.com>
Cc: Neal Shechter <neal@saltlawgroup.com>, Christin Grieser <ChristinG@saltlawgroup.com>, LegalOps
<LegalOps@saltlawgroup.com>

Well, we produced the Yotpo texting records to Wilson, but I see now that the full universe of records requested has not
yet been produced. My client is working with Yotpo to get those records as soon as possible.

On the request for expenses, my client will oppose the motion and argue that the court should award any reasonable
expenses against Anthony Cartee.



**Kevin Jacoby** | Attorney

T: 503.417.7777
F: 503.214.8816
E: Kevin@SaltLawGroup.com


**SaltLawGroup.com**


**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.


[Quoted text hidden]

---

**Anthony Paronich** <anthony@paronichlaw.com>                                    Thu, Feb 12, 2026 at 2:16 PM
To: Kevin Jacoby <Kevin@saltlawgroup.com>, Andrew Shute <Andrew@saltlawgroup.com>, Andrew Perrong <a@perronglaw.com>
Cc: Neal Shechter <neal@saltlawgroup.com>, Christin Grieser <ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

To make sure I understand, your client still has not complied with the Court's Order but thinks that their former attorney is the only individual or entity that should receive a sanction of any kind?

[Quoted text hidden]

---

**Kevin Jacoby** <Kevin@saltlawgroup.com>                                    Thu, Feb 12, 2026 at 2:23 PM
To: Anthony Paronich <anthony@paronichlaw.com>, Andrew Shute <Andrew@saltlawgroup.com>, Andrew Perrong <a@perronglaw.com>
Cc: Neal Shechter <neal@saltlawgroup.com>, Christin Grieser <ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

We have complied with the court's order and are working on obtaining documents that are not currently in my client's possession. Mr. Cartee is the party that caused you to incur expenses associated with the motion to compel, and my client has been diligently working on complying with the court's order as soon as it became aware of it through local counsel on 12/31.

[Quoted text hidden]

---

**Anthony Paronich** <anthony@paronichlaw.com>                                    Thu, Feb 12, 2026 at 2:25 PM
To: Kevin Jacoby <Kevin@saltlawgroup.com>, Andrew Shute <Andrew@saltlawgroup.com>, Andrew Perrong <a@perronglaw.com>
Cc: Neal Shechter <neal@saltlawgroup.com>, Christin Grieser <ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

How have you complied with the Court's Order by not producing documents? The Court Ordered you all to produce these text records, you simply haven't done it and I don't see the production of any correspondence about their efforts or a motion to extend the deadline to comply.

[Quoted text hidden]

---

**Anthony Paronich** <anthony@paronichlaw.com>                                    Fri, Feb 13, 2026 at 11:01 AM
To: Kevin Jacoby <Kevin@saltlawgroup.com>, Andrew Shute <Andrew@saltlawgroup.com>, Andrew Perrong <a@perronglaw.com>

Cc: Neal Shechter <neal@saltlawgroup.com>, Christin Grieser <ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

Counsel:

As we have been preparing our sanctions motions and have also further reviewed the discovery responses now that we are well beyond the extended deadline. Please provide us your position with respect to the failure to produce the following:

- For Interrogatory No. 2, the Defendant does not disclose where the numbers came from with respect to the texts sent through Klayvio.
- For Interrogatory No. 9 and Document Request No. 18, we believe all communications with Klayvio and Yotpo should be identified.
- Documents responsive to Document Request No. 5 are relevant to damages and class ascertainability and should be produced.
- Document Request No. 7 and 9 appear to be limited to the Plaintiff, which we do not agree is appropriate.
- Document Request No. 13 does not include a denial letter or other correspondence to allow us to understand the current claim status of the policies produced.
- Document Request No. 17 relates to your client's affirmative defense of consent. It should be produced or withdrawn.

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

[Quoted text hidden]

---

**Kevin Jacoby** <Kevin@saltlawgroup.com>                                    Fri, Feb 13, 2026 at 2:42 PM
To: Anthony Paronich <anthony@paronichlaw.com>, Andrew Shute <Andrew@saltlawgroup.com>, Andrew Perrong <a@perronglaw.com>
Cc: Neal Shechter <neal@saltlawgroup.com>, Christin Grieser <ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

Responding in line below in red.



