UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLIER BROWN, *individually and on behalf of all those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>MAH GROUP INC,<br><br>Defendant. | Case No.: **8:25-cv-00051-FWS-DFM**<br><br>Judge Fred W. Slaughter<br>Magistrate Judge Douglas F. McCormick<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S REQUEST FOR REASONABLE EXPENSES REGARDING MOTION TO COMPEL DISCOVERY RESPONSES** |

Considering the papers and arguments, and finding good cause, Plaintiff's Request for Reasonable Expenses (ECF 22) is **GRANTED**.

It is ORDERED that:

1. Defendant shall pay to Plaintiff's counsel within thirty (30) days from the date of this Order the amount of $11,400 as Plaintiff's reasonable expenses in preparing and filing the Motion to Compel, the proposed Order, and the accompanying Declaration of Gerald D. Lane Jr.

IT IS SO ORDERED.

Date: February 3, 2026

HON. DOUGLAS F. MCCORMICK
UNITED STATES MAGISTRATE JUDGE

1

Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **COLLIER BROWN**, *individually and on behalf of all those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>**MAH GROUP INC**,<br><br>Defendant. | Case No.: **8:25-cv-00051-FWS-DFM**<br><br>Judge Fred W. Slaughter<br>Magistrate Judge Douglas F. McCormick<br><br>**REQUEST FOR REASONABLE EXPENSES REGARDING MOTION TO COMPEL DISCOVERY RESPONSES** |

## BACKGROUND

Plaintiff, Collier Brown moved on October 24, 2025, to compel Defendant to supplement and provide discovery responses [DKT 17]. On December 15, 2025, the Court signed the Order granting Plaintiff's Motion, allowing 30 days to file documents regarding Plaintiff's counsel's entitlement to attorney's fees. [DKT 19].

Plaintiff's counsel spent significant time preparing the Motion to Compel. Plaintiff requests his reasonable costs associated with bringing the Motion to Compel described below.

1
REQUEST FOR REASONABLE EXPENSES REGARDING MOTION TO COMPEL DISCOVERY RESPONSES

## MEMORANDUM OF POINTS AND AUTHORITIES

In the Ninth Circuit, the court must perform a two-step process to determine the reasonableness of any fee award. *Fischer v. SJB-RD., Inc.,* 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court determines the "lodestar figure." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.* As to the reasonable hourly rate, the court discerns the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* at 979.

The fee applicant has the burden of producing satisfactory evidence that the rates requested meet the above standards. *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). "Affidavits of the plaintiffs' attorney regarding prevailing fees in the community, and rate determinations in other cases are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am v. Phelps Dodge Corp.*, 896 F. 2d 403, 407 (9th Cir. 1990) The number of hours expended by Plaintiffs' counsel is detailed in the table below. All of the activities in the table are related to preparing and filing the Motion to Compel with accompanying Declaration from Gerald D. Lane Jr. Esq. (DKT 17).

*Reasonableness of Time Spent*

| DATE | DESCRIPTION | HRS | RATE | AMOUNT |
|---|---|---|---|---|
| 10/15/25 | Review Fed. Rules of Civil Procedure and C.D. Cal. local rules regarding Motions to Compel relating to interrogatory responses and production | 7.00 | $600.00 | $ 4,200.00 |

2
REQUEST FOR REASONABLE EXPENSES REGARDING MOTION TO COMPEL DISCOVERY RESPONSES

|  |  |  |  |  |
|---|---|---|---|---|
|  | of documents; legal research on Motions to Compel further discovery; search for and identify appropriate examples of such Motions in the C.D. Cal. |  |  |  |
| 10/17/25 | Begin drafting Motion to Compel | 4.00 | 600.00 | $2,400.00 |
| 10/21/25 | Continue work on Motion to Compel (review Fed. R. Civ. P., research standards for determining compliance with discovery requests in the 9th Cir.); draft Declaration of Gerald D. Lane. Jr. Esq | 6.00 | 600.00 | $3,000.00 |
| 10/24/25 | Reviewed, compiled and finalized Motion to Compel and Exhibits accompanying Motion to Compel; filed Motion to Compel and submitted proposed Order | 2.00 | 600.00 | $1,800.00 |

