Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff<br><br>vs.<br><br>MAH GROUP, INC.<br><br>    Defendant. | Case No. 6:25-cv-00855-MTK<br><br>PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIALS IN SUPPORT OF FIRST MOTION FOR SANCTIONS<br>TCPA (47 U.S.C. § 227) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIALS IN SUPPORT OF FIRST MOTION FOR SANCTIONS

**MOTION**

Plaintiff Chet Michael Wilson respectfully moves this Court for leave to file supplemental materials in further support of his pending Motion for Attorney's Fees and Other Sanctions (ECF No. 29). On April 2, 2026, and during the pendency of this instant motion, defense counsel served Plaintiff's counsel with the April 1, 2026 Declaration of Alan Birch, Yotpo's in-house counsel, which Defendant apparently intends to offer in support of a forthcoming Rule 11 motion against Plaintiff's counsel. This declaration constitutes a material development directly relevant to the issues of consent and compliance with this Court's orders at the heart of Plaintiff's sanctions motion. They are further relevant because Defendant's opposition to Plaintiff's sanctions motion placed "consent" at the center of its argument. Plaintiff respectfully requests leave to bring the points referenced herein to the Court's attention.

**ARGUMENT**

1. **The Birch Declaration contains indicia of unreliability.**

The Birch Declaration purports to confirm that Plaintiff's phone number "opted in" to receive marketing messages from WolfPak on January 1, 2025, and that IP address 73.240.XX.XX was associated with that event. (Birch Dec. ¶ 2–3, 7). Mr. Birch states that "Yotpo's collection of IP Address information occurs specifically at opt-in, and not at the time of subsequent outgoing SMS message delivery." *Id.* at ¶ 7.

But Yotpo's own data, attached as Exhibit A to the Birch Declaration, contradicts Mr. Birch's testimony. The field in which the IP address appears is labeled "lastKnownIp," not "subscriptionIp," "signupIp," or any equivalent. The plain meaning of "last known" denotes the most recent IP address associated with the account, not the IP address recorded at the time of the initial opt-in event. And, this makes sense, as Plaintiff outlines in his reply, since he clicked the

Motion for Leave                                      1

links in the unsolicited text message calls that were sent to him to determine who sent them. Mr. Birch's declaration asserts that IP addresses are collected "specifically at opt-in," yet the data field Yotpo's own system uses is inconsistent with that characterization.

Moreover, Exhibit A reveals that the account record was originally created on May 11, 2022 ("externalCreatedAt": "2022-05-11T19:10:19Z"). If Yotpo's system records IP addresses "specifically at opt-in," the IP address should correspond to the 2022 account creation, not to a purported January 2025 SMS opt-in event, which post-dates the account by nearly three years. That 2022 date raises obvious questions about what events are actually being described and whether Defendant's new declaration reliably establishes a January 1, 2025 opt in at all. The geolocation data embedded in the record also points to coordinates in the Redmond, Washington area (longitude: -122.118, latitude: 47.669), and lists a zip code of 98052 in Redmond, Washington, not Oregon, where Plaintiff resides.

As Plaintiff previously noted in his Reply brief, the Exhibit confirms that the 2022 sign-up bears the name "Taken Rosins" and the email address "no@gmail.com," which are significant indicia of unreliability insufficient to establish TCPA-specific consent. Moreover, the data reflects multiple telephone numbers associated with this single account profile beyond Plaintiff's number, including numbers with area codes in Washington (206-632-XXXX), Missouri (314-258-XXXX), an invalid telephone number (523-865-XXXX), Iowa (515-561-XXXX) and Quebec, Canada (514-333-XXXX). The existence of numerous geographically dispersed phone numbers tied to a single profile bearing a fictitious name and a plainly fake email address further undermines any inference that the Plaintiff, or any real individual, for that matter, knowingly and voluntarily consented to receive marketing messages to the Plaintiff's number.

These inconsistencies do not clarify Defendant's opposition or argument for why it

Motion for Leave                                    2

should not be sanctioned simply because the Plaintiff allegedly consent. Instead, such inconsistencies and features further muddy the evidence and simply serve to highlight the need for class calling and consent data to fully evaluate the records at issue here.

**2.  The Birch Declaration demonstrates control over Yotpo.**

Perhaps most significantly, the Birch Declaration demonstrates that Defendant has the ability to communicate with Yotpo, obtain detailed data queries from Yotpo's internal systems, and secure sworn declarations from Yotpo's in-house counsel when it serves Defendant's own interests. It did all these things in furtherance of its own litigation strategy. Yet, Defendant has represented to this Court that it cannot produce classwide calling and consent data from Yotpo because doing so requires the "assistance and cooperation of a third party." (Oppn at 6).

That representation is belied by the record. Defendant was able to obtain from Yotpo a detailed query of an individual subscriber's account, complete with dated history, IP address data, campaign records, and a sworn declaration from Yotpo's in-house counsel, all dated within the time frame in which Defendant claims it has been unable to produce the classwide records this Court ordered produced months ago. Defendant's compliance deadline expired on January 30, 2026, and Defendant has still not produced complete classwide Yotpo data, including aggregate class calling and consent records that this Court compelled. Defendant cannot credibly claim that Yotpo is uncooperative when it has enlisted Yotpo's active participation in preparing an offensive motion and declaration against the Plaintiff.

Defendant's selective engagement with Yotpo, cooperating when it serves its litigation interests, but failing to do so to comply with a court order, is precisely the type of conduct that warrants the continued imposition of sanctions for failure to produce the data the Court compelled and further reinforces why this Court should grant Plaintiff's pending motion and

Motion for Leave                                      3

impose the requested coercive sanctions until Defendant produces all compelled discovery, including complete classwide calling records (and consent records) from Yotpo.

## **CONCLUSION**

The requested supplementation is narrow. Plaintiff seeks leave only to file the Birch Declaration materials and related correspondence that Defendant itself has provided as supplemental exhibits, and to submit this short explanation of their relevance. Granting leave will aid the Court in resolving the already-pending sanctions issues on a fuller and more current record, without prejudice to Defendant, and in fact on the basis of the Defendant's own evidence. RESPECTFULLY SUBMITTED AND DATED this April 8, 2026.

> s/Andrew Roman Perrong
> Andrew Roman Perrong, OSB No. 243320
> a@perronglaw.com
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, PA 19038
> 215-225-5529
> Lead Attorney for Plaintiff and the Proposed Class

## **LR 7-1 CERTIFICATION**

Plaintiff's counsel, Andrew Perrong, conferred with counsel for the Defendant, Kevin Jacoby, on April 7, 2026. The motion is opposed.

Dated: April 8, 2026

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong

Motion for Leave                                    4

**CERTIFICATE OF PAGE COUNT**

This brief complies with the applicable page-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains exactly 4 pages, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

Dated: April 8, 2026.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: April 8, 2026.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.