Kevin J. Jacoby, OSB No. 063783
Email: kevin@saltlawgroup.com
Neal S. Shechter, OSB No. 185119
Email: neal@saltlawgroup.com
SALT
100 SW Main St, Ste 1025
Portland, OR  97204
Phone: 503.417.7777

*Of Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CHET MICHAEL WILSON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**MAH GROUP, INC. D/B/A WOLFPAK**,<br><br>Defendant. | Case No. 6:25-cv-00855-MTK<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS FOR CONTINUED FAILURE TO COMPLY WITH COURT ORDER**<br>**TCPA (47 U.S.C. § 227)** |

## I.    INTRODUCTION

This case is a putative TCPA class action, in which the only named Plaintiff consented to receive the marketing messages at issue. Rather than withdraw the lawsuit, Plaintiff's counsel has continued to pursue vexatious litigation against Defendant, including this Second Motion for Sanctions (the "Motion"). The Motion appears to argue that Defendant's prior willingness to request and produce records from a non-party marketing company, Yotpo, amounts to all the records in Yotpo's control being in Defendant's control and thus Defendant should be sanctioned

PAGE 1 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS

because unspecified documents in Yotpo's possession have not been produced. The entire Motion is spurious, and every single part of the preceding sentence is factually and legally wrong.

Plaintiff is well able to subpoena pertinent records from Yotpo,[1] it is unclear why there is any reluctance to do so. Perhaps the reluctance to subpoena Yotpo directly is because of Plaintiff's concern for imposing a discovery burden on a third party in violation of FRCP 45(d)(1) which prevents a Plaintiff from "imposing undue burden or expense" on a nonparty that is subject to a subpoena.[2] If so, that underscores the vexatious nature of this Motion, especially considering the lack of merit to this case.

The thrust of the Motion—that all of Yotpo's records are in Defendant's possession and control because Defendant asked for some records from Yotpo in discovery, is unsupported by any case law, because it is unsupportable. The argument has been repeatedly rejected by the Ninth Circuit since at least 1989, which requires a showing of *actual* control, rather than some practical or objective analysis. *See United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1454 (9th Cir. 1989); *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999); *Int'l Longshore & Warehouse Union v. ICTSI Oregon, Inc.*, No. 3:12-CV-1058-SI, 2018 WL 6305665, *3 (D. Or. Dec. 3, 2018) (Simon, M.); *In re Tavernier*, No. 21-31157-DWH7, 2022 WL 5224019, *1 (Bankr. D. Or. Oct. 5, 2022). The Motion abjectly misrepresents a number of cited cases in an attempt to blur the clear precedent in this jurisdiction which bars the central argument made by Plaintiff.

---

[1] Plaintiff has demonstrated familiarity with this process by serving subpoenas on at least three different marketing vendors, Klaviyo, the vendor that replaced Yotpo, and two additional vendors with no connection to Defendant.

[2] "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Rule 45(d)(1).

PAGE 2 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS



100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

But the Motion isn't just legally wrong, it is also factually wrong and disingenuous—Plaintiff's Motion ignores the records that have already been produced and Defendant's repeated offer to assist with coordinating additional production from nonparties to get to the merits of this matter.

## II.     FACTUAL BACKGROUND

The undersigned counsel first appeared in this suit on January 15, 2025. Soon thereafter, they provided Plaintiff with conclusive evidence from MAH's former marketing vendor, Yotpo, Inc. ("Yotpo") that Plaintiff had consented to receive marketing messages from Defendant via Yotpo and that Yotpo is not even subject to the TCPA, because Yotpo does not use an "ATDS" system. Decl. of Neal Shechter ISO Opp. to Second Motion for Sanctions (hereinafter, "Decl.") at ¶ 3, Ex. A, MAH000001-MAH000002. After Plaintiff's counsel refused to withdraw this lawsuit and demanded additional "class" discovery, Defendant contacted Yotpo to request copies of all outgoing texts placed on its behalf. Decl. at ¶ 2. To date, Defendant has provided 560 pages of discovery, including the TCPA compliant pop-up where Plaintiff and putative class members consented to receive marketing messages by providing a phone number to Yotpo, and multiple lengthy spreadsheets of messages sent to consenting consumers by nonparties, including Yotpo. Decl. at ¶ 2.

