Outlook

## RE: Wilson v. MAH Group; Supplemental Production

**From** Anthony Paronich <anthony@paronichlaw.com>

**Date** Tue 2/24/2026 10:44 AM

**To** Neal Shechter <neal@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>; Kevin Jacoby <Kevin@saltlawgroup.com>

**Cc** Andrew Shute <Andrew@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>

Counsel:

Of course, you should feel free to serve whatever discovery you think is appropriate and we will provide a response. However, there are a few things you are simply ignoring or should further consider.

First, we've already indicated, but allow us to be clear, that is not our client's IP address. Even though he did not need to, Andrew Perrong indicated that there's a process for a motion you can file to find out whose it is. Notably, as Andrew also pointed out, your basing your consent off of (a) someone else's name and (b) someone else's phone number. That's insufficient to be our client's consent.

Second, as Andrew also already pointed out, you're basing your consent on language that is insufficient under the TCPA.

Third, as you should know from a review of the production and your client's file (including multiple communications with your client's attorney), your client has continued to text our client after the filing of the lawsuit. While there is not consent in the first place, the filing of this lawsuit would clearly be a revocation of any purported consent and your client's continued contact of him is in violation of the statute.

In sum, if you want to file a motion seeking "every dollar" of whatever costs your client has incurred, we will respond appropriately and with our own request for relief as we have also indicted. However, since we have given you many reasons why your position is factually and legally insufficient, I hope that won't be necessary.

Finally, I've never had an attorney tell me that I need to "cut out this nonsense", and perhaps the Court will view that differently, but we don't believe that to be an appropriate course of conduct. This is especially true when it is your client that made the decision not to participate in discovery for months, then sent us AI generated discovery responses and did not meet the Court's (extended) deadline for production under the Court's Order and is facing a pending sanctions motion. It is our hope that you will able to litigate this case more professionally going forward.

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100

**EXHIBIT B**
**Page 1 of 11**

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Neal Shechter <neal@saltlawgroup.com>
**Sent:** Tuesday, February 24, 2026 12:32 PM
**To:** Andrew Perrong <a@perronglaw.com>; Kevin Jacoby <Kevin@saltlawgroup.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>; Andrew Shute <Andrew@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** RE: Wilson v. MAH Group; Supplemental Production

I've got an even better idea. Why don't we just serve the two of you an RFA today to admit that's an IP Address either previously or currently used by your client. If you deny it, you'll pay the entire fees and costs of this lawsuit, since consent is the entire crux of the matter, and although we'll still move for sanctions, cost-shifting will be required instead of optional.
When the two of you are ready to cut out this nonsense, we can talk about putting all of this on pause until we jointly determine whether there's any truth behind your client's lawsuit, which most Oregon judges will expect you to do. Whether that is by subpoena, or you simply asking your client, or otherwise.
If you're not ready to have that conversation, I have advised you of what we intend to inform the Court of and the relief we will be seeking. Feel free to give me a call on my cell if you'd like to discuss further 917-993-3878.

**Salt**

**Neal Shechter** | Attorney

---

T: 503.417.7777
C: 971.266.8027
E: Neal@SaltLawGroup.com

**SaltLawGroup.com**

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

---

**From:** Andrew Perrong <a@perronglaw.com>
**Sent:** Tuesday, February 24, 2026 9:23 AM
**To:** Kevin Jacoby <Kevin@saltlawgroup.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>; Neal Shechter <neal@saltlawgroup.com>; Andrew Shute <Andrew@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** Re: Wilson v. MAH Group; Supplemental Production

You're free to send us a discovery request, perhaps along with a 47 U.S.C. § 551 motion for leave to serve a subpoena on Comcast, which we won't object to.

On Tue, Feb 24, 2026 at 9:21 AM Kevin Jacoby <[Kevin@saltlawgroup.com](mailto:Kevin@saltlawgroup.com)> wrote:

I guess we'll have to wait for the confirmation I asked for. How long can we expect to wait?

