Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION**

|  |  |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>MAH GROUP, INC.<br><br>Defendant. | Case No. 6:25-cv-00855-MTK<br><br>PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF SECOND MOTION FOR SANCTIONS TCPA (47 U.S.C. § 227) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF
SECOND MOTION FOR SANCTIONS**

**MOTION**

Plaintiff Chet Michael Wilson respectfully moves this Court for leave to file the short

reply attached as Exhibit A in support of his Second Motion for Sanctions. Good cause exists

because Defendant's Opposition introduces new factual assertions, mischaracterizes the case law

that both sides rely upon, and accuses Plaintiff and undersigned counsel of various

misrepresentations and conduct sanctionable under 28 U.S.C. § 1927. The proposed Reply will

materially assist the Court in determining the Plaintiff's Motion.

1

Mot. to File Reply

**ARGUMENT**

**1.  Good Cause Exists for Leave to File a Reply.**

Defendant's position during conferral was that Plaintiff's Second Motion for Sanctions is a "discovery motion" within the meaning of LR 26-3, for which no reply is permitted. Plaintiff respectfully disagrees. The Second Motion is a standalone sanctions motion under Rule 37 and is not a motion to compel, which was already granted. Plaintiff has been unable to locate authority squarely addressing whether a standalone Rule 37 sanctions motion qualifies as a "discovery motion" for purposes of LR 26-3. Out of an abundance of caution, Plaintiff seeks leave from the Court rather than filing the reply as of right. Nevertheless, the circumstances here warrant granting leave for at least two reasons.

*First*, the Opposition raises new accusations against Plaintiff and his counsel that necessitate a response. Defendant accuses Plaintiff of filing a false certification under Local Rule 7-1, of willfully misrepresenting Ninth Circuit precedent, and of citations allegedly riddled with mistakes. Defendant also threatens to seek attorneys' fees and § 1927 sanctions. Plaintiff is entitled to a brief opportunity to respond to those accusations on the record.

*Second*, the parties' papers diverge sharply on the meaning of controlling Ninth Circuit authority relating to the meaning of "control," particularly *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450 (9th Cir. 1989) and *In re Citric Acid Litig.*, 191 F.3d 1090 (9th Cir. 1999), as well as how those decisions interact with the contract Defendant signed with Yotpo, together with the documents that contract incorporates by reference, including the Yotpo Terms of Service and Data Processing Addendum. The Court's adjudication of the sanctions motion will benefit from clarity on these contested points and their interplay with the facts.

Mot. to File Reply

The proposed reply, attached as Exhibit A, does not exceed seven pages of substantive reply material. The reply does not raise new arguments not fairly responsive to the Opposition and does not introduce new authorities not already at issue between the parties.

Moreover, the proposed reply attached herein is incorporated as an exhibit for good reason. Prior to the parties' LR 7-1 conferral on this motion, Defendant's counsel insisted that he could not meaningfully confer about Plaintiff's motion for leave to file a reply unless undersigned counsel previewed the substance of the reply. Plaintiff did so and confirmed the same on the Parties' Local Rule 7-1 call. Defendant's counsel then took the position on the call that attaching the proposed reply as an exhibit to this motion would itself constitute a "circumvention" of the Local Rules warranting § 1927 sanctions. Those positions cannot simultaneously be correct. If Defendant's position is that a meaningful conferral requires previewing the proposed reply, then attaching the proposed reply so the Court may evaluate whether to permit it, cannot be sanctionable. Plaintiff respectfully submits that Defendant's pattern of taking similar procedural positions is itself a reason for the Court to permit the reply and resolve the underlying merits on a complete record.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the reply attached as Exhibit A, with the attached exhibits.

RESPECTFULLY SUBMITTED AND DATED this April 28, 2026.

> s/Andrew Roman Perrong
> Andrew Roman Perrong, OSB No. 243320
> a@perronglaw.com
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, PA 19038
> 215-225-5529
> Lead Attorney for Plaintiff and the Proposed Class

Mot. to File Reply

## LR 7-1 CERTIFICATION

Pursuant to LR 7-1, undersigned counsel for Plaintiff certifies that the parties conferred in good faith concerning the relief sought herein, including as more fully outlined above. On April 27, 2026, counsel for Plaintiff Andrew Perrong and counsel for Defendant Neal Shechter and Christin Grieser met and conferred by Zoom. The parties were unable to resolve their disagreement, and Defendant indicated it would oppose.

Dated: April 28, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong

## CERTIFICATE OF PAGE COUNT

This brief complies with the applicable page-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains exactly 3 pages, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

Dated: April 28, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: April 28, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq

4

Mot. to File Reply