Kevin J. Jacoby, OSB No. 063783
Email: kevin@saltlawgroup.com
Adam F. Summerfield, *Pro Hac Vice Pending*
Email: adam@saltlawgroup.com
SALT
100 SW Main St, Ste 1025
Portland, OR  97204
Phone: (503) 417-7777

*Of Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CHET MICHAEL WILSON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MAH GROUP, INC. D/B/A WOLFPAK**,<br><br>Defendant. | Case No. 6:25-cv-00855-MTK<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF SECOND MOTION FOR SANCTIONS** |

## I.    INTRODUCTION

Plaintiff has filed a Motion for Leave to File a Reply ("Motion") in support of his Second

Motion for Sanctions, which has been fully briefed since April 14, 2026. This follows on the

heels of Plaintiff filing a reply, prohibited by LR 26-3(c), in support of his First Motion for

Sanctions, as well as a motion for leave to supplement that motion. As the record now shows,

Plaintiff's pattern of litigating this overarching discovery dispute across two sanctions motions

and seemingly unending ancillary motions involves intentionally withholding Plaintiff's position

PAGE 1 – DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN
SUPPORT OF SECOND MOTION FOR SANCTIONS



as to the key issues in dispute in conferral in order to sandbag Defendant with entirely new arguments in contexts where Defendant has no opportunity to respond or otherwise meet their previously undisclosed arguments. Accordingly, the instant Motion should be denied for at least three independent reasons: (1) Plaintiff failed to meaningfully confer on this motion by refusing to discuss in advance the arguments Plaintiff intended to present in its proposed reply; (2) Plaintiff concedes that its Second Motion for Sanctions was made "under Rule 37," and is therefore a "discovery motion" for purposes of LR 26-3(c), which prohibits replies "[u]nless otherwise directed by the Court;" and (3) Plaintiff's proposed reply introduces entirely new arguments and evidence in support of its Second Motion for Sanctions that were never conferred on as required by LR 7-1. Finally, the instant Motion reflects an ongoing pattern of knowing violations of this Court's local rules.

## II.    ARGUMENT

### 1.    Plaintiff's Motion Should be Denied Because Counsel Refused to Meaningfully Confer.

Plaintiff's Motion includes a categorically false LR 7-1 certification, which again Plaintiff did not include in the first paragraph of the Motion as required by LR 7-1(a)(1), that "the parties conferred in good faith concerning the relief sought herein, including as more fully outlined above." Throughout the conferrals, including email correspondence and the telephone call the day before Plaintiff's Motion was filed, Plaintiff pointedly *refused* to discuss the substance of Plaintiff's proposed Reply. Plaintiff's claim that he "did so [previewed the substance of the reply] and confirmed the same on the Parties' Local Rule 7-1 call" is false. Mot. at 3. In email conferral, Plaintiff stated "[w]e will explain the substance of the proposed reply on our call," and chose not to provide any substance via email. Grieser Decl., Ex. 1 at 1. The telephone conferral was limited to Plaintiff's position that a motion for sanctions under Rule 37

PAGE 2 – DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF SECOND MOTION FOR SANCTIONS

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

is not a "discovery motion" under LR 26-3, and no "substance of the proposed reply" was proffered. Grieser Decl., ¶ 3.

As the undersigned explained in an April 23 email to Plaintiff's counsel, even a basic understanding of what Plaintiff's proposed reply would argue was necessary for a meaningful conferral, because Defendant likely would not have any opposition "if you wanted to file a reply that withdraws one or more of the authorities you relied upon," thereby obviating the need for court intervention. Grieser Decl., Ex. 1 at 1. Plaintiff *never once* conferred on the substance of their reply, and their false certification to the contrary is extremely troubling. Indeed, the first time that defense counsel had any notice of the substance of Plaintiff's proposed reply was upon its publication on the docket – in conferral, Plaintiff's counsel simply stated that they intended to seek leave to file a "traditional reply as to any motion." Grieser Decl., Ex. 1 at 2. But, as explained below, the proposed reply is anything but a traditional reply.

