**Outlook**

---

## Re: Local Rule 7-1 Meet and Confer Request - Wilson v. MAH Group

---

**From** Andrew Perrong <a@perronglaw.com>

**Date** Thu 4/23/2026 1:18 PM

**To** Kevin Jacoby <Kevin@saltlawgroup.com>

**Cc** anthony cartee <acartee@ac-legal.com>; LegalOps <LegalOps@saltlawgroup.com>; Neal Shechter <neal@saltlawgroup.com>; Anthony Paronich <anthony@paronichlaw.com>; Christin Grieser <ChristinG@saltlawgroup.com>

==We will explain the substance of the proposed reply on our call.==
As we will explain in our Local Rule 7-1 meet and confer, we do not view our sanctions motion as a discovery motion under Local Rule 26-3, but to allay any argument otherwise, that is why we are seeking a motion for leave to file a reply.

On Thu, Apr 23, 2026 at 4:06 PM Kevin Jacoby <Kevin@saltlawgroup.com> wrote:

> ==I don't think we can have a meaningful, good faith conferral without knowing the substance of what your proposed reply will be.== In any event, LR 26-3(c) says no replies unless directed by the Court. Was there a direction from the Court to file a reply that I may have missed?
>
> The whole point of LR 26-3(c) is that the parties will meaningfully confer in advance of the filing of a discovery motion such that the moving party will know the opposing party's position before filing the motion. *See, e.g., Currin v. Presidio Networked Sols. Grp., LLC*, 3:16-CV-02177-BR, 2018 WL 4825184, at *7 (D Or Oct 4, 2018). Your refusal to meaningfully confer on what you wanted us to get from Yotpo is on the record, and you knew in advance of filing your motion our position that we do not control Yotpo's records. There's nothing in our opposition that you couldn't have anticipated with the exercise of due diligence.
>
> In any event, ==if you wanted to file a reply that withdraws one or more of the authorities you relied upon, I don't think we'd have any opposition to that.== But we do quite strongly oppose your intent to seek leave to file a "traditional reply as to any motion." A motion under Rule 37 is not "any motion," it is a "discovery motion" on which meangful conferral in advance is required. Had you meaningfully conferred in the first place, you wouldn't feel the need to file a reply.
>
>  **Salt**
>
> **Kevin Jacoby** | Attorney
>
> ─────────────────
>
> T: 503.417.7777
> F: 503.214.8816
> E: Kevin@SaltLawGroup.com

**EXHIBIT 1**
**Page 1 of 3**

[SaltLawGroup.com](SaltLawGroup.com)

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

**From:** Andrew Perrong <[a@perronglaw.com](mailto:a@perronglaw.com)>
**Sent:** Thursday, April 23, 2026 12:37 PM
**To:** Kevin Jacoby <[Kevin@saltlawgroup.com](mailto:Kevin@saltlawgroup.com)>
**Cc:** anthony cartee <[acartee@ac-legal.com](mailto:acartee@ac-legal.com)>; LegalOps <[LegalOps@saltlawgroup.com](mailto:LegalOps@saltlawgroup.com)>; Neal Shechter <[neal@saltlawgroup.com](mailto:neal@saltlawgroup.com)>; Anthony Paronich <[anthony@paronichlaw.com](mailto:anthony@paronichlaw.com)>; Christin Grieser <[ChristinG@saltlawgroup.com](mailto:ChristinG@saltlawgroup.com)>
**Subject:** Re: Local Rule 7-1 Meet and Confer Request - Wilson v. MAH Group

The reply will be a traditional reply as to any motion, addressing Defendant's arguments and in particular the purported issues it attempts to raise with Plainitff's authorities.

We do not have a draft for you to review before filing. Even if we did, we do not read Local Rule 7-1 to require us to provide you a copy in advance.

On Thu, Apr 23, 2026 at 3:09 PM Kevin Jacoby <[Kevin@saltlawgroup.com](mailto:Kevin@saltlawgroup.com)> wrote:

> What is the nature of the reply you intend to file? Do you have a draft we can review?



**Kevin Jacoby** | Attorney

T: 503.417.7777
F: 503.214.8816
E: [Kevin@SaltLawGroup.com](mailto:Kevin@SaltLawGroup.com)

**EXHIBIT 1**
**Page 2 of 3**

[SaltLawGroup.com](SaltLawGroup.com)

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

---

**From:** Andrew Perrong <[a@perronglaw.com](a@perronglaw.com)>
**Sent:** Thursday, April 23, 2026 12:08 PM
**To:** anthony cartee <[acartee@ac-legal.com](acartee@ac-legal.com)>; Kevin Jacoby <[Kevin@saltlawgroup.com](Kevin@saltlawgroup.com)>; LegalOps <[LegalOps@saltlawgroup.com](LegalOps@saltlawgroup.com)>; Neal Shechter <[neal@saltlawgroup.com](neal@saltlawgroup.com)>; Anthony Paronich <[anthony@paronichlaw.com](anthony@paronichlaw.com)>
**Subject:** Local Rule 7-1 Meet and Confer Request - Wilson v. MAH Group

Counsel,

We intend to file a motion for leave to file a reply to your opposition to our sanctions motion. We understand your position to be that a reply is inappropriate because you are construing the motion as a discovery motion to which no reply is permitted. To discharge our Local Rule 7-1 obligations, please let us know a few times in the next few days to discuss and confirm via telephone.

--

Thank you kindly,

Andrew Perrong, Esq.

Perrong Law LLC

2657 Mount Carmel Avenue

Glenside, PA 19038

215-225-5529 (CALL-LAW)

**EXHIBIT 1**
**Page 3 of 3**