UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CHET MICHAEL WILSON, *individually and on behalf of all others similarly situated*, | Case No. 6:25-cv-00855-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| MAH GROUP, INC., *doing business as WolfPak*, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

Plaintiff Chet Michael Wilson moves for attorney's fees and sanctions after the Court granted Plaintiff's motion to compel. For the reasons discussed below, Plaintiff's motions are denied.

## BACKGROUND

Plaintiff brings claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendant MAH Group, Inc., doing business as WolfPak, unlawfully initiated telemarketing calls and text messages to Plaintiff. Compl., ECF No. 1. Plaintiff seeks to represent a class of similarly situated individuals. *Id.* at 4. Defendant denies Plaintiff's allegations, including the class allegations, and asserts that Plaintiff consented to receive the text messages in question. Answer 4-7, 9, ECF No. 8.

Page 1 — OPINION AND ORDER

Defendant was initially represented in this litigation by *pro hac vice* Attorney Anthony Cartee. *See* ECF No. 9. Plaintiff served his first discovery requests to Defendant on July 3, 2025. Pl.'s Mot. Compel 2, ECF No. 15. Through Attorney Cartee, Defendant requested, and Plaintiff accommodated, at least seven extensions of the due date for Defendant's initial production. *Id.* at 2-3. On September 19, 2025, Defendant responded to Plaintiff's interrogatories and requests for production, objecting to some, leaving others unanswered, and ultimately providing no substantive responses. Pl.'s Mot. Compel Ex. 1, ECF No. 15-1.

On October 10, 2025, Plaintiff notified the Court of Defendant's ongoing failure to provide discovery. Pl.'s Mot. Compel 3. In e-mail communications to the Court, Attorney Cartee acknowledged his failure to provide timely responses and cited personal and professional reasons for the delay. *Id.* Mr. Cartee noted that "Defendant uses a third party for all its marketing," so Mr. Cartee could not "speak to the ability or inability of [his] client to get such records." Mr. Cartee also stated that he, not his client, was "the cause of" the overdue responses, and he committed to "get the responses . . . to Plaintiff by 10/17[.]" Defendant did not respond by October 17, and Plaintiff conceded to another extension until "the end of the week." *Id.* at 4. On October 29, 2025, Defendant still had not produced the overdue materials, and Plaintiff filed his Motion to Compel. ECF No. 15.

On December 17, 2025, this Court granted Plaintiff's Motion to Compel. ECF No. 17. The Court ordered Defendant to provide complete responses to Plaintiff's requests within 30 days of that Opinion. The Court overruled Defendant's objections to Plaintiff's Document Requests Nos. 16-17 and ordered the production of the following:

> 16. [A]ll documents containing any of the following information for each outbound telemarketing call or text message sent by you or your vendors, including those made to the Plaintiff: a) the date and time; b) the caller ID; c) any

recorded message used; d) the result; e) identifying information for the recipient; and f) any other information stored by the call detail records.

17. [A]ll evidence of written consent to make calls in response to the foregoing, including any language that your company asserts complies with the ESign Act.

Op. & Order 4-5, ECF No. 17.

For unknown reasons, the parties have not heard from Attorney Cartee since October 2025. *See* Henderson Decl. ¶ 2, ECF No. 32. Emails to Cartee in December 2025 remain unanswered. *Id.* ¶ 3. Defendant's CEO Michael Henderson represents that he "ha[s] known Mr. Cartee in a professional capacity for several years and find[s] his non-responsiveness to be completely out of character. [Henderson] fear[s] that something terrible has happened to him," but has no other information as to Cartee's wellbeing or whereabouts. *Id.* ¶ 7.

Henderson learned from local counsel on December 31, 2025 that the Court had granted Plaintiff's Motion to Compel and that there was an upcoming deadline for compliance with that Order. *Id.* ¶ 4. Defendant retained new counsel on January 15, 2026. *Id.* ¶ 5. The Court granted Defendant's unopposed Motion for Extension of time and ordered Defendant's responses due January 30, 2026. ECF No. 25.

Defendant's new counsel provided amended responses to all discovery requests and "a substantial production of documents" by the January 30, 2026 deadline. Jacoby Decl. ¶ 3, ECF No. 31. On February 13, 2026, Plaintiff's counsel emailed Defendant's counsel describing Plaintiff's new objections to Defendant's responses. Jacoby Decl. Ex. 1, ECF No. 13-1. "Less than four hours later, counsel for Defendant responded to all requests." Jacoby Decl. ¶ 7; Jacoby Decl. Ex. 2, ECF No. 13-2. "Supplemental productions of records obtained from third-parties Yotpo and Klayvio were made to Plaintiff on or about February 13, 2026 and February 16, 2026." Jacoby Decl. ¶ 8.

**DISCUSSION**

**I.      Plaintiff's Motions for Leave to File Supplemental Materials and a Reply**

As an initial matter, Plaintiff moves for leave to file supplemental materials in support of his first Motion for Attorney's Fees and Sanctions and to file a reply in support of his Second Motion for Sanctions. ECF Nos. 38, 42.

