Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
*Attorney for Plaintiff and the Proposed Class*

Kevin J. Jacoby, OSB No. 063783
kevin@saltlawgroup.com
Adam F. Summerfield, *Pro Hac Vice*
adam@saltlawgroup.com
Christin Grieser, OSB No. 262826
chrisitng@saltlawgroup.com
SALT
100 SW Main St, Ste 1025
Portland, OR 97204
503-417-7777
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of a class of all persons and entities similarly situated, | |
| Plaintiff | Case No. 6:25-cv-00855-MC |
| vs. | |
| MAH GROUP, INC. | JOINT STATUS REPORT |
| Defendant. | TCPA (47 U.S.C. § 227) CLASS ACTION DEMAND FOR JURY TRIAL |

Joint Status Report                              1

**JOINT STATUS REPORT**

Pursuant to this Court's Order of July 8, 2026 (ECF No. 53), Plaintiff Chet Michael Wilson and Defendant MAH Group, Inc. jointly submit this Status Report describing the discovery disputes that remain between the parties and stating each party's position as to whether a status conference or further Court action is requested.

## I.    PROCEDURAL POSTURE

On July 8, 2026, following the parties' submissions under Judge Kasubhai's informal discovery dispute process, the Court entered an Order that (1) authorized the parties to subpoena Comcast for information concerning Plaintiff's alleged consent to receive the messages at issue; (2) addressed Defendant's request for a stay pending receipt of consent-related materials and Plaintiff's request to compel supplementation; and (3) denied Plaintiff's motions for sanctions as to the remaining issues raised in the parties' correspondence. The Court directed the parties to file this Joint Status Report within thirty days. Fact discovery is presently set to close on August 27, 2026. The Court has scheduled a status conference for all fourteen of Mr. Wilson's TCPA cases currently pending in the U.S. District Court for the District of Oregon on August 18, 2026.

## II.    PLAINTIFF'S POSITION

### A.    The Yotpo Consent Data and Plaintiff's Rule 45 Subpoena

The central remaining dispute concerns consent records held by Yotpo, the third-party platform Defendant used to transmit the text messages at issue. Following the Court's resolution of the parties' informal discovery dispute, Plaintiff has issued a Rule 45 subpoena to Yotpo to obtain those records directly. A copy of the subpoena has been provided to Defendant and is currently out for service to Yotpo.

Plaintiff does not anticipate that this subpoena will require Court intervention unless Yotpo objects or fails to comply. Plaintiff notes, however, that Defendant has stated its position that it desired to confer regarding the subpoena's topics and that the subpoena is untimely. Plaintiff respectfully disagrees on both points. Rule 45 does not condition a subpoena to a non-party on the consent of an opposing party, and Yotpo retains its own remedies should it object to the scope of the requests. As to timing, Plaintiff has sought this same category of records since the Court's December 17, 2025 Order, first from Defendant directly and then through the informal discovery dispute process and partially on a motion to compel. Now that the question of Defendant's control over the Yotpo consent records has been resolved, a subpoena directed to Yotpo is the appropriate mechanism to obtain them, as Judge Kasubhai himself recognized in the order denying the motion to compel. (ECF 52 at 8-9).

**B.      Plaintiff's Request to Compel Supplementation of RFP No. 9 (Communications Concerning the Birch Declaration)**

A dispute the parties submitted through Judge Kasubhai's informal discovery dispute process in April remains unresolved. Plaintiff's Request for Production No. 9 seeks "All communications with any third party that dialed the calls to the Plaintiff," that is, Yotpo. Defendant responded on September 19, 2025 with objections that the request was vague, ambiguous, overly broad, and "improperly call[ed] for documents that may be protected as work product, specifically as to 'internal communications.'" On January 30, 2026, Defendant served an amended response repeating those objections and producing an email chain between Defendant and Yotpo, Bates-numbered MAH000229-MAH000232. On April 1, 2026, Defendant obtained and served on Plaintiff a declaration signed by Yotpo's general counsel, Alan Birch. Defendant has declined to produce the communications with Yotpo through which that declaration was solicited and obtained, asserting that they constitute attorney work product

Joint Status Report                           3

because the declaration was requested from Yotpo by Defendant's counsel. Defendant has also declined to produce a privilege log identifying the withheld materials, on the theory that materials it deems non-discoverable in the first instance need not be logged.