**Kevin Jacoby** | Attorney

T: 503.417.7777
F: 503.214.8816
E: Kevin@SaltLawGroup.com


**SaltLawGroup.com**


**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Friday, February 13, 2026 8:02 AM
**To:** Kevin Jacoby <Kevin@saltlawgroup.com>; Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** Re: Wilson v. MAH Group; Supplemental Production


Counsel:


As we have been preparing our sanctions motions and have also further reviewed the discovery responses now that we are well beyond the extended deadline. Please provide us your position with respect to the failure to produce the following:


- For Interrogatory No. 2, the Defendant does not disclose where the numbers came from with respect to the texts sent through Klayvio. We will amend our response to this interrogatory as soon as possible, but my understanding is that the numbers were imported from Yotpo.
- For Interrogatory No. 9 and Document Request No. 18, we believe all communications with Klayvio and Yotpo should be identified. We have produced all communications with Yotpo. Communications from Klayvio are being produced later today.
- Documents responsive to Document Request No. 5 are relevant to damages and class ascertainability and should be produced. The objection to this request was not overruled in the discovery order. Indeed, you did not move against this objection in your motion to compel. I'm happy to confer on this further, but I'd like to focus on what was ordered to be produced.
- Document Request No. 7 and 9 appear to be limited to the Plaintiff, which we do not agree is appropriate. But that's specifically what those requests asked for. Request 7: "All internal communications at your company regarding any vendor that provided you with *the Plaintiff's* telephone number or information." Request 9: "All communications with any third party that dialed the calls to *the Plaintiff.*"
- Document Request No. 13 does not include a denial letter or other correspondence to allow us to understand the current claim status of the policies produced. We will locate and produce the denial letter.
- Document Request No. 17 relates to your client's affirmative defense of consent. It should be produced or withdrawn. We did produce, however I believe there are additional documents that were discovered since we produced, which will be produced later today. This includes the IP address of the person who entered Plaintiff's phone number into the opt-in form, which I understand is located in the Eugene area.

[Quoted text hidden]
[Quoted text hidden]

**Andrew Shute** <Andrew@saltlawgroup.com>                                    Fri, Feb 13, 2026 at 3:06 PM
To: Anthony Paronich <anthony@paronichlaw.com>, Andrew Perrong <a@perronglaw.com>
Cc: Kevin Jacoby <Kevin@saltlawgroup.com>, Neal Shechter <neal@saltlawgroup.com>, Christin Grieser
<ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

Good afternoon:

Please see the attached correspondence from Kevin regarding this additional production of documents from
MAH Group. The referenced documents are included in the .zip file attached to this message.

Thank you.



**Andrew Shute** | Litigation Specialist

T: 503.417.7777
F: 503.214.8816
E: Andrew@SaltLawGroup.com

**SaltLawGroup.com**

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received
this communication in error, please notify me and delete the original and all copies from your system.

[Quoted text hidden]

**2 attachments**

 **20260213 CL Discovery Supp Production_MAH Group.pdf**
717K

 **20260213 Produced to Opposing.zip**
1867K

**Andrew Shute** <Andrew@saltlawgroup.com>                                    Fri, Feb 13, 2026 at 5:48 PM
To: Anthony Paronich <anthony@paronichlaw.com>, Andrew Perrong <a@perronglaw.com>
Cc: Kevin Jacoby <Kevin@saltlawgroup.com>, Neal Shechter <neal@saltlawgroup.com>, Christin Grieser
<ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

Good afternoon:

In addition to the documents provided below, please find the following documents attached to this message:

- 20260127 Klaviyo Email_Known Litigators (Adobe .pdf; Bates: MAH000525)
- 20260212 Hartford Resp to MAH Req for Coverage (Adobe .pdf; Bates: MAH000526-000540)