**Totals = 19.00 hours     $11,400.00**

The number of hours expended by Plaintiff's counsel is reasonable, given the working circumstances of Plaintiff's counsel and the efforts made as detailed above. This District has approved greater hours for similar work. See *Nguyen v Regents of the Univ. of Cal.,* No. 8:17-cv-00423-JVS-KESx, 2018 U.S. Dist Lexis 226622, at *10-11 (C.D. Cal.May 18, 2018) (approving 36.1 hours for the preparation of a joint stipulation); *Dish Network L.L.C. v. Jadoo TV Inc.,* No. 2:18-cv-9768-FMO (KSx), 2019 U.S. Dist. LEXIS 221869, at *18 (C.D. Cal. Nov. 8, 2019) (approving 32 hours for the preparation of a discovery motion).

*Reasonableness of Hourly Rate*

The hourly rate of $600 per hour for Plaintiff's counsel, a partner at Jibrael Law, is reasonable. The relevant community for determining a reasonable hourly rate is the Central District of California because it is the forum in which the district court sits. See *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010). The "prosecution and management of a complex [] class action requires unique legal skills and abilities" that are to be considered when

evaluating fees. *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2007). In 2024, a Central District judge found a reasonable range of $567 to $870, with a median rate of $677 for partners in who practice labor and employment class actions. See *Cuellar v. First Transit Inc.*, No. 8:20-cv-01075-JWH-JDE, 2024 U.S. Dist. LEXIS 3747, at *32-33 (C.D. Cal. Jan. 8, 2024). In a 2023 TCPA class action like the instant action, a Central District judge found a reasonable rate of $900 for a partner with over 20 years' experience, $750 for a partner with over 10 years of experience, and $400 for a junior associate. See *Serrano v. Open Rd. Delivery Holdings, Inc.*, No. 2:22-cv-07245-SB-AS, 2023 U.S. Dist. LEXIS 223991, at *11 (C.D. Cal. Dec. 13, 2023). Additionally, other courts in California have approved a $1,000 rate for a partner in a consumer class action. *Elder v. Hilton Worldwide Holdings, Inc.*, No. 16-CV-00278, 2021 U.S. Dist. LEXIS 204099, 2021 WL 4785936, at *9 (N.D. Cal. Feb. 4, 2021).

In this case, Attorney Lane graduated law school in 2022 and has been licensed to practice law in both California and Florida since 2023. Attorney Lane became a Partner at Jibrael Law in 2024, and has managed hundreds of TCPA cases to reasonable resolutions for his clients. Attorney Lane has also represented thousands of consumers in matters involving unlawful debt collection, inaccurate credit reporting and data privacy violations. The types of cases Attorney Lane handles vary, including individual litigation, class action litigation, and arbitration proceedings. His work spans multiple federal districts including, the Northern, Southern, Eastern, and Central Districts of California; the Northern Middle, and Southern Districts of Florida; and the Northern District of Illinois. However, a large majority of the cases Attorney Lane has handled are TCPA class actions. Thus, a $600/hour hourly rate for Attorney Lane is reasonable within this District.

*The Exceptions in Fed. R. Civ. P. 37(a)(5)(i)-(iii) Do Not Apply*

The court should not order payment of movant's reasonable expenses if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(i)-(iii).

In this case, Plaintiffs did not file the Motion to Compel before attempting in good faith to confer via phone and email with opposing counsel and resolve the disputes. In fact, beginning September 27, 2025, a little less than a month before the Motion to Compel was filed, Plaintiff's counsel tried several times to meet and confer with Defendants' counsel regarding their discovery deficiencies. Plaintiff's counsel waited a couple weeks for a response, then was left with no choice but to prepare the Motion to Compel. Plaintiff then filed the Motion to Compel on October 24, 2025.

In this case, Defendant did not contest the Motion to Compel, or the additional discovery sought therein. It is extraordinarily difficult to imagine circumstances that would make the award of expenses requested in this case unjust.

Dated: January 14, 2026

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**GERALD D. LANE, JR., ESQ.**
California Bar No.: 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

5
REQUEST FOR REASONABLE EXPENSES REGARDING MOTION TO COMPEL DISCOVERY RESPONSES

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 14, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

    /s/ Gerald D. Lane Jr.
**GERALD D. LANE, JR., ESQ.**
California Bar No.: 352470