Further investigation by Defendant resulted in Plaintiff being provided with the Oregon IP address of the party that consented to receive the messages by entering Plaintiff's telephone number in Defendant's TCPA-compliant pop-up, 73.240.49.37. Dec. at ¶ 4, Ex. B, Email Conversation between Counsel. Initially, Plaintiff's Counsel unequivocally denied it was Plaintiff's IP address; however, Plaintiff subsequently admitted that the IP address was assigned to him. Decl. at ¶ 4, Ex. B, Email Conversation between Counsel, Ex. C, Plaintiff's RFA

PAGE 3 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS



Salt

100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

Response. After this admission, Defendant's Counsel queried Plaintiff's Counsel as to the good faith basis for continuing the lawsuit and requested they agree to a stay until the consent issue was addressed. Decl. at ¶ 5. The request was refused. *Id*.

Instead, Plaintiff continued to press Defendant for nonparty records while simultaneously refusing to clarify what records were even being asked for. During what was intended to be a conferral, undersigned counsel offered in good faith to assist Plaintiff with getting additional records from nonparty Yotpo. Undersigned counsel requested that Plaintiff identify the records sought from Yotpo with specificity. Plaintiff refused. After the telephone conversation, undersigned counsel again requested for a second time that Plaintiff identify the records sought from Yotpo. Plaintiff responded only:

> "We are requesting that you obtain from Yotpo precisely what the Court ordered to be produced in Request 17 [to Defendant]."

Decl. at ¶ 6, Ex. D. After Defendant requested an informal discovery conference with the Court on March 31, 2026, concerning unrelated issues, Plaintiff then rushed to file this Motion several hours later, including in the Motion a false certification pursuant to LR 7-1 that a "good faith" conferral had occurred. In fact, conferral had proceeded as described above.

### III.    ARGUMENT

**1.    Plaintiff's Motion should be denied because it ignores the Ninth Circuit's longstanding test for control and fails to establish that Defendant has actual control of non-party records.**

Plaintiff does not provide a single legal authority which supports the position that a party corporation has control over the documents of a wholly independent nonparty corporation when the party has the practical ability to ask for and potentially receive some documents from the nonparty. The Motion repeatedly mischaracterizes the holdings of cited case law Plaintiff relies upon and the citations themselves are riddled with mistakes.

PAGE 4 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS



100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

The Motion asserts that the controlling case law in this matter stands for exactly what it does not. Plaintiff inexplicably ignores the Ninth Circuit's clear admonition and holding that "control must be firmly placed in reality…not in an esoteric concept…we inquire whether *actual* control existed." *United States v. Int'l Union of Petroleum & Indus. Workers*, *AFL-CIO*, 870 F.2d 1450, 1453-1454 (9th Cir. 1989) (emphasis in the original). Instead, Plaintiff willfully misrepresents *International Union* to stand for the proposition that a practical ability to request and obtain records is sufficient for legal control. *See* Mot. at 5. Contrary to what Plaintiff asserts, this opinion does not discuss agency, agency relationships, vendors, or even, as the Motion argues, the "practical ability to obtain [records] on demand." Mot. at 5-6.

The *International Union* court further held that the burden of establishing *actual* control is on the moving party. *See International Union*, 870 F.2d at 1452 (*citing Norman v. Young,* 422 F.2d 470, 472–73 (10th Cir.1970)). Defendant does not have control of nonparty Yotpo or its records, nor does the Motion proffer any evidence of such control beyond the simple fact that Defendant has previously requested records from Yotpo. In *International Union* the parties disagreed on whether an international labor organization had control over its local unions such that it could be compelled to produce records from the local unions. *Id*. at 1453-1454. The court held that absent a parent/subsidiary relationship where there is legal control, the international labor organization did *not* have control over its local unions and that the party seeking documents should obtain them "directly from the [nonparty]." *Id*. at 1454. Here, MAH and Yotpo have an even *more* tenuous relationship than the unions, as Yotpo is a *prior* vendor of MAH with a vendor relationship that terminated in August 2025. To the extent Plaintiff asserts a right to Yotpo's records that are relevant in this proceeding, a subpoena should be served on Yotpo by Plaintiff. It is Plaintiff, not Defendant who has the responsibility to confer ***directly with***



100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

*Yotpo* regarding records within Yotpo's control. As noted above, this Motion appears to be a transparent and vexatious attempt to circumvent FRCP 45(d)(1).