**Salt**

**Kevin Jacoby** | Attorney

T: 503.417.7777
F: 503.214.8816
E: [Kevin@SaltLawGroup.com](mailto:Kevin@SaltLawGroup.com)

[SaltLawGroup.com](http://SaltLawGroup.com)

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

**From:** Andrew Perrong <[a@perronglaw.com](mailto:a@perronglaw.com)>
**Sent:** Tuesday, February 24, 2026 9:16 AM
**To:** Kevin Jacoby <[Kevin@saltlawgroup.com](mailto:Kevin@saltlawgroup.com)>
**Cc:** Anthony Paronich <[anthony@paronichlaw.com](mailto:anthony@paronichlaw.com)>; Neal Shechter <[neal@saltlawgroup.com](mailto:neal@saltlawgroup.com)>; Andrew Shute <[Andrew@saltlawgroup.com](mailto:Andrew@saltlawgroup.com)>; Christin Grieser <[ChristinG@saltlawgroup.com](mailto:ChristinG@saltlawgroup.com)>; LegalOps <[LegalOps@saltlawgroup.com](mailto:LegalOps@saltlawgroup.com)>
**Subject:** Re: Wilson v. MAH Group; Supplemental Production

We would also draw your attention to the fact that MAH 00002 references another telephone number entirely, 513-497-8392, as well as to MAH000016, which seems to indicate that the subject sign up was completed in the name of "Taken Rosins" and the email of "[no@gmail.com](mailto:no@gmail.com)." That seems to be confirmed by the document you produced in this email thread as MAH000525, which shows a screenshot with the same information. That is not our client's information and is just junk information insufficient to establish TCPA-specific consent. *See Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 984 (N.D. Cal. 2019).

On Tue, Feb 24, 2026 at 9:05 AM Kevin Jacoby <[Kevin@saltlawgroup.com](mailto:Kevin@saltlawgroup.com)> wrote:

See MAH000001-2. See also MAH000521, the message immediately preceding the email you referenced as the first day our client requested all the text logs from Yotpo.

Please let us know as soon as possible whether you're able to confirm that your client is not associated with IP address 73.240.49.37 in any way.

**Salt**

**Kevin Jacoby** | Attorney

T: 503.417.7777
F: 503.214.8816
E: Kevin@SaltLawGroup.com

SaltLawGroup.com

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Tuesday, February 24, 2026 4:03 AM
**To:** Neal Shechter <neal@saltlawgroup.com>; Kevin Jacoby <Kevin@saltlawgroup.com>
**Cc:** Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** RE: Wilson v. MAH Group; Supplemental Production

Neal:

I will be on a flight on March 5, but can be available at 11:00 your time on March 11.

We'll review any properly served Rule 11 motion and for anything done in contravention of the rules, we will seek appropriate 28 U.S.C. § 1927 sanctions. I'm interested in seeing your case law in support of a "cross motion" for Rule 11 sanctions as our motion was required by a Court Order. Additionally, with your client's various violations of Court Orders, sporadic productions after the Court Ordered deadline and rotating attorneys, I have no idea what you mean by "the first two pages of the discovery".

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are

hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Neal Shechter <neal@saltlawgroup.com>
**Sent:** Monday, February 23, 2026 11:04 PM
**To:** Anthony Paronich <anthony@paronichlaw.com>; Kevin Jacoby <Kevin@saltlawgroup.com>
**Cc:** Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** RE: Wilson v. MAH Group; Supplemental Production

Anthony:

I am available to confer next week on 3/5. Please advise a time that works for you.

However, we have reviewed this file in detail and are now prepared to cross-move for Rule 11 sanctions against your client in light of the first two pages of the discovery we have provided to you. It is now apparent that paragraphs 21, 23 and 24 of the Complaint are false and need to be withdrawn and the case dismissed. You need to review those pages we have produced to you and advise your client to withdraw this action immediately. We feel that it is inappropriate to accrue additional attorney fees in light of these issues. If you refuse to withdraw this action and force us to serve you with formal papers under Rule 11 and oppose your existing motion, we will be forced to advise the court that Plaintiff is hiding behind an FRCP 11 safe harbor period to cause us to accrue additional fees in discovery and motion practice, and we will cross-move for every dollar of those fees to be assessed against counsel. I urge you to withdraw this action promptly, before we begin to unwind this mess and seek all available remedies.