The refusal to meaningfully confer and then subsequently falsely certify to the Court that conferral occurred is a sufficient reason for the Court to deny the Motion.

### 2. The Motion Should be Denied Because the Proposed Reply Introduces Entirely New Arguments That Were Never Conferred On.

Plaintiff's Motion states that his proposed Reply "does not raise new arguments not fairly responsive to the Opposition and does not introduce new authorities not already at issue between the parties." Mot. at 3. This is facially false. Plaintiff's proposed Reply makes entirely new arguments that were neither presented in the original Second Motion for Sanctions nor were they conferred on at any time. In this instance, it is especially egregious because during what was to be the conferral regarding Defendant's alleged control over Yotpo's records in relation to Plaintiff's then-planned motion to supplement their First Motion for Sanctions, the undersigned counsel specifically asked Plaintiff's counsel whether they were relying on any language in the

PAGE 3 – DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN
SUPPORT OF SECOND MOTION FOR SANCTIONS

contract that supported their argument. Grieser Decl. at ¶ 4. A response to that question was not provided in the conferral, in a follow-up email, in the motion to supplement the First Motion for Sanctions, or even in the Second Motion for Sanctions. In fact, the word "contract" never appears in the Sanctions Motions at all. Instead, continuing their long-running flouting of the rules of this Court, they raised the argument for the first time in a potential reply brief.

Plaintiff's counsel chose to limit their conferral to whether Defendant's previous record requests to Yotpo that resulted in records being provided establishes control. Plaintiff's counsel chose to limit their Second Motion for Sanctions to whether Defendant's previous record requests to Yotpo that resulted in records being provided establishes control. Plaintiff's counsel cannot now pivot to an entirely new argument because Defendant's counsel pointed out the legal insufficiency of that argument. Plaintiff's counsel should have properly conferred with Defendant's counsel regarding **all** the reasons that they believed Defendant had control of Yotpo's records so that the Court's docket remained free of unnecessary motions practice and reply briefs that sandbag the Defendant with entirely new arguments and evidence.[1]

The entire purpose of the conferral requirement established by LR 7-1(a) "is to encourage parties to confer and resolve disputes amicably whenever possible, thus preserving judicial resources for only those disputes that truly require court intervention." *Clear Skies Nevada, LLC v. Kainu*, *No*. 3:16-cv-00811-AC, 2017 WL 4021121, at *2-3 (D. Or. 2017), *findings and recommendation adopted*, 2017 WL 4012960, at *1 (D. Or. 2017). The reason why replies are not allowed with regard to discovery motions under LR 26-3(c) is because LR 7-1(a) requires "the filing party [to] fully confer with the opposing party and, therefore, will know the opponent's position before filing a discovery motion…" *Currin v. Presidio Networked Sols.*

---

[1] In fairness to Plaintiff's counsel, the Proposed Second Sanctions Reply and Exhibits is only 57 pages, almost half the length of the First Sanctions Reply, Exhibits, and Declaration which totaled 101 pages.

PAGE 4 – DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF SECOND MOTION FOR SANCTIONS



100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

*Grp.*, *LLC*, 3:16-CV-02177-BR, 2018 WL 4825184, at *7 (D. Or. 2018).

In any event, Plaintiff's proposed Reply is not a "traditional reply as to any motion" as was promised during the conferral process. Grieser Decl., Ex. 1 at 2. Instead of responding to the issues raised by Defendant's opposition to the Second Motion for Sanctions, the Reply attempts to pivot its substantive argument on control entirely, relying on factual assertions, evidence, and legal arguments that were not present in the Second Motion for Sanctions. It is well known in this District and the Ninth Circuit that new arguments raised in a reply are considered waived and must be disregarded. *See Wolff v. Tomahawk Mfg.*, 3:21-CV-880-SI, 2024 WL 3540845, at *8 n 6 (D. Or. 2024) (*citing Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Mitchell v. United States,* 971 F.3d 1081, 1084 n.4 (9th Cir. 2020) (affirming the district court's conclusion that an argument raised for the first time in a reply is waived).