Plaintiff asks to supplement his first motion with the Declaration of Alan Birch, in-house counsel for Yotpo, a vendor who provided telemarketing services for Defendant. The declaration states that Plaintiff "opted in" to receive marketing messages from Defendant. Plaintiff argues about the significance of the Birch Declaration to the merits of this litigation and asserts that the declaration shows Defendant's control over Yotpo.

Plaintiff also asks to file a reply to his Second Motion for Sanctions. His proposed reply reiterates and elaborates on the arguments made in that motion.

The Court declines to allow additional briefing. Plaintiff already improperly filed a Reply brief in violation of Local Rules. ECF No. 34; LR 26-3(c) ("Unless otherwise directed by the Court, a movant may not file a reply supporting a discovery motion."). The Birch Declaration does not bear on the questions before the Court, which can be resolved on the robust record already submitted. As to Plaintiff's request to file a reply, the Court has reviewed the record in this case and determined that further argument is not needed as to the issues before it. Plaintiff has had ample opportunity to present evidence and argue in support of any alleged malfeasance by Defendant. Plaintiff's motions for leave are denied.

**II.     Plaintiff's Motion for Attorney's Fees**

Plaintiff also moves for attorney's fees related to his Motion to Compel. Plaintiff's counsel spent 10.83 hours preparing the Motion to Compel and related documents. Paronich Decl. ¶ 8, ECF No. 29-3. Plaintiff seeks an hourly rate of $750 for a total of $8,125. *Id.* ¶ 9.

Plaintiff also seeks $5,850 in attorney's fees for the time spent preparing his motion for fees and sanctions. Plaintiff's counsel spent 7.8 hours drafting that motion and preparing the accompanying declaration. *Id.* ¶ 11.

When the court grants a motion to compel,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Defendant does not dispute the time Plaintiff's counsel took to prepare these motions, but argues that it would be unjust to assess fees against Defendant or its current counsel because the motions were necessitated by the acts and omissions of Attorney Cartee. This Court agrees. As Defendant notes, "this is a rare case of a party who was in the dark about pending discovery deadlines, but immediately acted to retain new counsel, [and] collect and produce all discovery in good faith." Def.'s Resp. 8, ECF No. 30. It is unclear what, if anything, happened to Attorney Cartee, so the Court cannot make a determination as to whether his noncompliance with his client's discovery duties was "substantially justified" or whether awarding expenses would otherwise be unjust. Plaintiff's motion for attorney's fees is denied, with leave to renew that motion if further information becomes available that bears on those questions.

### III.    Plaintiff's Motion for Sanctions

Plaintiff also moves for coercive sanctions, arguing that Defendant failed to comply with the Court's Order to produce materials responsive to Plaintiff's Document Request Nos. 16 and 17 by January 30, 2026.

Rule 37(b)(2)(A) allows the court to "issue further just orders" where a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Further, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "In the Ninth Circuit, sanctions are appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (citation omitted).

Plaintiff specifically takes issue with Defendant's failure to produce class-wide telemarketing data from Defendant's former vendor Yotpo. Plaintiff argues that coercive daily sanctions are warranted to ensure compliance and asks the Court to impose a sanction of $300 a day since February 1, 2026.

Defendant argues that the Court should not award sanctions because its delays were "substantially justified." Fed. R. Civ. P. 37(b)(2)(C). Defendant states that it "was not the custodian of these records," so "reproducing them from Yotpo required the assistance and cooperation of a third party." Def.'s Resp. 6. Defendant also notes that there is no evidence Plaintiff was prejudiced by this delay.

As noted above, Defendant's new counsel had about two weeks after being retained to confer with third party vendors and produce the class-wide discovery sought by the January 30, 2026 deadline. Defendant amended its responses and produced discovery by January 30, and

Page 6 — OPINION AND ORDER

then again amended its production in response to Plaintiff's newly stated arguments. As additional documents were produced from those vendors, Defendant provided updated responses within 17 days of the January 30, 2026 deadline. The Court notes that Defendant timely responded to Plaintiff's correspondence the same morning it was received, and that the issues raised appear to be good faith disputes or reasonable mistakes. *See* Jacoby Decl. Ex. 2, at 2.

The Court finds that sanctions are not warranted in these unique circumstances. These are not the "extreme circumstances" of "willfulness, bad faith, or fault" contemplated by the Ninth Circuit. *Combs*, 285 F.3d at 905. To the contrary, the record reflects that Defendant's new counsel worked diligently to provide timely responses and fulfill its discovery obligations pursuant to the Federal Rules and this Court's Order. Though imperfect and in some cases, slightly delayed, there is no evidence that those errors prejudiced Plaintiff or were due to the bad faith behavior of Defendant or its counsel. Given the challenging circumstances involving Defendant's legal representation and the use of third-party vendors, Defendant's "failure was substantially justified" and has since been cured such that no "further just orders" are needed by this Court. Fed. R. Civ. P. 37(b)(2)(A), (C). Plaintiff's first motion for sanctions is denied.