As more fully outlined in the Parties' Joint Discovery Dispute correspondence that remained pending before Judge Kasubhai before the case was reassigned, Plaintiff's position is that Defendant has produced other communications with Yotpo responsive to this same request without logging or withholding them, and that its blanket refusal to produce any log as to the withheld communications is foreclosed by Rule 26(b)(5), which requires a party withholding otherwise responsive material on privilege grounds to provide a description of the withheld material to allow the requesting party to assess the claim of privilege. Plaintiff further contends that the underlying factual communications by which Yotpo's counsel was asked to confirm the provenance and meaning of the subscriber data are not shielded by Rule 26(b)(3), particularly where Defendant has affirmatively placed that declaration and the data underlying it at issue.

The parties completed their submissions on this dispute on April 9, 2026, and the Court advised that no further briefing would be permitted and that a telephonic hearing would be scheduled if the dispute could not be resolved by correspondence. The Court's subsequent Order did not expressly rule on Plaintiff's request to compel supplementation of RFP No. 9. Plaintiff respectfully requests a ruling on that request, or in the alternative further direction from the Court.

### C.    Defendant's Asserted Deficiencies in Plaintiff's Discovery Responses

Defendant has served a letter identifying asserted deficiencies in Plaintiff's responses to written discovery. Plaintiff's counsel is reviewing those assertions with Plaintiff and will provide an initial written substantive response by the July 31, 2026 deadline in that letter. Plaintiff is

Joint Status Report                                    4

prepared to confer promptly thereafter as to any items that remain in dispute. Plaintiff notes that counsel principally responsible for this discovery dispute in this matter is presently in trial. Plaintiff anticipates that most or all of the asserted deficiencies can be resolved without Court involvement and does not presently request relief on this issue.

Plaintiff intends to respond to Defendant's positions more fully in response to any discovery motions practice, but the Plaintiff's complete wholesale phone records are invasive of his privacy and not proportional to the needs of the case. It is not Plaintiff's position that obtaining such records is unduly burdensome, but rather that the Plaintiff's privacy interests outweigh the additional burden and scope that these requests impose. Given that the TCPA is a remedial statute implicating significant personal privacy concerns, the Plaintiff's other call records are simply not relevant, and the information sought is clearly not proportional to the needs of the case. They include calls to family, friends, acquaintances, counsel, privileged calls, and other records of a highly-sensitive and personal nature. In *Roth v. PTGMB LLC*, No. 1:20-CV-00231-SAB, 2020 WL 5820611, at *8 (E.D. Cal. Sept. 30, 2020), for example the Court refused to compel calling records from 2016 when the calls were made in 2019. Other courts have limited call records to some shorter period than the extensive period sought here, such as the day of the calls at issue. *See, e.g.*, *Kizer v. Starr Indem. & Liab. Co.*, No. CIV-18-846-D, 2019 WL 2017556, at *3 (W.D. Okla. May 6, 2019) (compelling production of 26 hours of telephone records to show negligence in an auto accident); *Clark v. Johnson*, No. 14-CV-582-JED-PJC, 2015 WL 4694045, at *3 (N.D. Okla. Aug. 6, 2015) (compelling a single hour of records to show negligence and divorce information); *Clay v. Lambert*, No. 17-CV-00085-PAB-MEH, 2017 WL 4755152, at *1 (D. Colo. Oct. 20, 2017) (quashing and modifying subpoena for call records to one day before to one day after an accident).

Joint Status Report                                    5

Next, Mr. Wilson has already provided all business-related social media postings containing his telephone number within his possession, care, custody, and control and is currently conducting a search for additional documents. Plaintiff has suggested that he is willing to utilize mutually agreeable search terms to aid in this search and alleviate the burden of manually reviewing all of Mr. Wilson's social media posts, but Defendant has not provided proposed search terms. To the extent Mr. Wilson's social media postings are relevant to determining the degree of his alleged business use of his number, Plaintiff continues to search for responsive documents, even in the absence of such terms. Plaintiff is in the possession of at least one deposition transcript that he will produce.