**Andrew Shute** | Litigation Specialist

T: 503.417.7777
F: 503.214.8816
E: Andrew@SaltLawGroup.com

**SaltLawGroup.com**

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

[Quoted text hidden]

**2 attachments**

 **MAH000525 20260127 Klaviyo Email_Known Litigators.pdf**
799K

 **MAH000526-000540 20260212 Hartford Resp to MAH Req for Coverage.pdf**
952K

**Andrew Shute** <Andrew@saltlawgroup.com>                    Tue, Feb 17, 2026 at 12:29 PM
To: Anthony Paronich <anthony@paronichlaw.com>, Andrew Perrong <a@perronglaw.com>
Cc: Kevin Jacoby <Kevin@saltlawgroup.com>, Neal Shechter <neal@saltlawgroup.com>, Christin Grieser
<ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

Good morning:

The documents listed below were received from Yotpo and are being produced through the Dropbox link below:

- CONFIDENTIAL Yotpo inbound (1) (.csv; Bates: MAH000541)
- CONFIDENTIAL Yotpo outbound (1) (.csv; Bates: MAH000542)

(CONFIDENTIAL) MAH Group Production 20260217

Please let me know if you experience any difficulties with the link.

Thank you.



**Andrew Shute** | Litigation Specialist

T: 503.417.7777
F: 503.214.8816
E: Andrew@SaltLawGroup.com

**SaltLawGroup.com**

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

[Quoted text hidden]

---

**Anthony Paronich** <anthony@paronichlaw.com>        Mon, Feb 23, 2026 at 7:53 PM
To: Kevin Jacoby <Kevin@saltlawgroup.com>
Cc: Andrew Shute <Andrew@saltlawgroup.com>, Andrew Perrong <a@perronglaw.com>, Neal Shechter
<neal@saltlawgroup.com>, Christin Grieser <ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

Counsel:

Our notes on these issues are below now that we've reviewed the supplement:

- For Interrogatory No. 2, the Defendant does not disclose where the numbers came from with respect to the texts sent through Klayvio. **We will amend our response to this interrogatory as soon as possible, but my understanding is that the numbers were imported from Yotpo.**

- For Interrogatory No. 9 and Document Request No. 18, we believe all communications with Klayvio and Yotpo should be identified. **We have produced all communications with Yotpo. Communications from Klaytio are being produced later today.**
    - **It appears the first date your client requested all of the text logs from Yotpo was February 12, 2026 based on this production. Please advise if there are more documents forthcoming.**
- Documents responsive to Document Request No. 5 are relevant to damages and class ascertainability and should be produced. **The objection to this request was not overruled in the discovery order. Indeed, you did not move against this objection in your motion to compel. I'm happy to confer on this further, but I'd like to focus on what was ordered to be produced.**
    - **Please advise when you are available to confer next week.**
- Document Request No. 7 and 9 appear to be limited to the Plaintiff, which we do not agree is appropriate. **But that's specifically what those requests asked for. Request 7: "All internal communications at your company regarding any vendor that provided you with *the Plaintiff's* telephone number or information." Request 9: "All communications with any third party that dialed the calls to *the Plaintiff*."**
    - **No, it identifies the entity in terms of who interacted with the Plaintiff. It does not say "All communications <u>about the Plaintiff</u> with any third party that dialed the calls to *the Plaintiff*." So, please advise when you can confer next week.**
- Document Request No. 13 does not include a denial letter or other correspondence to allow us to understand the current claim status of the policies produced. **We will locate and produce the denial letter.**
- Document Request No. 17 relates to your client's affirmative defense of consent. It should be produced or withdrawn. **We did produce, however I believe there are additional documents that were discovered since we produced, which will be produced later today. This includes the IP address of the person who entered Plaintiff's phone number into the opt-in form, which I understand is located in the Eugene area.**
    - **This request is also not limited to the Plaintiff, so please advise when you are available to confer next week.**

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-0100

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

[Quoted text hidden]

---

**Neal Shechter** <neal@saltlawgroup.com>                    Mon, Feb 23, 2026 at 11:03 PM
To: Anthony Paronich <anthony@paronichlaw.com>, Kevin Jacoby <Kevin@saltlawgroup.com>
Cc: Andrew Shute <Andrew@saltlawgroup.com>, Andrew Perrong <a@perronglaw.com>, Christin Grieser <ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

Anthony:

I am available to confer next week on 3/5. Please advise a time that works for you.