In more than ten pages of content[3], Plaintiff deceptively cherry-picks opinions from trial courts examining discovery obligations *in the parent-subsidiary context* which clearly do not apply here, as no parent-subsidiary relationship is alleged (or exists). *See* Mot. at 6, citing *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 228 F.R.D. 426 (W.D.N.Y. 2004)[4] (ruling on whether a *parent* corporation had control over its *subsidiary* for purposes of compelling production). Some of these cherry-picked parent-subsidiary cases in fact include language **expressly rejecting Plaintiff's argument**, language which should have been reviewed prior to the filing of this Motion. *See* Mot. at 7, citing *Finmeccanica S.P.A. v. Gen. Motors Corp.*, No. CV078222SJOPJWX, 2008 WL 11338889 (C.D. Cal. May 30, 2008) (a company "which **does not own or control** any of [the nonparty] subsidiaries, **should not be compelled** to produce documents from [them]."). Plaintiff somehow cited the latter case, *Finmeccanica*, for the proposition that "a party has control over documents it has the practical ability to obtain from third parties with which it has a business relationship." Mot. at 7. This Motion was rushed. It was sloppy.[5] It should not have been filed.

Plaintiff argues that another case, *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443 (C.D. Cal. 2007) stands for the proposition that a company has control over ESI stored by a

---

[3] Plaintiff appears to have improperly included the Local Rule 7-1 certification at the end of the brief in order to satisfy the ten-page maximum. This is part and parcel of a pattern of intentional violations of Local Rules in this District by Plaintiff, including the improper filing of a "Reply" brief to a discovery motion (ECF No. 34) that also exceeded the page limit for discovery briefing and introduced entirely new material, and the improper filing of a "Motion to Supplement" a discovery motion (ECF No. 38). Plaintiff is essentially spamming the docket of this case with vexatious motion practice.

[4] The Plaintiff incorrectly cited this opinion and mis-states the year, "*Am. Rock Salt Co. v. Norfolk S. Corp.*, 228 F.R.D. 426, 460 (W.D.N.Y. 2005)." Mot. at 6.

[5] Similarly, the citation of "*FTC v. Am. Future Sys., Inc.,* No. 2:20-CV-02266-JHS, 2023 WL 3559899, at *2 (E.D. Pa. Mar. 28, 2023)"[5] is incomplete and omits that it is an unreported Pennsylvania Special Master's recommendation whose reasoning was *not* adopted by the presiding judge. Mot. at 6.

PAGE 6 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS



100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

nonparty if it has "the ability to dictate its use and storage."[6] This is a gross overstatement of the holding. The District Court upheld a Magistrate's order to compel production of ESI that was in a nonparty's server because the "Defendants have the ability to *manipulate at will* how the [ESI] is *routed*" and further could "reroute the [ESI] through their own servers…." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 453 (C.D. Cal. 2007) (emphasis added). Neither of these facts are at issue here and neither were adduced in the underlying Motion.

Plaintiff's argument regarding control is so replete with error that it raises significant concerns, including a concern that generative artificial intelligence may have been relied upon in assembling case law and citations. For the above reasons, the Defendant opposes the Motion and requests reasonable attorney's fees in responding to it.

> **2.    Plaintiff's Motion should be denied because Defendant has complied with discovery requests in good faith by providing consent records within its control and offering to support Plaintiff in collecting additional records from nonparties outside its control.**

The Motion should be denied for two additional independent reasons: (i) it is barred by Local Rule 7-1(a), and (ii) it is barred by FRCP 37(a)(5), both of which require good faith conferral and good faith efforts to seek the discovery sought before filing Motions like these. The Motion includes a false certification of good faith conferral under Local Rule 7-1(a). In fact, the "conferral" occurred as follows: Plaintiff's Counsel indicated that Yotpo's records were not complete. Defendant's Counsel requested clarification as to what records were missing. Decl. at ¶ 6. Plaintiff's Counsel instead unilaterally asserted that MAH had control over all Yotpo records and were thus obligated to provide the undescribed records. *Id*. Undersigned counsel again offered to facilitate requesting records from Yotpo, if Plaintiff's Counsel would email a description of what records were being sought. *Id*. No such description was offered.

---

[6] Mot. at 6.