Neal

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Monday, February 23, 2026 4:53 PM
**To:** Kevin Jacoby <Kevin@saltlawgroup.com>
**Cc:** Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>; Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** Re: Wilson v. MAH Group; Supplemental Production

Counsel:

Our notes on these issues are below now that we've reviewed the supplement:

- For Interrogatory No. 2, the Defendant does not disclose where the numbers came from with respect to the texts sent through Klayvio. **We will amend our response to this interrogatory as soon as possible, but my understanding is that the numbers were imported from Yotpo.**
- For Interrogatory No. 9 and Document Request No. 18, we believe all communications with Klayvio and Yotpo should be identified. **We have produced all communications with Yotpo. Communications from Klayvio are being produced later today.**

- **It appears the first date your client requested all of the text logs from Yotpo was February 12, 2026 based on this production. Please advise if there are more documents forthcoming.**

- Documents responsive to Document Request No. 5 are relevant to damages and class ascertainability and should be produced. **The objection to this request was not overruled in the discovery order. Indeed, you did not move against this objection in your motion to compel. I'm happy to confer on this further, but I'd like to focus on what was ordered to be produced.**

  - **Please advise when you are available to confer next week.**

- Document Request No. 7 and 9 appear to be limited to the Plaintiff, which we do not agree is appropriate. **But that's specifically what those requests asked for. Request 7: "All internal communications at your company regarding any vendor that provided you with *the Plaintiff's* telephone number or information." Request 9: "All communications with any third party that dialed the calls to *the Plaintiff*."**

  - **No, it identifies the entity in terms of who interacted with the Plaintiff. It does not say "All communications <u>about the Plaintiff</u> with any third party that dialed the calls to *the Plaintiff*." So, please advise when you can confer next week.**

- Document Request No. 13 does not include a denial letter or other correspondence to allow us to understand the current claim status of the policies produced. **We will locate and produce the denial letter.**
- Document Request No. 17 relates to your client's affirmative defense of consent. It should be produced or withdrawn. **We did produce, however I believe there are additional documents that were discovered since we produced, which will be produced later today. This includes the IP address of the person who entered Plaintiff's phone number into the opt-in form, which I understand is located in the Eugene area.**

  - **This request is also not limited to the Plaintiff, so please advise when you are available to confer next week.**

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.


On Fri, Feb 13, 2026 at 2:42 PM Kevin Jacoby <Kevin@saltlawgroup.com> wrote:

Responding in line below in red.



**Kevin Jacoby** | Attorney

T: 503.417.7777
F: 503.214.8816
E: Kevin@SaltLawGroup.com

SaltLawGroup.com

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Friday, February 13, 2026 8:02 AM
**To:** Kevin Jacoby <Kevin@saltlawgroup.com>; Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** Re: Wilson v. MAH Group; Supplemental Production

Counsel:

As we have been preparing our sanctions motions and have also further reviewed the discovery responses now that we are well beyond the extended deadline. Please provide us your position with respect to the failure to produce the following:

- For Interrogatory No. 2, the Defendant does not disclose where the numbers came from with respect to the texts sent through Klayvio. We will amend our response to this interrogatory as soon as possible, but my understanding is that the numbers were imported from Yotpo.
- For Interrogatory No. 9 and Document Request No. 18, we believe all communications with Klayvio and Yotpo should be identified. We have produced all communications with Yotpo. Communications from Klayvio are being produced later today.
- Documents responsive to Document Request No. 5 are relevant to damages and class ascertainability and should be produced. The objection to this request was not overruled in the discovery order. Indeed, you did not move against this objection in your motion to compel. I'm happy to confer on this further, but I'd like to focus on what was ordered to be produced.
- Document Request No. 7 and 9 appear to be limited to the Plaintiff, which we do not agree is appropriate. But that's specifically what those requests asked for. Request 7: "All internal communications at your company regarding any vendor that provided you with *the Plaintiff's* telephone number or information." Request 9: "All communications with any third party that dialed the calls to *the Plaintiff*."