It follows that if Plaintiff's Second Motion for Sanctions were a motion for which replies were allowed, which as shown below, it is not, the proposed Reply would be disregarded. Plaintiff does not explain why there is good cause to file a Reply that presents only new arguments, which will be considered waived and disregarded. For this reason alone, Plaintiff has failed to demonstrate any good cause for the filing of the Reply he proposes and the Court should deny the Motion.

**3.      The Motion Should be Denied Because the Second Sanctions Motion is a Discovery Motion Under LR 26-3.**

Plaintiff's Motion should also be denied because Local Rule 26-3(c) states, "Unless otherwise directed by the Court, a movant may not file a reply supporting a discovery motion" and the Court has not directed Plaintiff to file a reply brief. Despite signing a certificate of conferral, Plaintiff's counsel did not confer on the contents of the Reply they wished to file, they

PAGE 5 – DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN
SUPPORT OF SECOND MOTION FOR SANCTIONS

**Salt**

100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

were only willing to discuss whether a Discovery Sanctions Reply falls under Local Rule 26-3(c). On that point, the Motion characterizes the Second Motion for Sanctions as a "standalone sanctions motion under Rule 37" and not a motion to compel but concedes that Plaintiff "has been unable to locate authority squarely addressing whether a standalone Rule 37 sanctions motion qualifies as a 'discovery motion' for purposes of LR 26-3." Motion at 2.

Plaintiff's position that a motion for sanctions to enforce an order entered on a motion to compel is not a "discovery motion" for purposes of LR 26-3 is entirely without authority and contrary to the plain language of the local rule. Indeed, the Second Motion for Sanctions uses the word "discovery" no less than eight times, states that the "procedural history of this discovery dispute is by now extensive" (Second Motion for Sanctions at p. 3), and seeks the remedies articulated under Rule 37, the rule that deals with *both* motions to compel *and* motions for discovery sanctions. If, as Plaintiff appears to argue, LR 26-3's reference to "discovery motions" was intended to encompass only motions to compel and not motions for sanctions, it is puzzling why the rule would use the broader term "discovery motions" when there is a local rule dealing specifically with motions to compel (and which is cross-referenced in LR 26-3). See LR 37.

In short, this is not a good faith dispute as to whether LR 26-3(c) has any bearing on a motion for discovery sanctions, but rather an attempt to paper-over their outright disregard of LR 26-3(c) in relation to the First Motion for Sanctions. *See Hanson v. Oregon*, 3:21-CV-780-SI, 2021 WL 8442625, at *2 n 3 (D. Or. 2021) ("Any party may request relief from a local rule, see LR 1-4, but a party may not simply ignore them."). Plaintiff's counsel has a clear and sustained pattern of violations of local rules throughout this case, and this latest Motion is the clearest example yet that these local rules violations are an integral part of Plaintiff's litigation strategy.

For these reasons, the Plaintiff's Motion should be denied.

PAGE 6 – DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN
SUPPORT OF SECOND MOTION FOR SANCTIONS



100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816

### III.    CONCLUSION

The cumulative impact of Plaintiff's violations of this Court's local rules is striking. Instead of a modest fee petition for bringing a motion to compel that was uncontested because Defendant's *prior* counsel shirked his responsibilities, Plaintiff has manufactured a discovery dispute spanning hundreds of pages of briefing that is attributable solely to Plaintiff's counsel's refusal to confer in good faith with Defendant's *present* counsel. The reason for their refusal to confer is now readily apparent: Plaintiff's counsel prefers litigation by ambush to good-faith conferral, but that is not the standard in this jurisdiction. For the foregoing reasons, Plaintiff's Motion for Leave to File a Reply to the Second Motion for Sanctions should be denied.

DATED:  May 12, 2026            **SALT**

By: */s/ Kevin J. Jacoby*
        Kevin J. Jacoby, OSB No. 063783
        Email: kevin@saltlawgroup.com
        *Of Attorney for Defendant*

PAGE 7 – DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN
SUPPORT OF SECOND MOTION FOR SANCTIONS

Salt

100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.417.7777  F: 503.214.8816