## IV.    Plaintiff's Second Motion for Sanctions

Plaintiff also brings a Second Motion for Sanctions. ECF No. 36. Plaintiff asks the Court to award $4,122.50 in fees for the preparation of that motion in addition to coercive daily sanctions of $300 per day until Defendant produces all records responsive to Document Request No. 17. Alternatively, Plaintiff asks the Court to sanction Defendant by precluding it from submitting any evidence from third party Yotpo of Plaintiff's consent to receive messages.

Rule 26(a)(1)(A)(ii) requires a party to produce "a copy . . . of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]" Fed. R. Civ. P.

Page 7 — OPINION AND ORDER

26(a)(1)(A)(ii). "A corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls." *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). "Control is defined as the legal right to obtain documents upon demand." *Id.* "The party seeking production of the documents . . . bears the burden of proving that the opposing party has such control." *Id.* "When a party fails to disclose information required by Rule 26, Rule 37(c)(1) provides that the improperly withheld information should be excluded, unless the failure to disclose is 'substantially justified or harmless.'" *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821 (9th Cir. 2019) (quoting Fed. R. Civ. P. 37(c)(1)).

Here, the parties dispute whether Defendant has produced documents responsive to Document Request No. 17. As noted, that request sought "evidence of written consent to make calls." Op. & Order 4-5, ECF No. 17. Defendant intends to rely on evidence of Plaintiff's consent to receive text messages through records from popups on Defendant's website that prompt customers to enter their phone numbers to receive special offers. Defendant represents that those records are maintained by a third party, Yotpo, and are not within Defendant's possession, custody, or control. Plaintiff argues that that assertion is not credible because Defendant was able to procure calling records from Yotpo.

Plaintiff avers that "no documents responsive to Request No. 17 have been produced at any point in the litigation." Second Mot. Sanctions 3. In contrast to Plaintiff's representation, Defendant submits evidence that Defendant "has provided significant discovery to Plaintiff including contacting nonparty vendors and producing at least 560 pages of discovery including evidence of how Defendant received consent from consumers and multiple lengthy spreadsheets of messages sent by nonparty marketing vendors, Yotpo and Klaviyo." Shechter Decl. ¶ 2, ECF

Page 8 — OPINION AND ORDER

No. 40. Defendant produced specific evidence to support its assertion that Plaintiff consented to receive the messages at issue. *Id.* ¶ 4. Defendant also asked Plaintiff to clarify which additional records Plaintiff sought from Yotpo, but Plaintiff refused and continued to assert that Defendant has control over Yotpo's records and was out of compliance with this Court's Order. *Id.* ¶ 6.

Additionally, Defendant submits a letter from Yotpo's legal counsel, Alan Birch, where Birch states that Yotpo does not use an Automatic Telephone Dialing System ("ATDS") and therefore "text messages initiated using Yotpo are not subject to the TCPA." Shechter Decl. Ex. A, ECF No. 40-1; *see also* Shechter Decl. ¶ 3 ("Defendant provided Plaintiff with records that Plaintiff consented to receiving the text messages at issue in the Complaint and that Yotpo, Inc. does not use an ATDS system.").

Plaintiff's Second Motion for Sanctions is denied. Plaintiff fails to meet its burden to show that records from Yotpo, a nonparty marketing vendor, are within Defendant's possession, custody, or control. Plaintiff's argument, in essence, is that because Defendant was able to obtain some records from Yotpo, Defendant has control over Yotpo. This argument fails. Further, to the extent Defendant has a right to obtain records from Yotpo, evidence shows that Defendant has engaged in that process and provided to Plaintiff information relevant to Document Request No. 17. That evidence raises significant questions as to whether Plaintiff consented to receive text messages from Defendant as well as whether those messages are governed by the TCPA at all. *See* Shechter Decl. Exs. A, E, ECF Nos. 40-1, 40-5. Accordingly, the Court finds that Defendant's failure to provide documents is substantially justified and does not warrant the extreme imposition of sanctions requested by Plaintiff.

## V.     Defendant's Motion to Terminate Appearance of Attorney Cartee

Finally, Defendant moves to terminate the *pro hac vice* appearance of Attorney Anthony Cartee, who for unknown reasons has not communicated with the parties or their attorneys since

October 2025. This motion is granted. *See* LR 83-11 (allowing for a motion to withdraw where an attorney "ceases to act").

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Leave to File Supplemental Materials, ECF No. 38, and Motion for Leave to File a Reply, ECF No. 42, are DENIED. Plaintiff's Motion for Attorney's Fees and Sanctions, ECF No. 29, is DENIED. Plaintiff's Second Motion for Sanctions, ECF No. 36, is also DENIED. Defendant's Motion for Termination of Pro Hac Vice Counsel, ECF No. 33, is GRANTED.

DATED this 8th day of July 2026.

_____
MUSTAFA T. KASUBHAI (he/him)
United States District Judge