Relatedly, the Plaintiff's wholesale discovery responses in his other litigation is not proportional to the needs of this case, in addition to implicating discovery subject to confidentiality or protective orders. *See, e.g.*, *Scherer v. FCA US, LLC*, 538 F. Supp. 3d 1002, 1008 (S.D. Cal. 2021) ("Plaintiff may not simply request every document produced in the Moran litigation but if documents that are responsive to Plaintiffs' discovery requests also were produced in the Moran Class Action, Defendant must produce them in this case."); *Rose v. Bank of Am., N.A.*, No. 2:16-CV-00122-SAB, 2017 WL 1197822, at *6 (E.D. Wash. Mar. 30, 2017) (plaintiffs' request for other complaints filed against defendant for the FDCPA was disproportionate to the claims at issue in the case at bar). Being that proportionality is measured in terms of the marginal utility of the discovery being sought, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 314 n.11 (D. Nev. 2019), Plaintiff stands by his objections.

### D.    Rule 30(b)(6) Deposition Topics

Plaintiff has noticed a Rule 30(b)(6) deposition of Defendant. Defendant served objections to the subjects and topics identified in that notice approximately two months ago, and

Joint Status Report                    6

the deposition has not yet gone forward. Plaintiff is working through those objections and has proposed that the parties confer on them once this Report is filed and the Court holds its status conference.

Plaintiff notes that the posture of several topics was affected by the Court's resolution of the parties' disputes concerning the Yotpo consent records. Now that the Court has declined to compel that category of records from Defendant, the parties' conferral will need to account for that development, and Plaintiff anticipates that the scope of some topics can be narrowed accordingly. The parties are conferring in good faith on this issue, but Defendant's position is untenable particularly given the fact it has had the subject topics for months, had sought a stay of discovery, and the parties agreed to table discussion of the topics until the Court resolved the parties' outstanding discovery disputes, which the Court did only recently. Plaintiff notes, however, that it appears the deposition cannot realistically be completed before the August 27, 2026 discovery deadline, which bears on the extension requested in Section II.E below.

E.    **Extension of the Fact Discovery Deadline**

Plaintiff respectfully requests that the Court extend the August 27, 2026 fact discovery deadline by sixty days. The requested extension is necessary to permit Yotpo to respond to Plaintiff's Rule 45 subpoena, to permit the parties to complete the conferral described above regarding Plaintiff's discovery responses and Defendant's Rule 30(b)(6) topics, and to complete the depositions that remain outstanding. Indeed, it was Defendant itself that requested a stay of discovery and proceedings pending the outcome of the Comcast subpoena and other discovery centered on putative consent. And Judge Kasubhai's prior Order contemplated that the rulings on the parties' discovery disputes might generate additional discovery or require additional time to complete it, and that is the situation the parties now face. Plaintiff submits that the requested

Joint Status Report                    7

extension is modest, is sought for the purpose of completing discovery rather than delaying it, particularly in light of the Court's ruling and upcoming status conference, and will not affect any trial date. Defendant opposes this request. Its position is set forth below. Contrary to Defendant's position, Plaintiff does intend to seek class certification and requires the additional time to, without limitation (1) obtain responsive information from Yotpo from his subpoena and (2) conduct the aforementioned 30(b)(6) deposition of the Defendant's corporate designee.

## III.    DEFENDANT'S POSITION

### A.    The Yotpo Consent Data and Plaintiff's Rule 45 Subpoena

Defendant is empowered to challenge Plaintiff's Rule 45 Subpoena because it seeks information for which MAH claims privilege, proprietary interests, and personal interests. The Yotpo Subpoena contains 33 requests and includes requests for communications that Defendant's Counsel has expressly stated to Plaintiff's Counsel is privileged. Defendant further objects to class-related discovery until the Court determines Freeway's motion to deny class certification.