However, we have reviewed this file in detail and are now prepared to cross-move for Rule 11 sanctions against your client in light of the first two pages of the discovery we have provided to you. It is now apparent that paragraphs 21, 23 and 24 of the Complaint are false and need to be withdrawn and the case dismissed. You need to review those pages we

have produced to you and advise your client to withdraw this action immediately. We feel that it is inappropriate to accrue additional attorney fees in light of these issues. If you refuse to withdraw this action and force us to serve you with formal papers under Rule 11 and oppose your existing motion, we will be forced to advise the court that Plaintiff is hiding behind an FRCP 11 safe harbor period to cause us to accrue additional fees in discovery and motion practice, and we will cross-move for every dollar of those fees to be assessed against counsel. I urge you to withdraw this action promptly, before we begin to unwind this mess and seek all available remedies.

Neal

[Quoted text hidden]

---

**Anthony Paronich** <anthony@paronichlaw.com>                                    Tue, Feb 24, 2026 at 7:02 AM
To: Neal Shechter <neal@saltlawgroup.com>, Kevin Jacoby <Kevin@saltlawgroup.com>
Cc: Andrew Shute <Andrew@saltlawgroup.com>, Andrew Perrong <a@perronglaw.com>, Christin Grieser
<ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

Neal:

I will be on a flight on March 5, but can be available at 11:00 your time on March 11.

We'll review any properly served Rule 11 motion and for anything done in contravention of the rules, we will seek appropriate 28 U.S.C. § 1927 sanctions. I'm interested in seeing your case law in support of a "cross motion" for Rule 11 sanctions as our motion was required by a Court Order. Additionally, with your client's various violations of Court Orders, sporadic productions after the Court Ordered deadline and rotating attorneys, I have no idea what you mean by "the first two pages of the discovery".

[Quoted text hidden]

---

**Kevin Jacoby** <Kevin@saltlawgroup.com>                                    Tue, Feb 24, 2026 at 12:05 PM
To: Anthony Paronich <anthony@paronichlaw.com>, Neal Shechter <neal@saltlawgroup.com>
Cc: Andrew Shute <Andrew@saltlawgroup.com>, Andrew Perrong <a@perronglaw.com>, Christin Grieser
<ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

See MAH000001-2. See also MAH000521, the message immediately preceding the email you referenced as the first day our client requested all the text logs from Yotpo.

Please let us know as soon as possible whether you're able to confirm that your client is not associated with IP address ██████████ in any way.

[Quoted text hidden]

---

**Andrew Perrong** <a@perronglaw.com>                                    Tue, Feb 24, 2026 at 12:15 PM
To: Kevin Jacoby <Kevin@saltlawgroup.com>
Cc: Anthony Paronich <anthony@paronichlaw.com>, Neal Shechter <neal@saltlawgroup.com>, Andrew Shute
<Andrew@saltlawgroup.com>, Christin Grieser <ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

We would also draw your attention to the fact that MAH 00002 references another telephone number entirely, 513-497-8392, as well as to MAH000016, which seems to indicate that the subject sign up was completed in the name of "Taken Rosins" and the email of "no@gmail.com." That seems to be confirmed by the document you produced in this email thread as MAH000525, which shows a screenshot with the same information. That is not our client's information and is just junk information insufficient to establish TCPA-specific consent. *See Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 984 (N.D. Cal. 2019).

[Quoted text hidden]

**Kevin Jacoby** <Kevin@saltlawgroup.com>                                      Tue, Feb 24, 2026 at 12:21 PM
To: Andrew Perrong <a@perronglaw.com>
Cc: Anthony Paronich <anthony@paronichlaw.com>, Neal Shechter <neal@saltlawgroup.com>, Andrew Shute
<Andrew@saltlawgroup.com>, Christin Grieser <ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

I guess we'll have to wait for the confirmation I asked for. How long can we expect to wait?