PAGE 7 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS

Salt

100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

The Motion also falsely declares that "…no documents responsive to Request No. 17 have been produced at any point in the litigation." Mot. at 3. That is incorrect. In good faith compliance with the Order of this Court to produce documents requested in Plaintiff's First RFP, MAH provided not only its own records but also requested records from nonparties Yotpo and Klaviyo and then provided those records to Plaintiff by re-producing them to Plaintiff's Counsel. Decl. at ¶ 2.

The Motion attempts to later argue that the above document productions were insufficient because Defendant has not produced "admissible" evidence of consent. Mot. at 8-9. Plaintiff then urges the Court should bar Defendant from introducing evidence of its defenses for that reason. *Id*. Plaintiff is mixing apples, oranges and potatoes. Parties produce discovery as it lies, and Defendant has produced what is in its possession and control. There is no obligation ***under any applicable federal rule of civil procedure*** to produce evidence in "admissible" form. The Motion is a mishmash of different legal concepts related to discovery, summary judgment, and third-party subpoenas, with none of the legal concepts cited or addressed correctly.

Plaintiff also conflates two very different legal ideas – the possession, custody, and control of records on the one hand, and the ability to obtain records on the other. They state that "By claiming that the Yotpo consent records are not within its possession, custody, or control, Defendant has effectively conceded that it does not maintain or cannot retrieve the records necessary to prove its own affirmative defenses." Mot. at 8. This assertion is facially devoid of merit. As argued above, a party's ability to request and receive records from a nonparty is *not* dispositive of whether there is actual control. *See United States v. Int'l Union of Petroleum & Indus. Workers*, *AFL-CIO*, 870 F.2d 1450, 1454 (9th Cir. 1989); *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999); *Int'l Longshore & Warehouse Union v. ICTSI Oregon, Inc.*, No.

PAGE 8 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS

3:12-CV-1058-SI, 2018 WL 6305665, *3 (D. Or. Dec. 3, 2018 (Simon, M.)); *In re Tavernier*, No. 21-31157-DWH7, 2022 WL 5224019, *1 (Bankr. D. Or. Oct. 5, 2022). Moreover, Defendant can—and will—move to dismiss this matter dispositively by offering any evidence available, which may include witness testimony that makes previously-produced records "admissible." Defendant may also make further demands of, and even subpoena, third parties if necessary to continue gathering evidence that this lawsuit was falsely filed and falsely prosecuted. To the extent Defendant obtains additional evidence from third parties in the future, that is not a discovery violation—again, Plaintiff's counsel appears to be confusing different litigation concepts.

Despite having a copy of the contract between MAH and Yotpo which demonstrates that MAH *fully* outsourced its text message campaign marketing to Yotpo, Plaintiff tries to paint the relationship as one where Yotpo is only responsible for "storage" of data that is initially collected and controlled by MAH. *See* Mot. at 7-10. Since the filing of this Motion and in an effort to appease Plaintiff, Defendant obtained from Yotpo a declaration that relates specifically to the underlying data as to the Plaintiff's consent and MAH's lack of control. Decl. at ¶ 7, Exhibit E, Birch Declaration. Most pertinent here, "Yotpo's collection of IP Address information occurs specifically at opt-in" and "Yotpo's [Data] **can only be accessed internally.**" *Id*. (emphasis added). Rather than withdraw this lawsuit upon receipt of the declaration, Plaintiff's counsel resorted to a spate of new and even more vexatious filings and discovery requests. Decl. at ¶ 8.

For these reasons, Defendant MAH Group, Inc. opposes Plaintiff's Second Motion for Sanction for Continued Failure to Comply with Court Order (the "Motion") and requests reasonable attorney's fees for the time expended in responding to the Motion.

PAGE 9 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S
SECOND MOTION FOR ATTORNEY'S FEES AND OTHER
SANCTIONS



100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

## IV.     CONCLUSION

Defendant MAH Group, Inc. opposes the Plaintiff's Second Motion for Sanctions because the Motion is void of supporting case law and ignores the Defendant's good faith efforts to provide records in its control. For those reasons Defendant respectfully requests that the Court DENIES the Motion.

DATED:  April 14, 2026                    **SALT**


By: */s/ Kevin J. Jacoby*
     Kevin J. Jacoby, OSB No. 063783
     Email: kevin@saltlawgroup.com
     Neal S. Shechter, OSB No. 185119
     Email: neal@saltlawgroup.com
     *Of Attorneys for Defendant*

PAGE 10 – DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816