- Document Request No. 13 does not include a denial letter or other correspondence to allow us to understand the current claim status of the policies produced. We will locate and produce the denial letter.
- Document Request No. 17 relates to your client's affirmative defense of consent. It should be produced or withdrawn. We did produce, however I believe there are additional documents that were discovered since we produced, which will be produced later today. This includes the IP address of the person who entered Plaintiff's phone number into the opt-in form, which I understand is located in the Eugene area.

----

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

On Thu, Feb 12, 2026 at 2:25 PM Anthony Paronich <anthony@paronichlaw.com> wrote:

> How have you complied with the Court's Order by not producing documents? The Court Ordered you all to produce these text records, you simply haven't done it and I don't see the production of any correspondence about their efforts or a motion to extend the deadline to comply.
>
> ---
>
> **From:** Kevin Jacoby <Kevin@saltlawgroup.com>
> **Sent:** Thursday, February 12, 2026 2:24 PM
> **To:** Anthony Paronich <anthony@paronichlaw.com>; Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
> **Cc:** Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
> **Subject:** RE: Wilson v. MAH Group; Supplemental Production
>
> We have complied with the court's order and are working on obtaining documents that are not currently in my client's possession. Mr. Cartee is the party that caused you to incur expenses associated with the motion to compel, and my client has been diligently working on complying with the court's order as soon as it became aware of it through local counsel on 12/31.
>
>
>
> **Kevin Jacoby** | Attorney

T: 503.417.7777
F: 503.214.8816
E: Kevin@SaltLawGroup.com

SaltLawGroup.com

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Thursday, February 12, 2026 11:16 AM
**To:** Kevin Jacoby <Kevin@saltlawgroup.com>; Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** RE: Wilson v. MAH Group; Supplemental Production

To make sure I understand, your client still has not complied with the Court's Order but thinks that their former attorney is the only individual or entity that should receive a sanction of any kind?

---

**From:** Kevin Jacoby <Kevin@saltlawgroup.com>
**Sent:** Thursday, February 12, 2026 2:09 PM
**To:** Anthony Paronich <anthony@paronichlaw.com>; Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** RE: Wilson v. MAH Group; Supplemental Production

Well, we produced the Yotpo texting records to Wilson, but I see now that the full universe of records requested has not yet been produced. My client is working with Yotpo to get those records as soon as possible.

On the request for expenses, my client will oppose the motion and argue that the court should award any reasonable expenses against Anthony Cartee.

Salt

**Kevin Jacoby** | Attorney

---

T: 503.417.7777
F: 503.214.8816
E: Kevin@SaltLawGroup.com

**SaltLawGroup.com**

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Wednesday, February 11, 2026 4:40 AM
**To:** Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Kevin Jacoby <Kevin@saltlawgroup.com>; Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** RE: Wilson v. MAH Group; Supplemental Production

These were received, but we are beyond the deadline and we still do not have any of the Yotpo texting records. Please advise.


----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Andrew Shute <Andrew@saltlawgroup.com>
**Sent:** Tuesday, February 10, 2026 6:53 PM
**To:** Anthony Paronich <anthony@paronichlaw.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Kevin Jacoby <Kevin@saltlawgroup.com>; Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** Wilson v. MAH Group; Supplemental Production

Good afternoon:

Please see the attached correspondence from Kevin regarding this supplemental production of documents from MAH Group. The referenced documents may be accessed using the Dropbox link below. Please let me know if you encounter any technical issues.

(CONFIDENTIAL) MAH Group Production 20260210

Thank you.



**Andrew Shute** | Litigation Specialist

T: 503.417.7777
F: 503.214.8816
E: Andrew@SaltLawGroup.com

**SaltLawGroup.com**

**Confidentiality Notice:**

This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

**EXHIBIT B**
**Page 11 of 11**