### B.    Plaintiff's Request to Compel Supplementation of RFP No. 9 (Communications Concerning the Birch Declaration)

Communications concerning the Birch Declaration were entirely between Defendant's Counsel and a third-party witness, Yotpo's in-house counsel, during the course of litigation and therefore is not responsive to discovery requests pursuant to FRCP 26(b)(3)(A). Prior production of communications between the Defendant and that same third party that *were* responsive to RFP No. 9, occurred prior to the filing of the litigation, and did not include Defendant's Counsel, has no bearing on the responsiveness of communications surrounding the Birch Declaration. Defendant requests that the Court deny Plaintiff's informal discovery dispute.

Joint Status Report                              8

### C.    Defendant's Asserted Deficiencies in Plaintiff's Discovery Responses

Defendant anticipates that action by the Court will be needed. A synopsis is provided below and Defendant is ready and willing to provide further briefing as the Court deems appropriate.

Defendant's First RFP was served on May 19, 2026. Plaintiff provided Responses and Objections on June 26, 2026. Defendant provided a Deficiency Letter on July 20, 2026, requesting supplemental production or a conferral by July 31. On July 23, 2026, Mr. Perrong agreed to confer with Defendant's Counsel the following week. On July 24, 2026, Dana Oliver, an attorney from California with no prior association to the case, emailed indicating that (1) he would be taking over Plaintiff's production responsibilities and (2) that he would not be available until after August 17, 2026. Defendant's Counsel promptly responded and stated that was unacceptable due to the necessity of filing a fulsome Joint Status Report by August 7. After some back and forth, a conferral was held on July 30, 2026. After Conferral, the current disputes are as follows.

Defendant's RFP No. 2 seeks "Copies of all phone bills for all phone numbers associated with the Plaintiff from September 2024 – present." Mr. Wilson provided redacted phone bills with no explanation for the redactions. Defendant asked for supplemental production with unredacted phone bills, none were provided. During conferral the reasoning provided by Plaintiff's counsel was that the redacted portions contain Mr. Wilson's call logs which are customer proprietary network information (CPNI) protected pursuant to 47 CFR 64.2010. Though too long to provide in full, that CFR is directed specifically to "telecommunication carriers" and concerns "unauthorized access to CPNI." Nothing within the statute addresses whether a party's phone records are discoverable. Facially, it is unclear what protection this

Joint Status Report                    9

regulation provides to Mr. Wilson's phone records which he has put directly at issue in this case because they provide evidence as to whether the primary use of his phone is personal as he alleges in his Complaint. Mr. Wilson regularly provides his phone number publicly for the purpose of seeking work from and offering work to others. During conferral, an additional objection was made that providing the unredacted phone bills was overly burdensome. It is patently unclear to Defendant how Plaintiff producing documents in an unaltered state, that have previously been provided in an altered state is burdensome. Defendant notes that the *only* objection included in Plaintiff's Response to RFP No. 2 was "Plaintiff objects to this request to the extent it seeks phone bills for periods beyond the allegations at issue in this action because such documents are not relevant to the claims or defenses and are not proportional to the needs of the case." Meaning that in addition to 47 CFR 64.2010 being substantively invalid, it and all other objections have been waived.

Plaintiff's case law arguments were raised for the first time after reviewing Defendant's draft position statement on this Joint Status Report. As such, they are not timely brought. *See* Fed. R. Civ. Proc., R. 34(b)(2)(A)-(D). Recognizing that this is not the appropriate filing for making lengthy legal arguments, Defendant will keep its response narrow. Plaintiff cites to one TCPA case, *Roth v. PTGMB LLC*, No., 2020 WL 5820611 (E.D. Cal. 2020), in which the discovery dispute related to records that (1) the requesting party had equal access to; and (2) were outside the time at issue. *Roth* is inapplicable as MAH (1) does not have access to unredacted copies of Mr. Wilson's phone bills; and (2) the requested records are within Mr. Wilson's chosen class period of May 19, 2021 – class certification. All other citations were to personal injury actions for car accidents that involved subpoenas to third parties for cell phone records in order to establish what impact, if any, cell phone use had on the accident. These cases

Joint Status Report                                    10

are inapposite; Defendant is simply requesting Plaintiff's unredacted cell phone bills in a case where the Plaintiff has put his overall cell phone use at issue by asserting the number was solely for personal use.