[Quoted text hidden]

---

**Andrew Perrong** <a@perronglaw.com>                                         Tue, Feb 24, 2026 at 12:22 PM
To: Kevin Jacoby <Kevin@saltlawgroup.com>
Cc: Anthony Paronich <anthony@paronichlaw.com>, Neal Shechter <neal@saltlawgroup.com>, Andrew Shute
<Andrew@saltlawgroup.com>, Christin Grieser <ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

You're free to send us a discovery request, perhaps along with a 47 U.S.C. § 551 motion for leave to serve a subpoena on
Comcast, which we won't object to.

[Quoted text hidden]

---

**Neal Shechter** <neal@saltlawgroup.com>                                      Tue, Feb 24, 2026 at 12:31 PM
To: Andrew Perrong <a@perronglaw.com>, Kevin Jacoby <Kevin@saltlawgroup.com>
Cc: Anthony Paronich <anthony@paronichlaw.com>, Andrew Shute <Andrew@saltlawgroup.com>, Christin Grieser
<ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

I've got an even better idea. Why don't we just serve the two of you an RFA today to admit that's an IP Address either
previously or currently used by your client. If you deny it, you'll pay the entire fees and costs of this lawsuit, since consent
is the entire crux of the matter, and although we'll still move for sanctions, cost-shifting will be required instead of optional.

When the two of you are ready to cut out this nonsense, we can talk about putting all of this on pause until we jointly
determine whether there's any truth behind your client's lawsuit, which most Oregon judges will expect you to do. Whether
that is by subpoena, or you simply asking your client, or otherwise.

If you're not ready to have that conversation, I have advised you of what we intend to inform the Court of and the relief we
will be seeking. Feel free to give me a call on my cell if you'd like to discuss further 917-993-3878.



**Neal Shechter** | Attorney

---

T: 503.417.7777
C: 971.266.8027
E: Neal@SaltLawGroup.com

**SaltLawGroup.com**

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received
this communication in error, please notify me and delete the original and all copies from your system.

**From:** Andrew Perrong <a@perronglaw.com>
**Sent:** Tuesday, February 24, 2026 9:23 AM
**To:** Kevin Jacoby <Kevin@saltlawgroup.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>; Neal Shechter <neal@saltlawgroup.com>; Andrew Shute <Andrew@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** Re: Wilson v. MAH Group; Supplemental Production

You're free to send us a discovery request, perhaps along with a 47 U.S.C. § 551 motion for leave to serve a subpoena on Comcast, which we won't object to.

On Tue, Feb 24, 2026 at 9:21 AM Kevin Jacoby <Kevin@saltlawgroup.com> wrote:

> I guess we'll have to wait for the confirmation I asked for. How long can we expect to wait?
>
> 
>
> **Kevin Jacoby** | Attorney
>
> _____
>
> T: 503.417.7777
> F: 503.214.8816
> E: Kevin@SaltLawGroup.com
>
> **SaltLawGroup.com**
>
> **Confidentiality Notice:**
> This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

**From:** Andrew Perrong <a@perronglaw.com>
**Sent:** Tuesday, February 24, 2026 9:16 AM
**To:** Kevin Jacoby <Kevin@saltlawgroup.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>; Neal Shechter <neal@saltlawgroup.com>; Andrew Shute <Andrew@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** Re: Wilson v. MAH Group; Supplemental Production

We would also draw your attention to the fact that MAH 00002 references another telephone number entirely, 513-497-8392, as well as to MAH000016, which seems to indicate that the subject sign up was completed in the name of "Taken Rosins" and the email of "no@gmail.com." That seems to be confirmed by the document you produced in this email thread as MAH000525, which shows a screenshot with the same information. That is not our client's information and is just junk information insufficient to establish TCPA-specific consent. *See Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 984 (N.D. Cal. 2019).