Defendant's RFP No. 4 seeks "Documentation of all Your social media posts that include and/or mention 541-999-9999 from January 2023-present." Plaintiff provided some documentation and objected to fulsome production because the request is overly burdensome and documents are "publicly available and equally accessible to Defendant." However, not all of Plaintiff's social media accounts are publicly available. Despite this, during conferral, Plaintiff's counsel continued to assert that no further production was necessary. Defendant's position is that fulsome discovery is necessary because social media is one of the primary places that Mr. Wilson provides his phone number publicly for the purpose of seeking work from and offering work to others. Plaintiff's position statement appears to be an attempt to re-frame the request into "all business-related social media postings containing his telephone number." However, that is not the request. It is unclear to Defendant if Plaintiff is continuing to search his social media for all posts which include or mention his phone number or if additional documents are forthcoming.

Defendant's RFP No. 9 seeks "All documents between Plaintiff and any third party related to any TCPA litigation Plaintiff has filed in any jurisdiction." Plaintiff objected and Defendant narrowed the request to "(1) transcripts for and exhibits to all depositions for which Mr. Wilson has sat in those actions and (2) all discovery that Mr. Wilson has produced in those actions." During conferral, Plaintiff's counsel stated that Mr. Wilson was unable to produce copies of prior depositions and exhibits because not only did Mr. Wilson not have copies, but his counsel, Mr. Perrong, Mr. Oliver, and Mr. Paronich also do not have copies. As to producing discovery that Mr. Wilson has produced in his other TCPA cases, Plaintiff's counsel continues to

Joint Status Report                                11

assert that it is "overly broad, unduly burdensome, and not proportional to the needs of the case." Defendant asserts that among other things, it is within the scope of Rule 26 as the issues in the other TCPA cases are almost identical to those in Defendant's suit particularly as it relates to Plaintiff's allegation that he uses his telephone number primarily for personal or household purposes and as to Plaintiff's suitability to serve as class representative of a putative class.

Plaintiff's case law arguments are again untimely and Defendant will respond narrowly. In *Scherer v. FCA US, LLC*, 538 F. Supp. 3d 1002, 1008 (S.D. Cal. 2021) a single plaintiff sought production of all documents that the defendant company had produced in a class action case. That Court granted the motion but narrowed it to documents that were related to the issues in the plaintiff's case. Defendant has already limited its request and explained how the issues between the cases overlap. Plaintiff's case law thus ***supports*** Mr. Wilson producing documents. The Court's refusal to compel production of other complaints filed against the defendant in *Rose v. Bank of Am., N.A.*, 2017 WL 1197822 (E.D. Wash. 2017) was based largely on the fact that the suit was not a class action, which would allow for broader discovery demands, but was (again) brought by a single plaintiff, thus less burdensome discovery was appropriate. Again, Plaintiff's provided case law ***supports*** Mr. Wilson producing documents.  In *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306 (D. Nev. 2019), the Court considered a defendant's motion to compel that involved *re-deposing* three witnesses as part of an attempt to determine how the plaintiff was funding the litigation against it for price-fixing. Those facts are a far cry from these where a class action defendant is requesting a plaintiff's previously produced records in suits with nearly identical issues.

Defendant has recently determined there is an additional deficiency in Plaintiff's production and has sent a notification letter to Plaintiff's counsel. The parties have not yet

Joint Status Report                                   12

completed the conferral process for that deficiency and no action is needed from the Court at this time.