[Quoted text hidden]

---

**Anthony Paronich** <anthony@paronichlaw.com>                                      Tue, Feb 24, 2026 at 1:44 PM
To: Neal Shechter <neal@saltlawgroup.com>, Andrew Perrong <a@perronglaw.com>, Kevin Jacoby <Kevin@saltlawgroup.com>
Cc: Andrew Shute <Andrew@saltlawgroup.com>, Christin Grieser <ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

Counsel:

Of course, you should feel free to serve whatever discovery you think is appropriate and we will provide a response. However, there are a few things you are simply ignoring or should further consider.

First, we've already indicated, but allow us to be clear, that is not our client's IP address. Even though he did not need to, Andrew Perrong indicated that there's a process for a motion you can file to find out whose it is. Notably, as Andrew also pointed out, your basing your consent off of (a) someone else's name and (b) someone else's phone number. That's insufficient to be our client's consent.

Second, as Andrew also already pointed out, you're basing your consent on language that is insufficient under the TCPA.

Third, as you should know from a review of the production and your client's file (including multiple communications with your client's attorney), your client has continued to text our client after the filing of the lawsuit. While there is not consent in the first place, the filing of this lawsuit would clearly be a revocation of any purported consent and your client's continued contact of him is in violation of the statute.

In sum, if you want to file a motion seeking "every dollar" of whatever costs your client has incurred, we will respond appropriately and with our own request for relief as we have also indicted. However, since we have given you many reasons why your position is factually and legally insufficient, I hope that won't be necessary.

Finally, I've never had an attorney tell me that I need to "cut out this nonsense", and perhaps the Court will view that differently, but we don't believe that to be an appropriate course of conduct. This is especially true when it is your client that made the decision not to participate in discovery for months, then sent us AI generated discovery responses and did not meet the Court's (extended) deadline for production under the Court's Order and is facing a pending sanctions motion. It is our hope that you will able to litigate this case more professionally going forward.

[Quoted text hidden]

---

**Neal Shechter** <neal@saltlawgroup.com>                                    Tue, Feb 24, 2026 at 2:28 PM
To: Anthony Paronich <anthony@paronichlaw.com>, Andrew Perrong <a@perronglaw.com>, Kevin Jacoby <Kevin@saltlawgroup.com>
Cc: Andrew Shute <Andrew@saltlawgroup.com>, Christin Grieser <ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

I'm happy to seize the mantle of the first attorney to tell you to cut out nonsense, and equally happy that doing so has finally generated a response to our repeated inquiries about the IP address. I agree, professionalism is important and cuts both ways. On that note, given your client's lengthy rap sheet, I hope that you have done the diligence on this. We'll be following up with formal discovery and a subpoena. I again urge you to consider a pause in further legal expenditure and a cooperative effort to determine the identity of the Oregon resident who entered the information from an Oregon Comcast IP address. Doing so would seem to be a wise effort to avoid extensive legal fees and costs being assessed to your client and your firms in the future. We've each made our record; that record will undoubtedly be before the Court in a few months once the subpoena comes back.



**Neal Shechter** | Attorney

---

T: 503.417.7777
C: 971.266.8027
E: Neal@SaltLawGroup.com

**SaltLawGroup.com**

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

[Quoted text hidden]

---

**Andrew Shute** <Andrew@saltlawgroup.com>                                    Wed, Feb 25, 2026 at 5:28 PM

To: Anthony Paronich <anthony@paronichlaw.com>, Andrew Perrong <a@perronglaw.com>
Cc: Kevin Jacoby <Kevin@saltlawgroup.com>, Neal Shechter <neal@saltlawgroup.com>, Christin Grieser
<ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

Good afternoon:


The following documents are being provided by MAH Group and are attached to this email in a .zip file:


- 20260120-20260213 Klaviyo Email_2026 partnership + overages (.pdf; Bates: MAH000543-000545)
- 20260127-20260213 Klaviyo Email_(3695658) TCPA Claim (.pdf; Bates: MAH000546-000552)
- 20260130 Klaviyo Email_Awaiting Your Reply_TCPA Claim (.pdf; Bates: MAH000553-000554)
- 20260206 Klaviyo Email_Your ticket has been closed_TCPA Claim (.pdf; Bates: MAH000555)
- 20260225 Yotpo Email_Phone Number Typo (.msg; Bates: MAH000556)