### D.    Rule 30(b)(6) Deposition Topics

On May 24, 2026, three days prior to the scheduled close of discovery, Plaintiff's counsel requested dates for a Rule 30(b)(6) Deposition based on a Notice that had circulated previously but had been withdrawn. Two days later Defendant's counsel responded with objections to the topics that detailed the lack of particularity in each of the 24 designated topics. Despite the Court extending the discovery deadlines, there was no response and no conferral requested. Two months later, on July 27, 2026, Plaintiff informed Defendant that counsel was still working through the objections and would like to confer after August 18, 2026. Fact Discovery is scheduled to close on August 27, 2026.

Defendant admits that it had requested a stay on discovery until Comcast responded to a subpoena, because the response had the potential to fully dispose of the case. Comcast responded that the information sought was no longer available and Defendant informed Plaintiff of this on May 20, 2026. A discovery extension was requested the next day, prior to Plaintiff's counsel even requesting dates for the Deposition. The Court granted the request on June 11, 2026, resulting in the current August 27 deadline. After providing its objections to the Rule 30(b)(6) Deposition topics on May 26, Defendant had no discussion with Plaintiff regarding a plan or agreement to "table discussion of the topics" until the Court resolved other discovery disputes. Even if Plaintiff unilaterally made that decision, the disputes at issue in May were resolved on July 8, 2026, providing sufficient time for conferral and scheduling prior to August 27.

At this time no further Court action is requested. Defendant's position is that Plaintiff's withdrawal of the notice, and renewed conferral on deposition dates just prior to a discovery

deadline, and delay in responding to or conferring on objections until just prior to an extended discovery deadline does not provide colorable grounds for yet another extension of discovery deadlines. As the case docket indicates, Plaintiff has a history of vigorously advocating for discovery when it suits him.

### E.     Extension of the Fact Discovery Deadline

Defendant objects to the extension of the fact discovery deadline as Plaintiff has already been provided fulsome discovery as to his claims and class claims. Discovery has been progressing for more than a year. Extending the deadline due to Plaintiff's failure to timely respond to objections or request additional information would cause unnecessary delay. If Plaintiff does not have sufficient information to pursue class certification at this stage, perhaps he may need to reconsider the viability of his claims, although Defense Counsel is doubtful that Plaintiff has any sincere intention to seek class certification. Defendant additionally objects to moving the deadline to allow for more discovery because Plaintiff has never successfully certified a class in any of his 70+ TCPA litigations. His preferred method of addressing TCPA litigation is harassment followed by an individual settlement. *See generally Wilson v. Freeway Insurance*, Case No. 6:25-cv-1869-MC, Motion to Deny Class Certification, ECF 19 (May 16, 2026).

### G.     Comcast Subpoena

Defendant's request for a stay pending the results of the Comcast subpoena related to Plaintiff's IP address has been mooted. Comcast has informed Defendant that it only keeps this information for 180 days and as such there are no records available for January 1, 2025.

Joint Status Report                                    14

## IV.    WHETHER A STATUS CONFERENCE OR FURTHER COURT ACTION IS REQUESTED

Plaintiff respectfully requests that the Court (1) extend the fact discovery deadline by sixty days, and (2) address any remaining matters or disputes at the status conference already scheduled for August 18, 2026.

Defendant requests that the Court leave all pending discovery deadlines as they currently stand.  The Court has already twice continued the various dates and deadlines in this case, and Defendant does not believe further alteration is necessary at this time.  However, if the Court wishes additional information or for the parties to confer further on this point, Defendant proposes that the parties meet and confer prior to the August 18, 2026 conference and address any remaining disputes with the Court at that time.

DATED:  August 7, 2026                    **PERRONG LAW LLC**

By: */s/ Andrew R. Perrong*
    Andrew R. Perrong, OSB No. 243320
    a@perronglaw.com
    *Attorneys for Plaintiff and Proposed Class*

DATED:  August 7, 2026                    **SALT**

By: */s/ Christin Grieser*
    Kevin J. Jacoby, OSB No. 063783
    kevin@saltlawgroup.com
    Adam F. Summerfield, *Pro Hac Vice*
    adam@saltlawgroup.com
    Christin Grieser, OSB No. 262826
    christing@saltlawgroup.com
    *Attorneys for Defendant*