[Quoted text hidden]

**20260225 Produced to Opposing.zip**
3675K

# Re: Yotpo x Wolfpak IRL Meeting

From: Michael <michael@wolfpak.com>
Thu, 02/12/2026, 19:07 UTC

To: Anna Shaffer <anna.shaffer@yotpo.com>;
Cc: Rachel Kirschenbaum <rbernstein@yotpo.com>; Erick Kuylman
    <Erick@saltlawgroup.com>; Kevin Jacoby <Kevin@saltlawgroup.com>; Christin
    Grieser <ChristinG@saltlawgroup.com>;

Attachments:

Hello Anna,

We have been ordered to get all messages from all subscribers
from the platform.

Can you have your team send this to me?

Michael

On Tue, Jan 27, 2026 at 8:54 AM Anna Shaffer  > wrote:


Hi Michael,

Here is the information you requested:

*       Customer IP address at time of sign up: ███████████
*       At the time of sign up, your settings were single opt-
in, meaning that the customer did not need to verify their
subscription to your program. More information on single vs.
double opt-in can be found here  .

All the best,
Anna

On Mon, Jan 26, 2026 at 1:55 PM Anna Shaffer  > wrote:


Hi Michael,

Confirming receipt here. Please note that our R&D team who
handles these queries is based in Europe, so I won't hear back

until tomorrow at the earliest.

All the best,
Anna

On Mon, Jan 26, 2026 at 1:47 PM Michael  > wrote:


Hello Anna,

Can you pull the IP Address when this number was added and can
you check that our double verification is set up?

Would need by tomorrow...

On Tue, Jan 20, 2026 at 8:46 AM Anna Shaffer  > wrote:


Hi Michael,

I am attaching original records and response from our legal
team from your request in May 2025. This includes the delivery
logs and relevant opt-in data. Let me know if you have any
questions.

All the best,
Anna


On Tue, Jan 20, 2026 at 8:39 AM Michael  > wrote:


Today is the deadline.

On Tue, Jan 20, 2026 at 8:34 AM Anna Shaffer  > wrote:


Hi Michael,

Many apologies for the delay as we were out for the holiday
yesterday. Confirming receipt here, we will work with our legal
team to get you the requested information. Is there a specific
date this is needed by?

All the best,
Anna

On Fri, Jan 16, 2026 at 4:11 PM Michael  > wrote:


Hello Anna,

The court is requesting the below if you can have your team
provide in regards to the number attached in the letter.


16. Please produce all documents containing any of the
following information for

each outbound telemarketing call or text message sent by you or
your vendors,

including those made to the Plaintiff: a) the date and time; b)
the caller ID; c) any

recorded message used; d) the result; e) identifying
information for the recipient;

and f) any other information stored by the call detail records.

RESPONSE: Objection. This request is vague, ambiguous, and
overly broad as to

the scope of documents regarding "each outbound telemarketing
call or text

message sent by you or your vendors." This request is further
improperly

compound.


On Mon, May 19, 2025 at 7:37 AM Anna Shaffer  > wrote:


Of course — happy to help!

On Sun, May 18, 2025 at 5:19 PM Michael  > wrote:


This is great, thank you!

On Mon, May 12, 2025 at 10:43 AM Anna Shaffer  > wrote:


Hi Michael,

Please see attached for the response from our legal director, as well as a timeline of all sms interactions with the phone number.

Let me know if we can provide any additional information.

All the best,
Anna

On Fri, May 9, 2025 at 3:59 PM Anna Shaffer  > wrote:


Hi Michael,

Thank you for flagging this with me — I will forward this to our legal team straightaway and follow up as soon as I have the requested information from them.

Yes, the number they are referring to (866-613-5096) is your toll-free number, this is the number that you send texts from in the US/Canada.

All the best,
Anna

On Fri, May 9, 2025 at 12:03 PM Michael  > wrote:


Hello Anna,

We picked up another letter today, can you have your team investigate and support this number that they signed up for text or we don't have any communication from them?

Also is the number listed sending (from apparently us, a number you have)

Michael

On Fri, Apr 18, 2025 at 4:34 PM Michael  > wrote:

For sure

WOLFpak
1945 Placentia Ave
B1
Costa Mesa, CA
92627

On Fri, Apr 18, 2025 at 4:33 PM Anna Shaffer  > wrote:


Perfect — looking forward to it! Do you mind sending me the
address when you have a moment?


Anna Shaffer

Customer Success Manager, SMS Key Accounts


e:   anna.shaffer@yotpo.com

  Get more from your eCommerce marketing.




On Fri, Apr 18, 2025 at 4:32 PM Michael  > wrote:


That works for me.

On Fri, Apr 18, 2025 at 8:53 AM Anna Shaffer  > wrote:


Hi Michael,

Happy Friday! Just wanted to follow up here. How does 1pm next
Tuesday work for our meeting?

All the best,
Anna

On Thu, Apr 10, 2025 at 9:35 PM Anna Shaffer  > wrote:


Hi Michael,

Perfect — Tuesday the 22nd sounds great. What time of day is
best for you?

Looking forward to it!
Anna

On Wed, Apr 9, 2025 at 12:09 PM Michael  > wrote:


Tuesday the 22nd

On Wed, Apr 9, 2025 at 9:43 AM Anna Shaffer  > wrote:


Hey Michael,

Of course! Unfortunately I am actually going to be visiting our
New York team from the end of this week through the end of
next, but I'd love to get something on the calendar for the
following week if that's open for you!

Maybe Tuesday the 22nd or Wednesday the 23rd?

All the best,
Anna

On Tue, Apr 8, 2025 at 9:00 PM Michael  > wrote:


Hello Anna,

Thank you for the bump, what do you have available this week or
next?

I'm here everyday, even Saturday and Sunday...

On Thu, Apr 3, 2025 at 1:37 PM Anna Shaffer  > wrote:


Hi Michael,

I hope your week is going well :)

I know when we met a few months back we discussed the possibility of setting up an in-person meeting (since we're pretty much neighbors!) — I'd love to actually get something on the calendar!

I was thinking we could use the time to go through a performance/optimization review, as well as walkthrough our Email/SMS roadmap so you can get an idea of what's coming at Yotpo.

How does the week of April 21st, or the week of May 5th look for you and the team?

All the best,
Anna

--


Anna Shaffer

Customer Success Manager, SMS Key Accounts


e:   anna.shaffer@yotpo.com

   Get more from your eCommerce marketing.




--


Anna Shaffer

Customer Success Manager, SMS Key Accounts


e:   anna.shaffer@yotpo.com

Get more from your eCommerce marketing.

——

Anna Shaffer

Customer Success Manager, SMS Key Accounts

e:   anna.shaffer@yotpo.com

   Get more from your eCommerce marketing.

——

Anna Shaffer

Customer Success Manager, SMS Key Accounts

e:   anna.shaffer@yotpo.com

   Get more from your eCommerce marketing.

——

Anna Shaffer

Customer Success Manager, SMS Key Accounts

e:   anna.shaffer@yotpo.com
   Get more from your eCommerce marketing.

——

Anna Shaffer

Customer Success Manager, SMS Key Accounts

e:   anna.shaffer@yotpo.com
   Get more from your eCommerce marketing.

——

Anna Shaffer

Customer Success Manager, SMS Key Accounts

e:   anna.shaffer@yotpo.com
   Get more from your eCommerce marketing.

--

Anna Shaffer

Senior Strategy Manager

e:   anna.shaffer@yotpo.com

--

Anna Shaffer

Senior Strategy Manager

e:   anna.shaffer@yotpo.com

--

Anna Shaffer

Senior Strategy Manager

e:    anna.shaffer@yotpo.com

--

Anna Shaffer

Senior Strategy Manager

e:    anna.shaffer@yotpo.com